# **EXHIBIT 6**



NEW YORK, NY
LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE

780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

**TELEPHONE: 212/561 7700**

FACSIMILE: 212/561 7777

LOS ANGELES
10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067

**TELEPHONE: 310/277 6910**

FACSIMILE: 310/201 0760

SAN FRANCISCO
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

**TELEPHONE: 415/263 7000**

FACSIMILE: 415/263 7010

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

**TELEPHONE: 302/652 4100**

FACSIMILE: 302/652 4400

WEB: www.pszjlaw.com

Gregory Demo

December 24, 2020

212-561-7700
gdemo@pszjlaw.com

**Via E-mail**

James A. Wright III
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111

A. Lee Hogewood III
K&L Gates LLP
4350 Lassiter at North Hills Ave.
Suite 300
Raleigh, North Carolina 27609

   **Re:**  ***In re Highland Capital Management, L.P.*, Case No. 19-34054-sgj (Bankr. N.D. Tex)**

Dear Counsel:

  As you know, we represent Highland Capital Management, L.P. (the "Debtor"), the debtor-in-possession in the above-captioned bankruptcy case.

  On December 8, 2020, your firm filed that certain *Motion for Order Imposing Temporary Restrictions on Debtor's Ability, as Portfolio Manager, to Initiate Sales by Non-Debtor CLO Vehicles* [D.I. 1528] (the "Motion")[1] on behalf of Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., Highland Income Fund, NexPoint Strategic Opportunities Fund, and NexPoint Capital, Inc. (collectively, the "Movants"). After hearing the sworn testimony of the Movants' witness and the arguments made on the Movants' behalf, Judge Jernigan found that the Motion was "a very, very frivolous motion" and that your firm "wasted [her]

---

[1] All capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

DOCS_NY:41827.7 36027/002



James A. Wright III
A. Lee Hogewood III
December 24, 2020
Page 2

time." (Transcript, 64:5-12) An order was entered denying the Motion on December 18, 2020 [D.I. 1605].

On December 22, we received the letter attached as Exhibit A (the "Letter") from your firm on behalf of the Movants and CLO Holdco, Ltd. (an entity affiliated with James Dondero) re-asserting almost verbatim the frivolous arguments raised in the Motion. Concurrently, we received notice that certain of the Movants' employees would not settle trades on behalf of the CLOs that were authorized by the Debtor acting in its capacity as the CLOs' portfolio manager. The Movants' employees who interfered with the Debtor's directions justified their conduct by asserting – again almost verbatim – the frivolous arguments raised in the Motion.

The Movants have caused the Debtor to incur substantial costs defending itself against the Motion and preparing to defend against the frivolous suits forecasted in the Letter. The Debtor demands that the Movants withdraw the letter by 5:00 p.m. CT on Monday, December 28, 2020, and confirm that the Movants and anyone acting on their behalf will take no further steps to interfere with the Debtor's directions as the CLOs' portfolio manager. If the Movants fail to timely comply with these demands, the Debtor shall seek prompt judicial relief, including seeking sanctions under Federal Rule of Bankruptcy Procedure 9011.

The Debtor reserves all rights it may have, whether in law equity, or contract, including the right to seek reimbursement of any and all fees and expenses incurred in seeking sanctions.

Please feel free to contact me with any questions.

Sincerely,

Gregory Demo

Enclosure
cc: Jeffrey Pomerantz, Esq.
      Ira Kharasch, Esq.
      John Morris, Esq.
      John J. Kane, Esq.

DOCS_NY:41827.7 36027/002

# Exhibit A



December 22, 2020

A. Lee Hogewood, III
Lee.hogewood@klgates.com

T: 1-919-743-7306

Jeffrey N. Pomerantz
Ira D. Kharasch
John A. Morris
Gregory V. Demo
Hayley R. Winograd
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067

Dear Counsel:

    I am writing to you on behalf of our clients Highland Capital Management Fund Advisors, L.P. ("HMCFA") and NexPoint Advisors, L.P. ("NexPoint", and together with HCMFA, the "Advisors"), and Highland Income Fund, NexPoint Strategic Opportunities Fund, and NexPoint Capital, Inc. (together, the "Funds"). CLO Holdco, Ltd. ("CLO Holdco") whose counsel is copied below, joins in this notice and request.

    As you are aware, certain registered investment companies and a business development company managed by either NexPoint or HCMFA own preference shares in many of the CLOs. In the following cases those companies own a majority of such shares[1]:

- Stratford CLO, Ltd. 69.05%
- Grayson CLO, Ltd. 60.47%
- Greenbriar CLO, Ltd. 53.44%

---

[1] These ownership percentages are derived from information provided by the Debtor. If the Debtor contends that the ownership percentages are inaccurate, please inform us of the Debtor's differing calculations.

308494123.3

December 22, 2020
Page 2

In other cases, such companies in combination with CLO Holdco hold all, a super-majority, or a majority of the preference shares in the following CLOs:

- Liberty CLO, Ltd. 70.43%
- Stratford CLO, Ltd. 69.05%*[2]
- Aberdeen Loan Funding, Ltd. 64.58%
- Grayson CLO, Ltd. 61.65%*
- Westchester CLO, Ltd. 58.13%
- Rockwall CDO, Ltd. 55.75%
- Brentwood CLO, Ltd. 55.74%
- Greenbriar CLO, Ltd. 53.44%*

Additionally, such companies own significant minority stakes in the following CLO's:

- Eastland CLO, Ltd. 41.69%
- Red River CLO, Ltd. 33.33%

The ownerships described above represent in many cases the total remaining outstanding interests in such CLOs, because the noteholders have been paid in full. In others, the remaining noteholders represent only a small percentage of remaining interests. Thus, the economic ownership of the registered investment companies, business development company, and CLO Holdco largely represent the investors in the CLOs identified above.

Contractually, the Debtor is obligated to maximize value for the benefit of the preference shareholders. Accordingly, we respectfully request that no further dispositions of CLO interests occur pending the confirmation hearing. While we recognize the Court denied the Advisor and Funds motion on this subject, the Court did not require liquidations occur immediately, and we reserve all rights to and remedies against the Debtor should the Debtor continue to liquidate CLO interests in contravention of this joint request. Given the Advisor, Funds, and CLO Holdco's requests, it is difficult to understand the Debtor's rationale for continued liquidations, or the benefit to the Debtor from pursuing those sales.

As you know, HCMLP's duties are set forth in the portfolio management agreements of the CLOs, which themselves have been adopted under the Investment Advisers Act of 1940 ("Advisers Act"). As HCMLP readily admits, it is: (i) terminating employees on January 31, 2021, which will result in a loss of the employees that have traditionally serviced those CLOs; (ii) ignoring the requests of the Advisors, Funds, and CLO Holdco, which together account for all or a majority of interests in certain CLOs, and selling assets of those CLOs prior to plan-confirmation; and (iii) adding a replacement manager as subadviser prior to January 31, 2021. The Advisors, Funds, and CLO Holdco assert that those actions run in contravention to HCMLP's duty to maximize value for the holders of preference shares and thus what HCMLP has agreed to under the portfolio management agreement, as well as its duties under the Advisers Act, which ultimately will adversely impact the economic owners noted above.

---

[2] CLO's marked with an asterisk (*) appear in the foregoing list as well.

308494123.3

December 22, 2020<br>Page 3

      For the forgoing and other reasons, we request that no further CLO transactions occur at least until the issues raised by and addressed in the Debtor's plan are resolved at the confirmation hearing.

Sincerely,

*A. Lee Hogewood, III*

A. Lee Hogewood, III