# EXHIBIT LL

CLASS E CERTIFICATE PAYING AGENCY AGREEMENT

(Relating to the Issuer's Class E Certificates, Par Value U.S.$0.01 Per Certificate)

between

LIBERTY CLO, LTD.

as Issuer

and

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

as Class E Certificate Paying Agent

Dated as of December 8, 2005

## TABLE OF CONTENTS

ARTICLE I      DEFINITIONS ...................................................................................1

    Section 1.1      Definitions ................................................................1

    Section 1.2      Interpretation. ..........................................................5

ARTICLE II      THE CLASS E CERTIFICATES..........................................................6

    Section 2.1      Issuance of Class E Certificates................................6

    Section 2.2      Form of Certificates..................................................9

    Section 2.3      Initial Offering; Transfer ..........................................9

    Section 2.4      Representations of Holders of Interests in Global Certificates.................................................................9

    Section 2.5      Authorized Number of Class E Certificates; Minimum Purchase; No Fractional Class E Certificates .........15

    Section 2.6      Execution, Delivery and Dating ..............................15

    Section 2.7      Registration, Registration of Transfer and Exchange.............16

    Section 2.8      Mutilated, Defaced, Destroyed, Lost or Stolen Class E Certificates.................................................................22

    Section 2.9      Class E Certificate Distribution Accounts; Dividends and any Final Distribution on Class E Certificates.................23

    Section 2.10      Persons Deemed Owners ........................................26

    Section 2.11      Cancellation ............................................................27

    Section 2.12      Required Sale of Class E Certificates by Holder Upon Occurrence of Certain Circumstances .....................27

ARTICLE III      THE CLASS E CERTIFICATE PAYING AGENT ..........................28

    Section 3.1      Certain Duties and Responsibilities.........................28

    Section 3.2      Rights of Class E Certificate Paying Agent.............29

    Section 3.3      Class E Certificate Paying Agent May Own Class E Certificates.................................................................31

    Section 3.4      Class E Certificate Paying Agent's Disclaimer.....................31

    Section 3.5      Money Held in Trust................................................31

    Section 3.6      Compensation; Reimbursement; Indemnity ............32

    Section 3.7      Eligibility; Disqualification .....................................33

    Section 3.8      Resignation and Removal; Appointment of Successor ..........33

    Section 3.9      Acceptance of Appointment by Successor ..............35

i

Section 3.10    Merger, Conversion, Consolidation or Succession to Business of Class E Certificate Paying Agent.........................36

Section 3.11    Withholding...........................................................................36

Section 3.12    Non-Petition..........................................................................37

Section 3.13    Assignment of Rights; Not Assumption of Duties.................37

Section 3.14    Representations of the Class E Certificate Paying Agent.......38

ARTICLE IV    DELIVERY OF THE CLASS E CERTIFICATE CERTIFICATES; OTHER COVENANTS..........................................39

Section 4.1    Maintenance of Office or Agency............................................39

Section 4.2    Delivery of Copies of Articles and Class E Certificate Paying Agency Agreement........................................................39

Section 4.3    Certain Tax Matters.................................................................39

Section 4.4    Additional Class E Certificates...............................................41

ARTICLE V    AMENDMENTS TO INDENTURE.......................................43

Section 5.1    Supplemental Indentures.........................................................43

ARTICLE VI    REDEMPTION OF CLASS E CERTIFICATES; LIQUIDATION OF THE ISSUER.........................................43

Section 6.1    Optional Redemption of Notes................................................43

Section 6.2    Mandatory Redemption of Class E Certificates......................43

Section 6.3    Optional Redemption of Class E Certificates.........................43

Section 6.4    Notice to Class E Certificateholders of Redemption..............44

Section 6.5    Redemption of Class E Certificates on the Scheduled Class E Certificates Redemption Date......................................44

Section 6.6    Redemption Following Liquidation of Collateral...................44

Section 6.7    Reliance by Class E Certificateholders...................................45

Section 6.8    Entitlement of Holders of Ordinary Shares.............................45

ARTICLE VII    REPORTS AND NOTICES TO CLASS E CERTIFICATEHOLDERS.................................................45

Section 7.1    Monthly Reports; Valuation Report........................................45

Section 7.2    Notices to Class E Certificateholders.....................................45

ARTICLE VIII    CLASS E CERTIFICATEHOLDERS' RELATIONS.....................46

Section 8.1    Subordination..........................................................................46

ARTICLE IX    MISCELLANEOUS.............................................................46

Section 9.1    Amendments............................................................................46

ii

| | | |
|---|---|---|
| Section 9.2 | Form of Documents Delivered to Class E Certificate Paying Agent | 48 |
| Section 9.3 | Acts of Holders | 48 |
| Section 9.4 | Notices | 49 |
| Section 9.5 | Notices to Class E Certificateholders; Waiver | 51 |
| Section 9.6 | Effect of Headings and Table of Contents | 52 |
| Section 9.7 | Successors and Assigns | 52 |
| Section 9.8 | Assignment of Issuer's Rights | 52 |
| Section 9.9 | Severability | 52 |
| Section 9.10 | Benefits of Agreement | 52 |
| Section 9.11 | GOVERNING LAW | 52 |
| Section 9.12 | SUBMISSION TO JURISDICTION | 52 |
| Section 9.13 | Counterparts | 53 |
| Section 9.14 | WAIVER OF JURY TRIAL | 53 |
| Section 9.15 | Process Agent | 53 |

## EXHIBITS

EXHIBIT A-1  Form of Certificated Class E Certificate
EXHIBIT A-2  Form of Temporary Regulation S Global Class E Certificate
EXHIBIT A-3  Form of Regulation S Global Class E Certificate
EXHIBIT B-1  Form of Transferee Certificate for transfer of Class E Certificates in the form of Certificated Class E Certificates
EXHIBIT B-2  Form of Transferor Certificate for transfer of Certificated Class E Certificates to Temporary Regulation S Global Class E Certificates or Regulation S Global Class E Certificate

CLASS E CERTIFICATE PAYING AGENCY AGREEMENT, dated as of December 8, 2005 (as the same may be amended, supplemented or otherwise modified from time to time in accordance with the terms hereof, this "Agreement"), between LIBERTY CLO, LTD., an exempted company organized with limited liability under the laws of the Cayman Islands (together with its permitted successors and assigns hereunder, the "Issuer") and JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, a national banking association, as paying agent (the "Class E Certificate Paying Agent").

PRELIMINARY STATEMENT

WHEREAS, the Issuer shall, pursuant to an Indenture dated as of the date hereof (as the same may be supplemented or otherwise modified from time to time in accordance with the terms thereof, the "Indenture"), among the Issuer, LIBERTY CLO, CORP., a Delaware corporation (the "Co-Issuer" and, together with the Issuer, the "Co-Issuers") and JPMorgan Chase Bank, National Association, as trustee (in such capacity, together with its permitted successors and assigns thereunder, the "Trustee"), (i) issue together with the Co-Issuer the Notes (as defined therein) and (ii) issue the Class Q-1 Securities and the Class P Securities;

WHEREAS, the Issuer shall, pursuant to its Articles, this Agreement, certain resolutions adopted at the meeting of the Issuer's Board of Directors on or prior to the Closing Date (collectively, the "Class E Certificate Documents") issue 94,000 Class E Certificates (including the Class E Certificate Components of the Class Q-1 Securities and the Class P Securities), the dividends and any final distribution on which are payable in accordance with the Articles, the Indenture and this Agreement;

WHEREAS, the Issuer is entering into this Agreement to provide for the payment of such dividends and any final distribution on the Class E Certificates and also to provide for certain other matters relating to the Class E Certificates and the holders thereof;

NOW, THEREFORE, in consideration of the foregoing and the mutual agreements hereinafter contained and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

ARTICLE I

DEFINITIONS

Section 1.1   Definitions.   (a)   Capitalized terms used but not defined herein have the meanings assigned thereto pursuant to the Indenture.

(b)   Except as otherwise specified herein or as the context may otherwise require, the following terms have the respective meanings set forth below for all purposes of this Agreement.

1

"Articles" means the Issuer's Memorandum of Association and the Issuer's Articles of Association, collectively, as the same may be further amended, supplemented or otherwise modified and in effect from time to time.

"Authorized Officer" means, with respect to (i) the Issuer, any director or officer thereof or of any other Person who is authorized, by power-of-attorney or otherwise, to act for the Issuer in matters relating to the Issuer and (ii) the Class E Certificate Paying Agent or the Class E Certificate Registrar, a Responsible Officer. Each party shall be entitled to receive and accept a certification of the authority and incumbency of the other party as conclusive evidence of the authority of any Person to act, and such certification may be considered as in full force and effect until receipt by such party of written notice to the contrary.

"Certificated Class E Certificate" has the meaning specified in Section 2.1.

"Change of Control" has the meaning specified in Section 3.10.

"Class E Certificate Distribution Account" means a single, segregated account titled "Class E Certificate Distribution Account", established by the Class E Certificate Paying Agent pursuant to Section 2.9 hereof to be held in the name of the Class E Certificate Paying Agent.

"Class E Certificate Dividend Amount" means, with respect to any Payment Date other than the Scheduled Class E Certificates Redemption Date, the amount on deposit in the Class E Certificate Distribution Account on such Payment Date after taking into account the amount paid by the Trustee to the Class E Certificate Paying Agent on such date for deposit to the Class E Certificate Distribution Account pursuant to Section 11.1 of the Indenture.

"Class E Certificate Documents" has the meaning specified in the recitals hereto.

"Class E Certificate Paying Agent" means JPMorgan Chase Bank, National Association, a national banking association, in its capacity as Class E Certificate Paying Agent under this Agreement, unless a successor Person shall have become the Class E Certificate Paying Agent pursuant to Section 3.9, and thereafter "Class E Certificate Paying Agent" shall mean such successor Person.

"Class E Certificate Premium" means, under Cayman Islands law as in effect on the Closing Date, an amount equal to (a) on the Closing Date, the sum of (i) the aggregate proceeds to the Issuer of the offering of all of the Class E Certificates after giving effect to discounts and commissions payable to the Placement Agent, but without taking into account any fees and expenses of the Issuer relating to such offering minus (ii) the aggregate par value of all of the Class E Certificates, and (b) on any Payment Date or the Scheduled Class E Certificates Redemption Date, (x) the amount determined pursuant to clause (a) minus (y) the aggregate of any reductions made to such amount on account of distributions previously made from Class E Certificate Premium to the Class E Certificateholders by or on behalf of the Issuer prior to such Payment Date or Scheduled

2

Class E Certificates Redemption Date, as applicable, or as otherwise defined under the laws of the Cayman Islands from time to time in effect, in each case as determined by the Issuer.

"Class E Certificate Redemption Price" means, with respect to any one or more Class E Certificates or all Class E Certificates, such Class E Certificates' pro rata allocation of (or, in the case of all Class E Certificates, all of) the amounts in the Class E Certificate Distribution Account available to pay a final distribution on such Class E Certificates on the Scheduled Class E Certificates Redemption Date (or other applicable redemption date) in accordance with Cayman Islands law.

"Class E Certificate Register" has the meaning specified in Section 2.7(a).

"Class E Certificate Registrar" has the meaning specified in Section 2.7(a).

"Class E Certificate Surplus" means, with respect to any Payment Date or the Scheduled Class E Certificates Redemption Date, the sum of Class E Certificate Premium and Distributable Profits for the related Interest Period.

"Class E Certificateholder" means, with respect to any Class E Certificate, the Person in whose name such Class E Certificate is registered in the Class E Certificate Register.

"Class E Certificates" means the Class E Certificates, par value U.S.$0.01 per certificate, in the capital of the Issuer of which 94,000 certificates have been authorized and issued on the Closing Date.

"Closing Date" means December 8, 2005.

"Corporate Trust Office" means the principal corporate trust office of the Class E Certificate Paying Agent, currently located at 600 Travis Street, 50th Floor, Houston, Texas 77002, Attn: Worldwide Securities Services – Liberty CLO, Ltd., or at such other address as provided in this Agreement or as the Class E Certificate Paying Agent may designate from time to time by notice to the Class E Certificateholders, the Issuer, the Trustee and the Portfolio Manager or the principal corporate trust office of any successor Class E Certificate Paying Agent.

"Distributable Profits" means, with respect to any Payment Date, the amounts (other than the aggregate par value of the Class E Certificates and Class E Certificate Premium) available to pay dividends and any final distribution on the Class E Certificates determined by or on behalf of the Board of Directors of the Issuer in accordance with Cayman Islands law and without giving effect to unrealized changes in the market value of the Pledged Securities on such Payment Date.

"Extended Scheduled Class E Certificates Redemption Date" means, in the case of the first Maturity Extension, the Payment Date in November, 2021 and in the case of

3

any subsequent Maturity Extension, the sixteenth Payment Date after the then current Extended Scheduled Class E Certificates Redemption Date.

"Majority" means, with respect to the Class E Certificates at any time, Class E Certificateholders holding more than 50% in number of the Class E Certificates Outstanding at such time.

"Non-Permitted Holder" has the meaning specified in Section 2.12(a).

"notice" has the meaning specified in Section 9.5(a).

"Officer's Certificate" means a certificate signed on behalf of the Issuer by an Authorized Officer of the Issuer.

"Opinion of Counsel" means a written opinion of counsel in form and substance reasonably satisfactory to the recipient(s), of an attorney at law admitted to practice before the highest court of any state of the United States or the District of Columbia (or the Cayman Islands or other relevant jurisdiction in the case of an opinion relating to the laws of the Cayman Islands or such jurisdiction), which attorney may, except as otherwise expressly provided in this Agreement, be counsel for the Issuer or the Class E Certificate Paying Agent.

"Ordinary Shares" means the 1,000 voting ordinary shares, U.S.$1.00 par value per share, in the capital of the Issuer.

"Placement Agency Agreement" means the Placement Agency Agreement, dated as of December 7, 2005, between the Issuer and the Placement Agent.

"Placement Agent" means Citigroup Global Markets Inc., as Placement Agent of the Class E Certificates pursuant to the Placement Agency Agreement.

"Process Agent" has the meaning specified in Section 9.15.

"Qualified Transferee" has the meaning specified in Section 2.3.

"Registered Office" means the offices of Liberty CLO, Ltd., c/o Walkers SPV Limited, P.O. Box 908 GT, Walker House, Mary Street, George Town, Grand Cayman, Cayman Islands, or at such other place in the Cayman Islands as the Directors may from time to time decide pursuant to the Articles.

"Responsible Officer" means (i) when used with respect to the Class E Certificate Paying Agent, any officer within the Corporate Trust Office of the Class E Certificate Paying Agent who is responsible for the administration of this Agreement, including any Vice President, Assistant Vice President, Assistant Treasurer, Trust Officer, or any other officer of the Class E Certificate Paying Agent customarily performing functions similar to those performed by any of the above designated officers and also, with respect to a particular matter, any other officer within the Corporate Trust Office to whom such matter is referred because of such officer's knowledge of and familiarity with the

4

particular subject and (ii) when used with respect to the Class E Certificate Registrar, any officer within the Administrator's office (or any successor or comparable group of the Class E Certificate Registrar) including any senior vice president, vice president, assistant vice president, treasurer, associate or any other officer of the Class E Certificate Registrar customarily performing functions similar to those performed by the persons who at the time shall be such officers, respectively, or to whom any corporate trust matter is referred within the Administrator's office (or such successor or comparable group's corporate office) because of his or her knowledge of and familiarity with the particular subject.

"Rule 144A Information" has the meaning specified in Section 2.7(d).

"Scheduled Class E Certificates Redemption Date" means the Payment Date in November 2017 or, upon a Maturity Extension (if any), the applicable Extended Scheduled Class E Certificates Redemption Date.

"Trustee" means the Trustee under the Indenture.

Section 1.2    Interpretation. Unless otherwise indicated in this Agreement:

(a)    any definition of or reference to any agreement, instrument or other document herein shall be construed as referring to such agreement, instrument or other document as from time to time amended, supplemented or otherwise modified (subject to any restrictions on such amendments, supplements or modifications set forth herein);

(b)    all references to an "Article," "Section," or "Exhibit" are to an Article or Section hereof or to an Exhibit attached hereto;

(c)    defined terms in the singular shall include the plural and vice versa, and the masculine, feminine or neuter gender shall include all genders;

(d)    the words "hereof," "herein" and "hereunder" and other words of similar import when used in this Agreement shall refer to this Agreement as a whole and not to any particular provision of this Agreement;

(e)    the words "include," "includes" and "including" shall be deemed to be followed by the phrase "without limitation;"

(f)    all time references used herein shall refer to Eastern Standard Time or Eastern Daylight Savings Time, whichever is then in effect;

(g)    the word "dollar" and the symbols "US$" and "$" shall mean the lawful currency from time to time of the United States of America; and

(h)    for purposes of any calculation or determination hereunder, the result of which is expressed as a percentage, such result shall be rounded to the nearest 0.00001%, unless otherwise specified herein.

5

ARTICLE II

THE CLASS E CERTIFICATES

Section 2.1    Issuance of Class E Certificates.    (i) All Class E Certificates initially sold to non-U.S. persons in offshore transactions in reliance on Regulation S shall each be initially represented by one or more temporary global securities in definitive, fully registered form, substantially in the form of Exhibit A-2, including legends (each a "Temporary Regulation S Global Class E Certificate").  On or after the first Business Day following the 40th day after the later of the Closing Date and the commencement of the offering of the Class E Certificates (the "Exchange Date"), interests in a Temporary Regulation S Global Class E Certificate will be exchangeable for interests in one or more permanent global Class E Certificates in definitive, fully registered form substantially in the form of Exhibit A-3, including legends (each a "Regulation S Global Class E Certificate", and together with the Temporary Regulation S Global Class E Certificate, the "Global Class E Certificates"), upon certification that the beneficial interests in such Temporary Regulation S Global Class E Certificate are owned by persons that are not U.S. persons.   The Temporary Regulation S Global Class E Certificates and Regulation S Global Class E Certificates shall be deposited on behalf of the subscribers for the Class E Certificates represented thereby with the Class E Certificate Paying Agent as custodian for, and registered in the name of a nominee of, the Depositary for credit to Depositary participants that hold such positions on behalf of Euroclear and Clearstream, for further credit to the respective accounts of Euroclear and Clearstream, duly executed by the Issuer.  The aggregate number of Class E Certificates represented by the Regulation S Global Class E Certificates may from time to time be increased or decreased by adjustments made on the records of the Class E Certificate Paying Agent or the Depositary, as the case may be, as hereinafter provided.

The provisions of the "Operating Procedures of the Euroclear System" of Euroclear and the "Terms and Conditions Governing Use of Participants" of Clearstream, respectively, shall be applicable to the Temporary Regulation S Global Class E Certificates and Regulation S Global Class E Certificates insofar as interests in the Global Class E Certificates are held by the Agent Members of Euroclear or Clearstream, as the case may be.

Agent Members shall have no rights under the Class E Certificate Documents with respect to any Global Class E Certificates held on their behalf by the Class E Certificate Paying Agent, as custodian for the Depositary and the Depositary may be treated by the Issuer and the Class E Certificate Paying Agent and any agent of the Issuer or the Class E Certificate Paying Agent as the absolute owner of such Class E Certificate for all purposes whatsoever.  Notwithstanding the foregoing, nothing in this Agreement shall prevent the Issuer or the Class E Certificate Paying Agent or any agent of the Issuer or the Class E Certificate Paying Agent, from giving effect to any written certification, proxy, or other authorization furnished by the Depositary or impair, as between the Depositary and its Agent Members, the operation of customary practices governing the exercise of the rights of a Holder of any Class E Certificates.

6

Notwithstanding anything to the contrary in the preceding paragraphs of this Section 2.1(i), if (i) the Depositary notifies the Issuer that it is unwilling or unable to continue as depository for a Global Class E Certificate or ceases to be a "Clearing Agency" registered under the Exchange Act and a successor depository is not appointed by the Issuer within 90 days of such notice, (ii) as a result of any amendment to or change in, the laws or regulations of the Cayman Islands or of any authority therein or thereof having power to tax or in the interpretation or administration of such laws or regulations which become effective on or after the Closing Date, the Issuer or the Class E Certificate Paying Agent becomes aware that it is or will be required to make any deduction or withholding from any payment in respect of the Class E Certificate which would not be required if the Global Class E Certificates were in certificated form or (iii) an Event of Default under the Indenture has occurred and is continuing and has not been waived, then the Class E Certificate Paying Agent shall execute an agreement with the Issuer amending this Agreement for the purpose of terminating the book entry deposit system and substituting certificated Class E Certificates for Global Class E Certificates. Such agreement shall provide for the form and terms of such certificated Class E Certificates and the place and manner in which a Holders of Class E Certificates may obtain possession of such certificated Class E Certificates; *provided*, that in no event may holders of beneficial interests in the Temporary Regulation S Global Class E Certificates receive certificated Class E Certificates pursuant to this provision prior to the Exchange Date and each such holder must certify to the Issuer and the Class E Certificate Paying Agent that it is not a U.S. Person. Such agreement shall also provide the procedures for registration of transfer or exchange of such certificated Class E Certificates, as well as such other provisions as the Issuer and the Class E Certificate Paying Agent may agree shall be necessary or appropriate to effect the substitution of certificated Class E Certificates for Global Class E Certificates and to modify the provisions of this Agreement to provide for the use of certificated Class E Certificates in lieu of a book-entry deposit system.

Upon the occurrence of any of the events described in the preceding paragraph, the Class E Certificate Paying Agent shall notify all Holders of the Global Class E Certificates and shall advise such Holders of the Global Class E Certificates of the procedure by which the Global Class E Certificates shall be exchanged for certificated Class E Certificates. Each beneficial owner of Global Class E Certificates shall be entitled, at no cost to it, to have registered in the name of the beneficial owner of Global Class E Certificates one or more certificated Class E Certificates representing the same aggregate number of Class E Certificates as its beneficial interest in the related Global Class E Certificate. Upon the occurrence of any such event, (i) the Class E Certificate Paying Agent at the expense of the Issuer shall obtain from the Depositary a listing of the Participants then holding Global Class E Certificates on the records of the Depositary and (ii) upon surrender by the Depositary to the Class E Certificate Paying Agent of the Global Class E Certificates, the Class E Certificate Paying Agent shall cancel such Global Class E Certificates and the Issuers shall execute and deliver to such Participants certificated Class E Certificates representing in the aggregate the identical aggregate number of Class E Certificates in which such Participants held beneficial interests in on the records of the Depositary, registered in such names as such Participants shall have

7

provided to the Class E Certificate Paying Agent; *provided, however*, that the Class E Certificate Registrar shall not register any such certificated Class E Certificate or and the Class E Certificate Paying Agent shall not deliver any such certificated Class E Certificate to a Participant unless and until such Participant shall have provided to the Class E Certificate Paying Agent a certification acceptable to the Class E Certificate Paying Agent that such registration instructions were given, and delivery of such certificated Class E Certificate will be made, in accordance with the directions of the beneficial owners of Class E Certificates represented by such Participant. Neither the Issuer nor the Class E Certificate Paying Agent shall be liable for any delay in delivery of such registration instructions by any Participant and each of them may conclusively rely on, and shall be protected in relying on, (i) information contained in the Participant listing provided by the Depositary regarding the names of the Participants holding beneficial interests in the Global Class E Certificates and the aggregate number of Class E Certificates represented by the beneficial interests in the Global Class E Certificates held by each such Participant, and (ii) the foregoing registration instructions and certifications provided by each such Participant with respect to certificated Class E Certificates representing the same aggregate number of certificated Class E Certificates as the beneficial interests in the Global Class E Certificates stated to be held by such Participant in such Participant listing. The Class E Certificate Paying Agent shall recognize the registered holders of the certificated Class E Certificates as Holders of the Class E Certificates hereunder. The Class E Certificate Registrar shall reflect on its records the issuance of certificated Class E Certificates in exchange for the Global Class E Certificates. In the event that certificated Class E Certificates for any reason are not so issued by the Issuer to such beneficial owners of interests in Global Class E Certificates, the Issuer expressly acknowledges that such beneficial owners shall be entitled to pursue any remedy that the Holders of a Global Class E Certificate would be entitled to pursue in accordance with the Class E Certificate Documents (but only to the extent of such beneficial owner's interest in the Global Class E Certificate) as if certificated Class E Certificates had been issued. Payments on such certificated Class E Certificates will be made by wire transfer in immediately available funds to a Dollar-denominated account maintained by the owner or, if a wire transfer cannot be effected, by a Dollar check delivered to the Holder.

(ii) All Class E Certificates initially sold to U.S. persons shall be issued in the form of definitive, physical certificates in fully registered form, registered in the name of the owner thereof, and in the form of, with the applicable legends set forth in, Exhibit A-1 attached hereto (each such certificate, a "Certificated Class E Certificate").

(iii) As used in this Section 2.1 and 2.3, "U.S. person" and "offshore transaction" have the meanings assigned to them in Regulation S.

(iv) The Class E Certificate Components of the Class Q-1 Securities, Class P-1 Securities and Class P-2 Securities shall constitute Class E Certificates for all purposes hereunder, except to the extent expressly provided otherwise herein; provided that Sections 2.14 and 2.15 of the Indenture shall override any inconsistent or contrary

8

provision of this Agreement with respect to the applicable Class E Certificate Components.

Section 2.2 <u>Form of Certificates</u>. Each Class E Certificate shall have such appropriate insertions, omissions, substitutions and other variations as are required or permitted by this Agreement, and may have such letters, numbers or other marks of identification and such legends or endorsements placed thereon, as may, consistently herewith, be determined by the Authorized Officers of the Issuer executing such Class E Certificate as evidenced by their execution of such Class E Certificate. Any portion of the text of any Class E Certificate may be set forth on the reverse thereof, with an appropriate reference thereto on the face of the Class E Certificate.

Section 2.3 <u>Initial Offering; Transfer</u>. The Class E Certificates will only initially be offered (i) in the form of Certificated Class E Certificates, in the United States, to Qualified Institutional Buyers or Accredited Investors in reliance on Section 4(2) of the Securities Act, that in either case are also either Qualified Purchasers or Knowledgeable Employee, and (ii) in the form of Temporary Regulation S Global Class E Certificates, outside the United States, to non-U.S. persons in offshore transactions in reliance on Regulation S under the Securities Act. Class E Certificates may be transferred only (1) in the form of Certificated Class E Certificates to Qualified Purchasers or Knowledgeable Employees that are either (a) Qualified Institutional Buyers in reliance on Rule 144A under the Securities Act or (b) Accredited Investors in reliance on an exemption from registration under the Securities Act (provided that in the case of any transfer to an Accredited Investor pursuant to subclause (b) and if requested by the Issuer or on its behalf, the transferor or the transferee will be required to provide an Opinion of Counsel to each of the Issuer, the Class E Certificate Paying Agent and the Class E Certificate Registrar to the effect that such transfer may be made pursuant to an exemption from registration under the Securities Act and any applicable state securities laws), or (2) in the form of a Temporary Regulation S Global Class E Certificate or Regulation S Global Class E Certificate to non-U.S. persons in offshore transactions meeting the requirements of Regulation S of the Securities Act (each, a "<u>Qualified Transferee</u>").

Section 2.4 <u>Representations of Holders of Interests in Global Certificates</u>. Each initial purchaser and subsequent transferee who is purchasing an interest in a Temporary Regulation S Global Class E Certificate or Regulations S Global Class E Certificate will be deemed to have represented and agreed as follows:

(1) It is aware that the sale of Class E Certificates to it is being made in reliance on the exemption from registration provided by Regulation S and understands that the Class E Certificates offered in reliance on Regulation S will bear the legend set forth in <u>Exhibit A-2</u> or <u>Exhibit A-3</u>, as applicable, hereto. It and each beneficial owner of its Class E Certificates is not, and will not be, a U.S. person as defined in Regulation S under the Securities Act, and its purchase of the Class E Certificates will comply with all applicable laws in any jurisdiction in which it resides or is located. In addition, it represents and warrants that it will (i) provide notice to any subsequent transferee of the

9

transfer restrictions provided in such legend and in the Indenture, (ii) hold and transfer its beneficial interest in any Class E Certificates only in a Face Amount of not less than the applicable minimum denomination; and (iii) provide the Issuer from time to time such information as it may reasonably request in order to ascertain compliance with this paragraph 1.

(2) The Class E Certificates are being purchased or transferred in accordance with the transfer restrictions set forth in the Class E Certificate Documents and pursuant to an exemption from Securities Act registration, and in accordance with applicable state securities laws or securities laws of any other relevant jurisdiction. It understands that the Class E Certificates have been offered only in a transaction not involving any public offering in the United States within the meaning of the Securities Act, the Class E Certificates have not been and will not be registered under the Securities Act or the securities laws of any states, and, if in the future it decides to offer, resell, pledge or otherwise transfer the Class E Certificates, such Class E Certificates may be offered, resold, pledged or otherwise transferred only in accordance with an exemption from registration under such laws and pursuant to the provisions of the Class E Certificate Documents and the legend on such Class E Certificates. In particular, it understands that the Class E Certificates may be transferred only (a) in the form of a Certificated Class E Certificate to a Qualified Purchaser or Knowledgeable Employee that is either (i) a Qualified Institutional Buyer or (ii) an Accredited Investor (*provided* that in the case of any transfer to an Accredited Investor pursuant to this clause (ii) and if requested by the Issuer or on its behalf, the transferor or the transferee has provided an opinion of counsel to each of the Class E Certificate Paying Agent, the Class E Certificate Registrar and the Issuer that such transfer may be made pursuant to an exemption from registration under the Securities Act and any applicable state securities law) or (b) in the form of an interest in a Temporary Regulation S Global Class E Certificate or Regulation S Global Class E Certificate to a person that is not a U.S. person as defined in Regulation S under the Securities Act. It acknowledges that no representation is made as to the availability of any exemption under the Securities Act or any state or other securities laws for resale of the Class E Certificates and that purchasers and transferees who reside in certain states or jurisdictions may be subject to additional suitability standards and/or specific holding periods before the Class E Certificates may be resold or otherwise transferred.

(3) In connection with the purchase of the Class E Certificates: (a) it understands that none of the Issuer, the Co-Issuer, the Portfolio Manager, the Initial Purchaser, the Placement Agent, the Class E Certificate Paying Agent, the Collateral Administrator, the Revolving Note Agent, the Delayed Drawdown Note Agent or any of their respective Affiliates is acting as a fiduciary or financial or investment adviser for it; (b) it is not relying (for purposes of making any investment decision or otherwise) upon any advice, counsel or representations (in each case whether written or oral) of the Co-Issuers, the Portfolio Manager, the Initial Purchaser, the Placement Agent, the Trustee, the

10

Class E Certificate Paying Agent, the Revolving Note Agent, the Delayed Drawdown Note Agent, the Collateral Administrator or any of their respective Affiliates, agents and independent contractors in their capacities as such other than statements, if any, of such person in a current offering circular for the Class E Certificates; (c) it has consulted with its own legal, regulatory, tax, business, investment, financial and accounting advisers to the extent it has deemed necessary and has made its own investment decisions based upon its own judgment and upon any advice from such advisers as it has deemed necessary and not upon any view expressed by the Issuer, the Initial Purchaser, the Placement Agent, the Portfolio Manager, the Trustee, the Class E Certificate Paying Agent, the Revolving Note Agent, the Delayed Drawdown Note Agent, the Collateral Administrator or any of their respective Affiliates, agents and independent contractors in their capacities as such; (d) its purchase of the Class E Certificates will comply with all applicable laws in any jurisdiction in which it resides or is located; (e) it is acquiring the Class E Certificates as principal solely for its own account for investment and not with a view to the resale, distribution or other disposition thereof in violation of the Securities Act; (f) it has made investments prior to the date hereof and was not formed solely for the purpose of investing in the Class E Certificates; (g) it will not hold any Class E Certificates for the benefit of any other person, it will at all times be the sole beneficial owner thereof for purposes of the Investment Company Act and all other purposes and it will not sell participation interests in the Class E Certificates or enter into any other arrangement pursuant to which any other person shall be entitled to a beneficial interest in the dividends or distributions on the Class E Certificates; (h) all Class E Certificates (together with any other securities of the Co-Issuers) purchased and held directly or indirectly by it constitute in the aggregate an investment of no more than 40% of its assets or capital; and (i) it is a sophisticated investor and is purchasing the Class E Certificates with a full understanding of all of the terms, conditions and risks thereof, and it is capable of assuming and willing to assume those risks.

(4) (a) The purchaser is not, and is not acting on behalf of or using the assets of, (i) an "employee benefit plan" as defined in Section 3(3) of ERISA subject to Title I of ERISA, (ii) a plan described in Section 4975(e)(1) of the Code subject to Section 4975 of the Code, or (iii) an entity whose underlying assets include "plan assets" by reason of U.S. Department of Labor regulation Section 2510.3-101 or otherwise; (b) if the purchaser is a governmental plan (as defined in Section 3(32) of ERISA), church plan (as defined in Section 3(33) of ERISA) or a non-US plan (as described in Section 4(b)(4) of ERISA), its purchase, holding and subsequent transfer of the Class E Certificates will not result in a violation of any applicable laws, rules, regulations, policies and guidelines to which it and its investments are subject; and (c) the purchaser and any person causing it to acquire any Class E Certificates agrees to indemnify and hold harmless the Issuer, Co-Issuer, Portfolio Manager, Class E Certificate Paying Agent, Trustee, Collateral Administrator, the Revolving Note Agent, the Delayed Drawdown Note Agent, Placement Agent and Initial

11

Purchaser and their respective Affiliates from any cost, damage or loss, liability, expense, claim, proceeding or excise tax incurred by them as a result of any of the foregoing representations being or becoming untrue. It understands that the representations made by it pursuant to this paragraph 4 shall be deemed made on each day from the date it acquires its interest in the Class E Certificates through and including the date on which it disposes of its interests in the Class E Certificates. It understands that the Issuer may require any holder of the Class E Certificates that has made a false representation with respect to the foregoing matters to sell the Class E Certificates and, if such holder does not comply with such demand within 30 days thereof, the Issuer may sell such holder's interest in the Class E Certificates. It understands that any transfer effected in connection with such a representation that was false will be of no force and effect, will be void *ab initio*, and will not operate to transfer any rights to the transferee, notwithstanding any instructions to the contrary to the Issuer, the Class E Certificate Paying Agent or any intermediary.

(5) It understands that the Class E Certificates Documents permit the Issuer to demand that any holder of a beneficial interest in a Temporary Regulation S Global Class E Certificate or Regulation S Global Class E Certificate who is determined not to have acquired such beneficial interest in compliance with the requirements of Regulation S or who is a U.S. person (as defined in Regulation S) sell such beneficial interest (a) to a Person who is not a U.S. person in a transaction meeting the requirements of Regulation S or (b) to a Person who will take delivery of the holder's interest in the Temporary Regulation S Global Class E Certificate or Regulation S Global Class E Certificate in the form of a Certificated Class E Certificate, who is both (i) a Qualified Institutional Buyer or an Accredited Investor (*provided* that in the case of any transfer to an Accredited Investor and if requested by the Issuer or on its behalf, the transferor or the transferee has provided an opinion of counsel to each of the Issuer, the Class E Certificate Paying Agent and the Class E Certificate Registrar that such transfer may be made pursuant to an exemption from registration under the Securities Act and any applicable state securities laws) and (ii) a Qualified Purchaser or Knowledgeable Employee, in a transaction meeting the requirements of Rule 144A of the Securities Act or another applicable exemption from the Securities Act (in the case of a transferee who is an Accredited Investor), and, if the holder does not comply with such demand within 30 days thereof, the Issuer may cause the holder to sell its beneficial interest on such terms as the Issuer may choose.

(6) The purchaser acknowledges that it is its intent and that it understands it is the intent of the Issuer that, for purposes of U.S. federal income tax, state and local income and franchise tax and any other income taxes, the Issuer will be treated as a corporation, the Notes will be treated as indebtedness of the Issuer, the Class E Certificates (in the absence of an administrative determination or judicial ruling to the contrary) will be treated as equity in the Issuer; the Class Q-1 Securities will be treated as a direct ownership interest in

12

the different Classes of Securities corresponding to the components of the Class Q-1 Securities, and the Class P Securities will be treated as a direct ownership interest in the corresponding components of the Class P Securities, and the purchaser agrees to such treatment and agrees to take no action inconsistent with such treatment.

(7) The purchaser acknowledges that the Issuer is not authorized to engage in activities that could cause it to constitute a finance or lending business for federal income tax purposes and agrees that it will report its investment in the Class E Certificates in a manner consistent with such limitation, and in particular will not treat the Issuer as an "eligible controlled foreign corporation" for purposes of Section 954(h) of the Code or as deriving income described in Section 1297(b)(2) of the Code.

(8) Such beneficial owner is aware that, except as otherwise provided in the Class E Certificate Documents, the Class E Certificates being sold to it will be represented (a) initially, by one or more Temporary Regulation S Global Class E Certificates and (b) after the Exchange Date, by one or more Regulation S Global Class E Certificates, and that beneficial interests therein may be held only through Euroclear or Clearstream.

(9) The purchaser is not purchasing the Class E Certificates in order to reduce any United States federal income tax liability or pursuant to a tax avoidance plan. In the case of a purchaser that is a bank (as defined in Section 881(c)(3)(A) of the Code) or an affiliate of such a bank, the purchaser (a) is acquiring the Class E Certificates as a capital markets investment and will not for any purpose treat the assets of the Issuer as loans acquired in its banking business and (b) has not proposed or identified, and will not propose or identify, any security or loan for inclusion in the Collateral.

(10) In the case of any purchaser that is not a United States person (as defined in Section 7701(a)(30) of the Code), the purchaser is not a bank (as defined in Section 881(c)(3)(A) of the Code) or an affiliate of such a bank, unless the purchaser is a person that is eligible for benefits under an income tax treaty with the United States that eliminates United States federal income taxation of United States source interest not attributable to a permanent establishment in the United States.

(11) The purchaser agrees to notify subsequent transferees of all transfer restrictions applicable to holders of Class E Certificates set forth in the Class E Certificate Documents.

(12) The purchaser acknowledges that no governmental agency has passed upon the Class E Certificates or made any finding or determination as to the fairness of an investment in the Class E Certificates.

(13) The purchaser acknowledges that certain persons or organizations will perform services on behalf of the Co-Issuers and will receive fees and/or compensation for performing such services as described in the Offering Memorandum and the Indenture and Class E Certificate Documents.

13

(14)     A holder of a beneficial interest in a Temporary Regulation S Global Class E Certificate must provide Euroclear or Clearstream or the participant organization through which it holds such interest, as applicable, with a certificate certifying that the beneficial owner of the interest in the Temporary Regulation S Global Class E Certificate is a non-U.S. Person, and Euroclear or Clearstream, as applicable, must provide to the Trustee a certificate to such effect, prior to (a) the payment of interest or principal or other amounts with respect to such holder's beneficial interest in the Temporary Regulation S Global Class E Certificate and (b) any exchange of such beneficial interest for a beneficial interest in a Regulation S Global Class E Certificate.

(15)     It understands that any resale or other transfer of beneficial interests in a Temporary Regulation S Global Class E Certificate or Regulation S Global Class E Certificate to U.S. Persons shall not be permitted.

(16)     The purchaser acknowledges that the Class E Certificates do not represent deposits with or other liabilities or obligations of, and are not guaranteed or endorsed by, the Placement Agent, the Initial Purchaser, the Portfolio Manager, the Trustee, the Class E Certificate Paying Agent, the Revolving Note Agent, the Delayed Drawdown Note Agent, the Collateral Administrator or any of their respective Affiliates or any entity related to any of them or any other holder of Class E Certificates. It acknowledges that none of such persons will, in any way, be responsible for or stand behind the value or the performance of the Class E Certificates. It acknowledges that purchase of Class E Certificates involves investment risks including possible delay in payment of distributions and loss of income and principal invested.

(17)     It understands that the Scheduled Class E Certificates Redemption Date is subject to up to four extensions of four years each (to a latest possible date of November 1, 2033) without consent of any beneficial owners of Securities if certain conditions are satisfied.

(18)     It understands that in the case of any amendment to the Indenture that requires consent of one or more holders of Class E Certificates, the Indenture and Class E Certificate Documents permit the Amendment Buy-Out Purchaser to purchase at a purchase price determined pursuant to the Indenture and Class E Certificate Documents the Class E Certificates from any holder thereof that either (i) has declared in writing that it will not consent to such amendment or (ii) had not consented to such amendment by the last day on which consent could be given in accordance with the request therefor, and such holder will be required to sell its Class E Certificates to the Amendment Buy-Out Purchaser at the applicable purchase price. In addition, in the case of any vote by holders of Class E Certificates to remove the Portfolio Manager without cause, the Class E Certificate Documents permit the Removal Buy-Out Purchaser to purchase at a purchase price determined pursuant to the Class E Certificate Documents the Class E Certificates from any holder that voted in favor of such removal, and such holder will be required to sell its Class E

14

Certificates to the Removal Buy-Out Purchaser at the applicable purchase price.

(19)  It understands that the Co-Issuers, the Trustee, the Class E Certificate Paying Agent, the Initial Purchaser, the Placement Agent, the Portfolio Manager, the Revolving Note Agent, the Delayed Drawdown Note Agent, the Collateral Administrator and their respective counsel will rely upon the accuracy and truth of the foregoing representations, and it hereby consents to such reliance.

Section 2.5  Authorized Number of Class E Certificates; Minimum Purchase; No Fractional Class E Certificates.  (a) The aggregate number of Class E Certificates that may be issued on the Closing Date under the Articles and this Agreement is limited to 94,000 Class E Certificates.  Such aggregate number shall include any Class E Certificates represented by Class E Certificate Components pursuant to the Indenture.

(b) The Class E Certificates shall be issued and allotted and shall be transferable in minimum amounts of five hundred (500) Class E Certificates and integral multiples of one (1) Class E Certificate in excess thereof; provided that one Class E Certificate may be issued and may be transferred in a minimum denomination of 200 certificates and integral multiples of one certificate in excess thereof.  After giving effect to any transfer of Class E Certificates, the transferor thereof shall have retained a number of Class E Certificates that is either (i) equal to zero or (ii) equal to or greater than the applicable denomination. Fractional Class E Certificates shall not be issued. The Class E Certificates shall have a deemed Face Amount of U.S.$1,000 per certificate.

Section 2.6  Execution, Delivery and Dating.  The Certificated Class E Certificates, the Temporary Regulation S Global Class E Certificates and the Regulation S Global Class E Certificates shall be executed on behalf of the Issuer by an Authorized Officer thereof.  The signature of such Authorized Officer on the Class E Certificate Certificates may be manual or facsimile.

Class E Certificates bearing the manual or facsimile signature of an individual who was at any time an Authorized Officer of the Issuer shall bind the Issuer notwithstanding the fact that such individual has ceased to hold such office prior to the delivery of such Class E Certificates or did not hold such office at the date of issuance of such Class E Certificates.

At any time and from time to time after the execution and delivery of this Agreement, the Issuer may deliver Class E Certificates executed on behalf of the Issuer to the Class E Certificate Paying Agent, and the Class E Certificate Paying Agent, upon Issuer Order, shall deliver such Class E Certificates as provided in this Agreement and not otherwise.

Each Class E Certificate delivered by the Class E Certificate Paying Agent upon Issuer Order on the Closing Date shall be dated as of the Closing Date. All other Class E Certificates that are delivered after the Closing Date for any other purpose under this Agreement shall be dated the date of their issuance.

15

No Holder of a Class E Certificate shall be entitled to any benefit under this Agreement and no Class E Certificate shall be valid for any purpose, unless there appears in the Class E Certificate Register a corresponding indication of ownership of such Class E Certificate by such Holder.

Section 2.7    Registration, Registration of Transfer and Exchange.    (a) In accordance with the Articles, the Issuer shall cause to be kept a register (the "Class E Certificate Register") outside the United States (although a duplicate copy may be kept inside the United States) in which, subject to such reasonable procedures as it may from time to time prescribe, the Issuer shall provide for the registration of the Class E Certificates and the registration of transfers of the Class E Certificates. Such procedures shall at all times conform to the requirements of Cayman Islands law. The Administrator is hereby initially appointed "Class E Certificate Registrar" for the purpose of registering Class E Certificates and transfers of such Class E Certificates and keeping the Class E Certificate Register. The Class E Certificate Register shall, at minimum, contain:

(i)    the names and addresses of the Class E Certificateholders, and a statement of the number of Class E Certificates held by each Class E Certificateholder, distinguishing each Class E Certificate by its number;

(ii)    the date on which the name of any Person was entered on the Class E Certificate Register as a Class E Certificateholder; and

(iii)    the date on which any Person ceased to be a Class E Certificateholder.

The Class E Certificate Registrar shall register the Holders of any Class Q-1 Securities, Class P-1 Securities and Class P-2 Securities as Class E Certificateholders with respect to the Class E Certificates represented by the related Class E Certificate Components. The Issuer shall notify the Class E Certificate Registrar and the Class E Certificate Paying Agent of any such reasonable procedures it may prescribe in relation to transfers of Class E Certificates; provided that such procedures are not in conflict with procedures agreed to pursuant to this Agreement. The Class E Certificate Paying Agent shall be the transfer agent with regard to transfers of the Class E Certificates. The Class E Certificate Paying Agent shall maintain at its Corporate Trust Office such books and records as it may deem necessary or appropriate in respect of the performance of its duties hereunder, including the maintenance of a duplicate Class E Certificate Register, which shall contain, at minimum, the information set forth in clauses (i), (ii) and (iii) above of this Section 2.7(a). Upon request at any reasonable time, the Class E Certificate Registrar shall provide to the Class E Certificate Paying Agent, the Trustee or the Issuer a current list of Class E Certificateholders as reflected in the Class E Certificate Register. The Class E Certificate Registrar shall be required to provide the Issuer, the Class E Certificate Paying Agent and the Board of Directors of the Issuer at the Issuer's Registered Office in the Cayman Islands with a copy of the most recent Class E Certificate Register promptly upon any changes being made thereto.

16

The Issuer shall give the Class E Certificate Paying Agent prompt written notice of the appointment of any replacement Class E Certificate Registrar and of the location, and any change in the location, of the Class E Certificate Registrar, and the Class E Certificate Paying Agent shall have the right to inspect the Class E Certificate Register at all reasonable times and to obtain copies thereof, and the Class E Certificate Paying Agent shall have the right to rely upon a certificate executed on behalf of the Class E Certificate Registrar by a Responsible Officer thereof as to the names and addresses of the Holders of the Class E Certificates and the number of Class E Certificates held by each such Holder. The Class E Certificate Registrar shall have the right to rely conclusively upon any information provided by the Class E Certificate Paying Agent regarding transfers and exchanges of Class E Certificates.

Subject to the provisions of this Section 2.7, upon surrender for registration of transfer of any Class E Certificate, an Authorized Officer of the Issuer shall execute, and the Class E Certificate Paying Agent shall deliver, in the name of the designated transferee or transferees, one or more new Class E Certificates to reflect such transfer.

At the option of the Holder thereof, Class E Certificates may be exchanged for like Class E Certificates upon surrender of the Class E Certificates to be exchanged to the Class E Certificate Paying Agent. Whenever any Class E Certificate is surrendered for exchange, the Issuer shall execute and the Class E Certificate Paying Agent shall deliver the Class E Certificate that the Holder of the Class E Certificates making the exchange is entitled to receive.

The Issuer, the Class E Certificate Paying Agent and the Class E Certificate Registrar shall not require a service charge to be paid by a Class E Certificateholder for any registration of transfer of Class E Certificates or exchange of a Class E Certificates, but the Class E Certificate Paying Agent and the Class E Certificate Registrar may require payment of a sum sufficient to cover any tax or other governmental charge payable in connection therewith.

(b) The Class E Certificate Paying Agent agrees that it shall require delivery prior to any sale or transfer of the certificates required hereunder (with appropriate modifications in the case of a transfer that is a mortgage, charge, pledge or hypothecation or other appropriate modifications acceptable to the Issuer) and any related Opinion of Counsel (as applicable).

(c) No Class E Certificate may be sold or transferred (including, without limitation, by mortgage, charge, pledge or hypothecation) unless such sale or transfer is exempt from the registration requirements of the Securities Act, would not require the registration of the Issuer, the Co-Issuer, the Collateral or Class P Collateral (or any part thereof) under the Investment Company Act and is exempt under applicable state and foreign securities laws. None of the Issuer, the Class E Certificate Paying Agent or any other Person may register the Class E Certificates under the Securities Act or any state securities laws.

17

(d) At any time when the Issuer is not subject to Section 13 or 15(d) of the Exchange Act or is exempt from reporting requirements pursuant to Rule 12g3-2(b) thereunder, upon the request of any Class E Certificateholder, the Issuer shall promptly furnish to such Class E Certificateholder or to a prospective purchaser of any Class E Certificate designated by such Class E Certificateholder, as the case may be, the information which the Issuer determines to be required to be delivered pursuant to Rule 144A(d)(4) under the Securities Act ("Rule 144A Information") in order to permit compliance by such Class E Certificateholder with Rule 144A in connection with the resale of such Class E Certificate by such Class E Certificateholder. Upon request by the Issuer, the Class E Certificate Paying Agent shall cooperate with the Issuer in mailing or otherwise distributing (at the Issuer's expense) to Class E Certificateholders or prospective purchasers of Class E Certificates designated by Class E Certificateholders, at and pursuant to the Issuer's written direction, any Rule 144A Information prepared and provided by the Issuer; provided, however, that the Class E Certificate Paying Agent shall be entitled to affix thereto or enclose therewith such disclaimers as the Class E Certificate Paying Agent shall deem reasonably appropriate, at its discretion (such as, for example, a disclaimer that such Rule 144A Information was assembled by the Issuer and not by the Class E Certificate Paying Agent, that the Class E Certificate Paying Agent has not reviewed or verified the accuracy thereof, and that it makes no representation as to the sufficiency of such information under Rule 144A or for any other purpose).

(e) Upon the redemption of any Class E Certificate, the Holder thereof shall present and surrender the related Class E Certificate at the designated office of the Class E Certificate Paying Agent (which, as of the Closing Date, shall be the Corporate Trust Office) on or prior to the Scheduled Class E Certificates Redemption Date; provided, however, that, if there is delivered to the Issuer and the Class E Certificate Paying Agent such security or indemnity as may be reasonably satisfactory to them to save each of them harmless and an undertaking by such Holder thereafter to surrender such Class E Certificate, then, in the absence of written notice to the Issuer or the Class E Certificate Paying Agent that the applicable Class E Certificate has been acquired by a bona fide or protected purchaser for value without notice, such final payment shall be made without presentation or surrender of such Class E Certificate.

(f) No Class E Certificate may be transferred, and the Class E Certificate Paying Agent and Class E Certificate Registrar shall not register any such proposed transfer, to a proposed transferee that has represented that it is, or is acting on behalf of or using the assets of, a Plan.

(g) So long as any Class E Certificate remains Outstanding, transfers and exchanges of a Class E Certificate shall only be made in accordance with Section 2.3 and this Section 2.7(g).

(i) Temporary Regulation S Global Class E Certificate to Regulation S Global Class E Certificate. On or after the Exchange Date, interests in a Temporary Regulation S Global Class E Certificate may be exchanged for interests in a Regulation S Global Class E Certificate in the form of Exhibit A-3 hereto. Any such Regulation S Global Class E Certificate shall be so issued and

delivered in exchange for only that portion of the Temporary Regulation S Global Class E Certificate in respect of which there shall have been presented to the Depositary by Euroclear or Clearstream a certification to the effect that it has received from or in respect of a person entitle to an interest (as shown by its records) therein a certification that the beneficial interests in such Temporary Regulation S Global Class E Certificate are owned by persons who are not U.S. persons (as defined in Regulation S).

(ii)     Interest in Temporary Regulation S Global Class E Certificate or Regulation S Global Class E Certificate to Certificated Class E Certificate.     If a holder of a beneficial interest in a Temporary Regulation S Global Class E Certificate or Regulation S Global Class E Certificate wishes at any time to transfer its interest in such Class E Certificate in the United States or to a U.S. person (as defined in Regulation S), the transferee must take delivery thereof in the form of a Certificated Class E Certificate.  Upon receipt by the Class E Certificate Paying Agent of (A) instructions given in accordance with the applicable procedures from a Participant, directing the Class E Certificate Paying Agent to deliver one or more such Certificated Class E Certificates designating the registered name or names, address, payment instructions, and the number of Class E Certificates represented by such Certificated Class E Certificates to be executed and delivered (the aggregate number of Class E Certificates represented by such Certificated Class E Certificates being equal to the aggregate number of Class E Certificates represented by the interest in the related Temporary Regulation S Global Class E Certificate or Regulation S Global S Class E Certificate to be transferred), and in the authorized minimum number of the Class E Certificates and integral multiples specified in Section 2.5 and (B) a properly completed transfer certificate in the form of Exhibit B-1 and any other documentation as may be required thereunder, then the Class E Certificate Paying Agent will instruct the Depositary to reduce, or cause to be reduced, the applicable Temporary Regulation S Global Class E Certificate or Regulation S Global Class E Certificate by the number of Class E Certificates represented by the beneficial interest in such Temporary Regulation S Global Class E Certificate or Regulation S Global Certificate to be transferred and the Class E Certificates Registrar shall record the transfer in the Class E Certificates Register and deliver one or more Certificated Class E Certificates, registered in the names specified in the certificate described in clause (B) above representing the number of Class E Certificates designated by the transferee (the aggregate number of Class E Certificates being equal to the aggregate number of Class E Certificates represented by the beneficial interest in the Temporary Regulation S Global Class E Certificate or Regulation S Global Class E Certificate to be transferred) and in the authorized minimum number of the Class E Certificates and integral multiples specified in Section 2.5. Any purported transfer in violation of this provision shall be null and void *ab initio*.

(iii)     Certificated Class E Certificate to Class E Certificate in the form of a Temporary Regulation S Global Security or Regulation S Global

19

Security.    If a Holder of a Certificated Class E Certificate wishes at any time to transfer such Certificated Class E Certificate to a person that is not a U.S. person (as defined in Regulation S) in an offshore transaction in reliance on Regulation S, such Person shall take delivery thereof in the form of an interest in the Temporary Regulation S Global Class E Certificate or Regulation S Global Class E Certificate.  Upon receipt by the Class E Certificate Paying Agent of (A) such Certificated Class E Certificate properly endorsed for such transfer, and written instructions from such Holder directing the Class E Certificate Paying Agent to cause to be credited a beneficial interest in the Temporary Regulation S Global Class E Certificate or Regulation S Global Class E Certificate representing a number of Class E Certificates equal to the number of Class E Certificates transferred of such Certificated Class E Certificate, (B) a written order containing information regarding the Euroclear or Clearstream account to be credited with such increase and (C) a certificate in the form of Exhibit B-2 attached hereto, given by the Holder of such Certificated Class E Certificate stating that the exchange or transfer of such interest has been made in compliance with the transfer restrictions applicable to the Temporary Regulation S Global Class E Certificate or Regulation S Global Class E Certificate, including that the proposed transferee or the person requesting such exchange, as the case may be, is not a U.S. person and that the proposed transfer is being made pursuant to and in accordance with Regulation S, then the Class E Certificate Paying Agent shall cancel such Certificated Class E Certificate in accordance with Section 2.11, record the transfer in the Class E Certificates Register in accordance with Section 2.7(a) and instruct the Depositary to increase the number of Class E Certificates represented by the Temporary Regulation S Global Class E Certificate or Regulation S Global Class E Certificate by the number of Class E Certificates to be transferred, and to credit or cause to be credited to the account of the Person specified in such instructions a beneficial interest in the Temporary Regulation S Global Class E Certificate or Regulation S Global Class E Certificate equal to the amount specified in the instructions received pursuant to clause (A) above.  Notwithstanding anything else in this Section 2.7(g)(iii), prior to the Exchange Date a Certificated Class E Certificate may only be exchanged or transferred for an equivalent beneficial interest in the corresponding Temporary Regulation S Global Class E Certificate.

(iv)    Certificated Class E Certificates to Certificated Class E Certificates.  If a Holder of Class E Certificates in the form of Certificated Class E Certificates wishes at any time to transfer such Class E Certificates to a U.S. person (as defined in Regulation S), such Holder may transfer or cause the transfer of such Class E Certificates in the form of Class E Certificates represented by one or more Certificated Class E Certificates as provided below.  Upon receipt by the Class E Certificate Paying Agent or Class E Certificate Registrar of (A) such Holder's Certificated Class E Certificate properly endorsed for assignment to the transferee, (B) a properly completed transfer certificate in the form of Exhibit B-1 attached hereto (together with all applicable properly completed attachments thereto) delivered by the proposed transferee of the Class

20

E Certificate, and (C) to the extent required pursuant to Section 2.3 or such certificate, an Opinion of Counsel, the Class E Certificate Paying Agent shall cancel such Certificated Class E Certificate in accordance with Section 2.11 and advise the Class E Certificate Registrar of such transfer and cancellation, the Class E Certificate Registrar shall record the transfer and cancellation in the Class E Certificate Register in accordance with Section 2.7(a) and, upon execution by or for and on behalf of the Issuer, the Class E Certificate Paying Agent shall deliver one or more Certificated Class E Certificates representing in the aggregate the number of the Class E Certificates transferred by the transferor, and in the authorized minimum number of the Class E Certificates and integral multiples specified in Section 2.5.   After giving effect to such transfer, the Class E Certificate Paying Agent shall deliver Certificated Class E Certificates to the transferor representing the number, if any, of the Class E Certificates represented by the cancelled Certificated Class E Certificates (prior to such transfer) that were retained by such transferor.

(v)     Exchange of Class E Certificates.   If a Holder of one or more Certificated Class E Certificates wishes at any time to exchange any or all such Class E Certificates for one or more Class E Certificates representing in the aggregate the same number of Class E Certificates as are represented by the Class E Certificate(s) to be exchanged, such Holder may exchange or cause the exchange of such Class E Certificate(s) as provided below. Upon receipt by the Class E Certificate Paying Agent or the Class E Certificate Registrar of (A) such Holder's Class E Certificate(s) properly endorsed for such exchange and (B) written instructions from such Holder designating the number of the Certificated Class E Certificates to be issued and the number of the Class E Certificates to be represented by each such Certificated Class E Certificates (the aggregate number of such Class E Certificates being equal to the number of the Class E Certificates surrendered for exchange), the Class E Certificate Paying Agent or the Class E Certificate Registrar shall cancel such surrendered Class E Certificate(s) in accordance with Section 2.11, record the exchange in the Class E Certificate Register in accordance with Section 2.7(a) and shall instruct the Issuer to execute the Certificated Class E Certificates and the Class E Certificate Paying Agent shall authenticate and deliver one or more Certificated Class E Certificates representing in the aggregate the same number of Class E Certificates as are represented by the Class E Certificate(s) endorsed for exchange, registered in the same names as the Class E Certificate(s) surrendered by such Holder, and each in the authorized minimum number of the Class E Certificates and integral multiples specified in Section 2.5.

(vi)     Issuance of Class E Certificates Upon Exchange of Class Q-1 or Class P Securities.   If a Holder of Class Q-1 Securities or Class P Securities exchanges such securities for their respective components in accordance with the Indenture, the Class E Certificate Paying Agent shall deliver the applicable Certificated Class E Certificates (upon execution thereof by the Issuer) and/or instruct the Depositary to increase the number of Class E Certificates represented

21

by the Temporary Regulation S Global Class E Certificates or Regulations S Global Class E Certificates, as applicable, in accordance with the provisions of the Indenture.

(h) Each initial purchaser of Certificated Class E Certificates, and after the Closing Date, each Person that becomes a Holder of a Certificated Class E Certificate shall be required to deliver to the Class E Certificate Paying Agent a transfer certificate in the form of Exhibit B-1 hereto (with appropriate modifications in the case of a transfer that is a mortgage, charge, pledge or hypothecation or other appropriate modifications acceptable to the Issuer) in which it shall represent and agree as set forth therein.

(i) The Class E Certificate Paying Agent shall not be responsible for ascertaining whether any transfer complies with, or for otherwise monitoring or determining compliance with, the requirements or terms of the Securities Act, Investment Company Act, applicable state securities laws, ERISA or the Code; except that if a transfer certificate or Opinion of Counsel is specifically required by the terms of Section 2.3 or this Section 2.7 to be provided to the Class E Certificate Paying Agent, the Class E Certificate Paying Agent shall be under a duty to receive and examine the same to determine whether it conforms substantially on its face to the applicable requirements of this Section 2.7.

(j) The Class E Certificates shall be subject to the provisions of Section 2.4 of the Indenture relating to Maturity Extensions and the provisions of Section 9.6 of the Indenture relating to Amendment Buy-Outs. In addition, Directing Class E Certificates are subject to purchase under the terms and conditions set forth in Section 12(c) of the Management Agreement.

(k) Any purported transfer of a Class E Certificate not in accordance with this Section 2.7 shall be null and void ab initio and shall not be given effect for any purpose hereunder.

Section 2.8 Mutilated, Defaced, Destroyed, Lost or Stolen Class E Certificates. If (a) any mutilated or defaced Class E Certificate is surrendered to the Class E Certificate Registrar or if there shall be delivered to the Class E Certificate Paying Agent and the Class E Certificate Registrar evidence to their reasonable satisfaction of the destruction, loss or theft of any Class E Certificate, and (b) there is delivered to the Issuer, the Class E Certificate Paying Agent and the Class E Certificate Registrar such security or indemnity as may be reasonably satisfactory to them to save each of them harmless, then, in the absence of notice to the Issuer, the Class E Certificate Paying Agent or the Class E Certificate Registrar that the Class E Certificates or interest therein have been acquired by a bona fide or protected purchaser, the Issuer shall execute and, upon Issuer Request, the Class E Certificate Paying Agent shall deliver, in exchange for or in lieu of any such mutilated, defaced, destroyed, lost or stolen Class E Certificate, a new Class E Certificate, of like tenor (including the same date of issuance) and representing the same number of Class E Certificates, registered in the same manner, dated the date of its issuance and bearing a number not contemporaneously outstanding.

22

If, after delivery of such new Class E Certificate, a bona fide or protected purchaser of the predecessor Class E Certificate presents for payment, transfer or exchange such predecessor Class E Certificate, the Issuer, the Class E Certificate Paying Agent and the Class E Certificate Registrar shall be entitled to recover such new Class E Certificate from the Person to whom it was delivered or any Person taking title therefrom, except a bona fide or protected purchaser, to amend the Class E Certificate Register accordingly, and shall be entitled to recover upon the security or indemnity provided therefor to the extent of any loss, damage, cost or expense incurred by the Issuer, the Class E Certificate Paying Agent and the Class E Certificate Registrar in connection therewith. If any such mutilated, defaced, destroyed, lost or stolen Class E Certificate shall have been called for redemption in full, instead of issuing a new Class E Certificates, the Issuer may redeem such Class E Certificates without surrender thereof, except that any mutilated or defaced Class E Certificate shall be surrendered.

Upon the issuance of any new Class E Certificate under this Section 2.8, the Issuer, the Class E Certificate Paying Agent or the Class E Certificate Registrar may require the payment by the registered Holder thereof of a sum sufficient to cover any tax or other governmental charge that may be imposed in relation thereto.

The provisions of this Section 2.8 are exclusive and shall preclude (to the extent lawful) all other rights and remedies with respect to the replacement or payment of mutilated, defaced, destroyed, lost or stolen Class E Certificate Certificates.

Section 2.9    Class E Certificate Distribution Accounts; Dividends and any Final Distribution on Class E Certificates.

(a)  (i)  Establishment of Class E Certificate Distribution Account.  The Class E Certificate Paying Agent shall, prior to the Closing Date, establish a single, segregated non-interest bearing trust account, designated as the "Class E Certificates Distribution Account," which shall be in the name of the Class E Certificate Paying Agent for the benefit of the Issuer and over which the Class E Certificate Paying Agent shall have exclusive control and the sole right of withdrawal.  On each Payment Date and the Scheduled Class E Certificates Redemption Date and on any other relevant date, the Class E Certificate Paying Agent shall deposit into the Class E Certificate Distribution Account the amounts received from the Trustee that are payable to the Class E Certificateholders pursuant to the Priority of Payments.  Any and all funds at any time on deposit in, or otherwise to the credit of, the Class E Certificate Distribution Account and not being disbursed for payment shall be invested by the Class E Certificate Paying Agent for the benefit of the Issuer in Eligible Investments designated by a Majority of Class E Certificateholders and having stated maturities no later than the Business Day immediately preceding the next Payment Date.  Payments shall be made from the Class E Certificate Distribution Account only in accordance with the provisions set forth below. The Class E Certificate Paying Agent or its Affiliates are permitted to receive additional compensation that could be deemed to be in the Class E Certificate Paying Agent's economic self-interest for (i) serving as investment adviser, administrator, shareholder, servicing agent, custodian or sub-custodian with respect to certain of the Eligible

23

Investments, (ii) using Affiliates to effect transactions in certain Eligible Investments and (iii) effecting transactions in certain Eligible Investments

(b) <u>Payment of Dividends to the Class E Certificateholders</u>. On each Payment Date or other relevant date other than the Scheduled Class E Certificates Redemption Date, the Class E Certificate Paying Agent shall distribute to the Class E Certificateholders, pro rata according to the number of Class E Certificates held by each such Class E Certificateholder, a dividend from amounts, if any, available for such purpose and on deposit in the Class E Certificate Distribution Account; <u>provided</u>, that the Class E Certificate Paying Agent shall transfer to the Trustee (or otherwise arrange for the Trustee to distribute) the applicable pro rata portion of such dividend payable (x) to the Holder of Class E Certificates represented by the Class P-1 Class E Certificate Component for deposit into the Class P-1 Collection Account and (y) to the Holder of Class E Certificates represented by the Class P-2 Class E Certificate Component for deposit into the Class P-2 Collection Account. Notwithstanding the foregoing, distributions to the Class E Certificateholders on any such Payment Date or other relevant date out of amounts on deposit in the Class E Certificate Distribution Account (i) shall be subject to the Issuer being solvent under Cayman Islands law (defined as the Issuer being able to pay its debts as they become due in the ordinary course of business) immediately prior to, and after giving effect to, such payment and (ii) in the case of a dividend made on a date other than the Scheduled Class E Certificates Redemption Date, shall be made only to the extent that the Issuer has sufficient Class E Certificate Surplus out of which to make such payment, in each case immediately prior to, and after giving effect to, such distribution. If the conditions set forth in either clause (i) or clause (ii) above are not satisfied with respect to any portion of the Class E Certificate Dividend Amount, such portion of such amount shall not be paid on the Class E Certificates and shall be held by the Class E Certificate Paying Agent on behalf of the Issuer until the first succeeding Payment Date upon which both such conditions are satisfied (as notified by the Issuer to the Class E Certificate Paying Agent). The amounts distributable to the Class E Certificate Paying Agent for deposit into the Class E Certificate Distribution Account shall be subordinate to the payment of interest on the Notes and certain other amounts payable in accordance with the Priority of Payments. To the extent available, distributions shall be made first out of Distributable Profits for the current Interest Period, then out of Distributable Profits in excess of dividends for prior Interest Periods and then out of Class E Certificate Premium. The Issuer shall notify the Class E Certificate Paying Agent in writing not less than two Business Days prior to the related Payment Date in the event that the Issuer is not solvent, or would become insolvent after dividends or other distributions are paid on such Payment Date, or if there is not enough Class E Certificate Surplus to pay such dividends or other distributions.

(c) <u>Distribution of the Class E Certificate Redemption Price</u>. On the Scheduled Class E Certificates Redemption Date, the Class E Certificate Paying Agent shall distribute to the Class E Certificateholders pro rata according to the number of Class E Certificates held by each Class E Certificateholder the Class E Certificate Redemption Price with respect to the Class E Certificates; <u>provided</u>, that the Class E Certificate Paying Agent shall transfer to the Trustee (or otherwise arrange for the Trustee to

distribute) the applicable pro rata portion of such Class E Certificate Redemption Price payable (x) to the Holder of Class E Certificates represented by the Class P-1 Class E Certificate Component in respect of such Class E Certificates for deposit into the Class P-1 Collection Account and (y) to the Holder of Class E Certificates represented by the Class P-2 Class E Certificate Component in respect of such Class E Certificates for deposit into the Class P-2 Collection Account. Notwithstanding the foregoing, the distribution of the Class E Certificate Redemption Price shall be subject to the Issuer being solvent under Cayman Islands law (defined as the Issuer being able to pay its debts as they become due in the ordinary course of business) immediately prior to, and after giving effect to, such payment. For purposes of this subsection (c), a determination as to whether the Issuer is solvent on the Scheduled Class E Certificates Redemption Date shall be made by the Issuer (A) after giving effect to any payments to be made on the Scheduled Class E Certificates Redemption Date and (B) in light of the fact that the obligations of the Issuer to the Noteholders, the Portfolio Manager, the Trustee, the Class E Certificate Paying Agent, the Collateral Administrator and the other Persons subject to the Priority of Payments are limited in recourse to the Collateral, and not to (i) amounts in the Class E Certificate Distribution Account or (ii) any other amounts released from the Collateral in accordance with the Indenture and held by or on behalf of the Issuer for the benefit of the Class E Certificateholders, and that after the assets in the Collateral are exhausted, such parties shall have no further claim against the Issuer. If such condition is not satisfied on the Scheduled Class E Certificates Redemption Date with respect to any portion of the Class E Certificate Redemption Price, such portion shall not be paid on the Class E Certificates until the first succeeding Business Day upon which such condition is satisfied as notified by the Issuer to the Class E Certificate Paying Agent and the amounts so retained in the Class E Certificate Distribution Account shall be held for the benefit of the Issuer until such amounts are paid. The Issuer shall notify the Class E Certificate Paying Agent in writing not less than two Business Days prior to the related Scheduled Class E Certificates Redemption Date in the event that the Issuer is not solvent.

(d) Notice of Attachment. The Class E Certificate Paying Agent agrees to give each of the Issuer and the Portfolio Manager immediate notice if the Class E Certificate Distribution Account or any funds on deposit therein, or otherwise to the credit of the Class E Certificate Distribution Account, shall become subject to any writ, order, judgment, warrant of attachment, execution or similar process. In addition, the Class E Certificate Paying Agent shall provide notice to each of the Issuer and the Portfolio Manager in the event that any portion of the Class E Certificate Dividend Amount or Class E Certificate Redemption Price is not distributed to the Class E Certificateholders. Neither the Class E Certificate Paying Agent nor the Class E Certificate Registrar shall have any legal, equitable or beneficial interest in the Class E Certificate Distribution Account or any amounts on deposit therein.

(e) Payments to Holders of Class E Certificates. All payments of dividends and any final distribution on any Class E Certificate shall be made in United States dollars to the Holder or its nominee, by wire transfer, as directed by the Holder, in immediately available funds; provided that if appropriate instructions for any such wire transfer are not received at least five (5) Business Days prior to the relevant Payment

Date, then such payment shall be made by check drawn on a United States bank mailed to the address of the Holder specified in the Class E Certificate Register as of the Record Date applicable to such Payment Date; provided, that payment of dividends and any final distribution on Class E Certificates represented by the Class P-1 Class E Certificate Component or the Class P-2 Class E Certificate Component, as applicable, shall be made by transfer to the Trustee for deposit (or by the Trustee directly depositing) such amounts into the Class P-1 Collection Account or the Class P-2 Collection Account, as applicable. A record of each payment made in respect of the Class E Certificates shall be maintained by or on behalf of the Class E Certificate Paying Agent in accordance with its customary procedures, and such record shall be prima facie evidence that the payment in question has been made. The Issuer and the Class E Certificate Paying Agent shall be fully protected relying upon any wire transfer instructions received from a Class E Certificateholder as described above in this clause (e) in making payments in accordance herewith on the Class E Certificates, and any payment transmitted in accordance with such instructions to Holders of the Class E Certificates in whose names such Class E Certificates were registered at the close of business on the preceding Record Date shall be deemed to have been made upon transmission thereof to the banking institution identified in such instructions. Subject to Section 6.4 hereof or as otherwise expressly provided herein, the final payment on any Class E Certificate, however, shall be made only upon presentation and surrender of the applicable Class E Certificate at the office or agency specified in the notice of final payment mailed to the Holders of the Class E Certificates, including the office of any paying agent specified in such notice.

(f) If any payment on the Class E Certificates is due on a day that is not a Business Day, then payment shall be made on the next succeeding Business Day with the same force and effect as if made on the date for payment.

(g) All payments by the Class E Certificate Paying Agent hereunder shall be made without charging any commission or fee to the Holders of the Class E Certificates.

Section 2.10 <u>Persons Deemed Owners</u>. The Issuer, the Class E Certificate Registrar and the Class E Certificate Paying Agent shall deem and treat any Class E Certificateholder registered in the Class E Certificate Register as the absolute owner of such Class E Certificate, notwithstanding any notation of ownership or other writing on any Class E Certificate, for the purpose of receiving dividends thereon and the Class E Certificate Redemption Price thereof and for all other purposes, and none of the Issuer, the Class E Certificate Registrar or the Class E Certificate Paying Agent shall be affected by any notice to the contrary. All such payments so made to such Class E Certificateholder or upon such Class E Certificateholder's order shall be valid and, to the extent of the sum or sums so paid, effectual to satisfy and discharge the liability for the monies payable upon any such Class E Certificate. All notices and communications to be given to the Holders and all payments to be made to Holders in respect of the Class E Certificates shall be given or made only to or upon the order of the registered Holders determined as of (i) the relevant Record Date, in the case of payments, or (ii) any other

26

date of determination selected by the Issuer or the Class E Certificate Paying Agent, as applicable, in the case of notices and communications.

Section 2.11 <u>Cancellation</u>. Any Class E Certificate surrendered for redemption, registration of transfer or exchange or deemed destroyed, lost or stolen shall, if surrendered to any Person other than the Class E Certificate Paying Agent, be delivered to the Class E Certificate Paying Agent and shall be promptly canceled by it (and notification thereof shall be given to the Class E Certificate Registrar), and any Class E Certificates which have been redeemed by the Issuer may not be reissued or resold. Any canceled Class E Certificate held by the Class E Certificate Paying Agent shall be handled by the Class E Certificate Paying Agent in accordance with its standard retention policy unless the Issuer shall direct by an Issuer Order that it be returned to it. Upon redemption of any Class E Certificates, the name of the Holder thereof in respect of such Class E Certificates shall be removed from the Class E Certificate Register, and such Class E Certificateholder shall cease to be entitled to any rights in respect thereof except the right to receive the Class E Certificate Redemption Price and any dividend which was due and payable on or prior to the date of such redemption.

Section 2.12 <u>Required Sale of Class E Certificates by Holder Upon Occurrence of Certain Circumstances</u>. (a) Notwithstanding anything to the contrary herein, any transfer to a Holder of a Class E Certificate who (i) is a U.S. person (as defined in Regulation S) that is determined not to have been both (x) a Qualified Institutional Buyer or an Accredited Investor and (y) a Qualified Purchaser or Knowledgeable Employee or (ii) is a non-U.S. person that is determined not to have acquired the Class E Certificate in compliance with Regulation S at the time of acquisition of such Class E Certificate or (iii) has made a false representation with respect to any of the matters described in its representations in its transfer certificate or its deemed representations under Section 2.4, as applicable (any such Person, a "<u>Non-Permitted Holder</u>") shall be null and void <u>ab initio</u> and any such purported transfer of which the Issuer, the Class E Certificate Registrar or the Class E Certificate Paying Agent shall have written notice or a Responsible Officer of the Class E Certificate Paying Agent has actual knowledge may be disregarded by the Issuer, the Class E Certificate Registrar and the Class E Certificate Paying Agent for all purposes. The Issuer shall be entitled to require any Non-Permitted Holder to sell such interest within 30 days after receipt of notice to a Qualified Transferee who makes such acknowledgments, representations and agreements required to be made and delivers such certificates and opinions required to be delivered by a transferee of an interest in a Class E Certificate pursuant to Section 2.7. If such Non-Permitted Holder fails to effect the sale within such 30-day period, the Issuer may cause such Non-Permitted Holder's interest in the Class E Certificates to be transferred as provided herein to a Qualified Transferee that certifies to the Class E Certificate Paying Agent and the Issuer that such Person is a Qualified Transferee, together with such acknowledgments, representations and agreements required to be made and delivers such certificates and opinions required to be delivered by a transferee of an interest in a Class E Certificate pursuant to Section 2.7. No payments shall be made with respect to such Class E Certificate from the date notice of the sale requirement is sent to the date on which the interest is sold. The Issuer shall also be entitled not to honor a transfer of an interest a

Class E Certificate to a transferee that the Issuer believes is not a Qualified Transferee. In connection therewith, the Issuer shall also be entitled to require any Holder of a Class E Certificate to certify, upon request by the Issuer, whether such Holder is (i) a U.S. Person and was both (x) either a Qualified Institutional Buyer or an Accredited Investor and (y) either a Qualified Purchaser or Knowledgeable Employee at the time of acquisition thereof or (ii) is a non-U.S. Person and was a non-U.S. person at the time of acquisition thereof. The Issuer shall be entitled to assume that any Holder of a Class E Certificate that does not respond to such request is a Non-Permitted Holder.In the event that the Issuer causes the sale of the applicable Class E Certificates following failure of the Holder thereof to do so within the prescribed 30-day period, as described in Section 2.12(a) hereof, the Issuer may select a purchaser by any means determined by it in its sole discretion. The proceeds of such sale, net of any commissions, expenses and taxes due in connection with such sale shall be remitted to such prior Holder of the Class E Certificates. The terms and conditions of any sale under this subsection shall be determined in the sole discretion of the Issuer, and neither the Issuer nor the Class E Certificate Paying Agent shall be liable to any Person having the Class E Certificates or interests therein sold as a result of any such sale or the exercise of such discretion. Each Holder of a Class E Certificate shall be required to acknowledge and agree to the Issuer's entitlement to require any sale in connection with the circumstances described in this Section 2.12 and shall be required to agree to cooperate with such sale.

## ARTICLE III

## THE CLASS E CERTIFICATE PAYING AGENT

Section 3.1    Certain Duties and Responsibilities. (a) The Class E Certificate Paying Agent undertakes to perform such duties and only such duties as are specifically set forth in this Agreement and no implied covenants or obligations shall be read into this Agreement against the Class E Certificate Paying Agent.

(b) In the absence of willful misconduct, gross negligence or reckless disregard of obligations on its part, the Class E Certificate Paying Agent may conclusively rely, as to the truth of the statements and the correctness of the opinions expressed therein, upon certificates or opinions furnished to the Class E Certificate Paying Agent and conforming to the requirements of this Agreement; provided, however, that in the case of any such certificates or opinions which by any provision hereof are specifically required to be furnished to the Class E Certificate Paying Agent, the Class E Certificate Paying Agent shall be under a duty to examine the certificates and opinions to determine whether or not they conform on their face to the requirements of this Agreement, and shall promptly, but in any event within three (3) Business Days in the case of an Officer's Certificate furnished by the Issuer, notify the party delivering the same if such certificate or opinion does not so conform. If a corrected certificate or opinion shall not have been delivered to the Class E Certificate Paying Agent within 15 days after such notice from the Class E Certificate Paying Agent, the Class E Certificate Paying Agent shall so notify the Holders of the Class E Certificates.

(c) No provision of this Agreement shall be construed to relieve the Class E Certificate Paying Agent from liability for its own gross negligent action, its own gross negligent failure to act, or its own willful misconduct, except that:

(i) this subclause (c) does not limit the effect of subclause (a) or (b) of this Section 3.1;

(ii) the Class E Certificate Paying Agent shall not be liable for any error of judgment made in good faith by a Responsible Officer unless the Class E Certificate Paying Agent was grossly negligent in ascertaining the pertinent facts; and

(iii) the Class E Certificate Paying Agent shall not be liable with respect to any action it takes or omits to take in good faith in accordance with the direction of the Issuer and/or the Class E Certificateholders to the Class E Certificate Paying Agent in accordance with this Agreement under circumstances in which such direction is required or permitted by the terms of this Agreement.

(d) No provision of this Agreement shall require the Class E Certificate Paying Agent to expend or risk its own funds or incur any financial liability in the performance of any of its duties hereunder, or in the exercise of any of its rights or powers, if it shall have reasonable grounds to believe that repayment of such funds or indemnity against such risk or liability is not reasonably assured to it unless such risk or liability relates to the performance of its ordinary services under this Agreement. In no event shall the Class E Certificate Paying Agent be liable under or in connection with this Agreement for special, indirect or consequential loss or damage (including, but not limited to, lost profits), even if the Class E Certificate Paying Agent has been advised of the likelihood of such damage and regardless of the form of action taken.

(e) Whether or not therein expressly so provided, every provision of this Agreement relating to the Class E Certificate Paying Agent shall be subject to the provisions of this Section 3.1 and Section 3.2 hereof.

Section 3.2 <u>Rights of Class E Certificate Paying Agent</u>. Except as otherwise provided in Section 3.1:

(a) the Class E Certificate Paying Agent may rely conclusively and shall be fully protected in acting or refraining from acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, direction, consent, order, bond, note or other paper or document believed by it in good faith to be genuine and to have been signed or presented by the proper party or parties;

(b) any request, consent or direction of the Issuer mentioned herein shall be sufficiently evidenced by an Issuer Order, and any request, consent or direction from the Portfolio Manager mentioned herein shall be sufficiently evidenced by a written request or direction from, or consented to or approved by, an authorized officer of the Portfolio Manager;

(c) whenever in the administration of this Agreement the Class E Certificate Paying Agent shall deem it desirable that a matter be proved or established prior to taking, suffering or omitting any action hereunder, the Class E Certificate Paying Agent (unless other evidence be herein specifically prescribed) may, in the absence of bad faith on its part, rely conclusively upon an Officer's Certificate;

(d) as a condition to the taking or omitting of any action by it hereunder, the Class E Certificate Paying Agent may consult with counsel of its own selection and the advice of such counsel or any Opinion of Counsel shall be full and complete authorization and protection in respect of any action taken or omitted by it hereunder in good faith and in reliance thereon;

(e) the Class E Certificate Paying Agent shall be under no obligation to exercise any of the rights or powers vested in it by this Agreement or to honor the request or direction of any of the Class E Certificateholders pursuant to this Agreement unless such Class E Certificateholders shall have offered to the Class E Certificate Paying Agent reasonable security or indemnity satisfactory to it against the costs, expenses and liabilities which might reasonably be incurred by it in compliance with such request or direction;

(f) the Class E Certificate Paying Agent shall not be bound to make any investigation into the facts or matters stated in any resolution, certificate, statement, instrument, opinion, report, notice, request, direction, consent, order, bond, note, other paper or document, but the Class E Certificate Paying Agent, in its discretion, may and, upon the written direction of a Majority of the Class E Certificates, shall make such further inquiry or investigation into such facts or matters as it may see fit or as it shall be directed at the sole expense of the Issuer, and the Class E Certificate Paying Agent shall incur no liability or additional liability of any kind by any reason of such inquiry or investigation, and the Class E Certificate Paying Agent shall be entitled, on reasonable request made in advance to the Issuer, to examine the books and records of the Issuer relating to the Class E Certificates and the Eligible Investments in the Class E Certificate Distribution Account, personally or by agent or attorney during normal business hours; provided, that the Class E Certificate Paying Agent shall, and shall cause its agents to, hold in confidence all such information, except to the extent disclosure may be required by law or by any regulatory or judicial authority and except to the extent that the Class E Certificate Paying Agent, in its sole judgment, may determine that such disclosure is consistent with its obligations hereunder;

(g) the Class E Certificate Paying Agent may execute any of the trusts or powers hereunder or perform any duties hereunder either directly or by or through agents or attorneys and the Class E Certificate Paying Agent may employ or retain such accountants, appraisers or other experts or advisors as it may reasonably require for the purpose of determining and discharging its rights and duties hereunder; and the Class E Certificate Paying Agent shall not be responsible for any misconduct or gross negligence on the part of any agent or advisor appointed or retained, or attorney appointed, with due care by the Class E Certificate Paying Agent hereunder;

30

(h) the Class E Certificate Paying Agent shall not be deemed to have notice or knowledge of any matter unless a Responsible Officer within the Corporate Trust Office has actual knowledge thereof or unless written notice thereof is received by the Class E Certificate Paying Agent at the Corporate Trust Office and such notice references the Class E Certificates generally, the Issuer or this Agreement;

(i) to the extent permitted by applicable law, the Class E Certificate Paying Agent shall not be required to give any bond or surety in respect of the execution of this Agreement or otherwise;

(j) the Class E Certificate Paying Agent shall not be liable for any action it takes or omits to take in good faith that it reasonably believes to be authorized or within its discretion, rights or powers hereunder; and

(k) the rights, privileges, protections and benefits given to the Class E Certificate Paying Agent, including, without limitation, its rights to be indemnified, are extended on the same terms to, and shall be enforceable by, the Class E Certificate Paying Agent in each of its capacities hereunder and each agent, custodian and other Person employed with due care by the Class E Certificate Paying Agent to act hereunder.

(i) the enumeration of any permissible right or power herein available to the Class E Certificate Paying Agent shall not be construed to be the imposition of a duty.

Section 3.3    Class E Certificate Paying Agent May Own Class E Certificates. The Class E Certificate Paying Agent and the Class E Certificate Registrar, in their respective individual capacities or any other capacity, may become the owner or pledgee of Class E Certificates and may otherwise deal with the Issuer or any of its Affiliates with the same rights it would have if it were not the Class E Certificate Paying Agent or the Class E Certificate Registrar.

Section 3.4    Class E Certificate Paying Agent's Disclaimer. The Class E Certificate Paying Agent shall not be responsible for and, except as set forth in Section 3.14, makes no representations as to the validity or adequacy of this Agreement or any related documents. It shall not be accountable for the use by the Issuer of the proceeds from the Class E Certificates, it shall not be responsible for any statement of the Issuer in this Agreement or in any document issued in connection with the sale of the Class E Certificates or in the Class E Certificates and it shall in no event assume or incur any liability, duty or obligation to any Class E Certificateholder, other than as expressly provided in this Agreement or by law. Under no circumstances shall the Class E Certificate Paying Agent be liable for indebtedness evidenced by or arising under any of the Class E Certificate Documents, including the amounts payable on the Class E Certificates.

Section 3.5    Money Held in Trust. Money held by the Class E Certificate Paying Agent shall be held in trust hereunder in a segregated account. The Class E Certificate Paying Agent shall be under no liability for interest on any Money received by

31

it hereunder except as otherwise agreed upon with the Issuer and except to the extent of income or other gain on investments which are deposits in or certificates of deposit of the Class E Certificate Paying Agent in its commercial capacity and income or other gain actually received by the Class E Certificate Paying Agent on amounts on deposit in the Class E Certificate Distribution Account.

Section 3.6    Compensation; Reimbursement; Indemnity.  (a) The Issuer agrees, subject to the Priority of Payments under the Indenture:

(i)    to pay the Class E Certificate Paying Agent on each Payment Date reasonable compensation as shall be set forth in a separate letter agreement for all services, including custodial services, rendered by it hereunder in accordance with the Priority of Payments;

(ii)    except as otherwise expressly provided herein and in accordance with the Priority of Payments, to reimburse the Class E Certificate Paying Agent in a timely manner upon its request for all reasonable expenses, disbursements and advances incurred or made by the Class E Certificate Paying Agent in accordance with any provision of this Agreement or in the enforcement of any provision hereof (including securities transaction charges) and the reasonable compensation and the expenses incurred by the Class E Certificate Paying Agent including, without limitation, any legal counsel, investment banking firm, accounting firm or any other agent employed by the Class E Certificate Paying Agent pursuant to this Agreement and disbursements of its agents and counsel);

(iii)    to pay or to reimburse the Class E Certificate Paying Agent for its payment of the fees of any accounting firm or investment banking firm employed by the Class E Certificate Paying Agent as provided herein; and

(iv)    to indemnify fully and hold harmless each of the Class E Certificate Paying Agent, its directors, officers, employees and agents for, and to hold each of them harmless against, any claims, loss, liability, damages, costs or expense (including without limitation, reasonable counsel fees and expenses) incurred without gross negligence, willful misconduct or bad faith arising out of or in connection with the acceptance or administration of this Agreement, including the costs and expenses of defense against any claim or liability in connection with the exercise or performance of any of its powers or duties hereunder.

(b) If on any date when a fee or expense shall be payable to the Class E Certificate Paying Agent pursuant to this Agreement insufficient funds are available for the payment thereof in accordance with the Priority of Payments, any portion of a fee or expense not so paid shall be deferred and payable on such later date on which a fee or expense shall be payable and sufficient funds are available therefor.

32

(c) The provisions of this Section 3.6 shall survive the termination of this Agreement and the resignation or removal of the Class E Certificate Paying Agent under this Agreement.

Fees applicable to periods shorter or longer than a calendar quarterly period shall be prorated based on the number of days within such period. The Class E Certificate Paying Agent shall receive amounts pursuant to this Section 3.6 only to the extent that the payment thereof will not result in an Event of Default under the Indenture and the failure to pay such amounts to the Class E Certificate Paying Agent shall not, by itself, constitute an Event of Default under the Indenture.

Section 3.7    Eligibility; Disqualification.  The Class E Certificate Paying Agent shall (a) be a Person organized and doing business under the laws of the United States of America or of any state thereof, (b) be authorized under such laws to exercise corporate trust powers, (c) have an office in the United States, (d) have a combined capital and surplus of at least $200,000,000 and be subject to supervision or examination by federal or state authorities, and (e) have (or have a parent which has) a long-term unsecured debt or deposit rating of at least "Baa1" by Moody's, "BBB+" by Standard & Poor's. If such Person shall publish reports of condition at least annually, pursuant to law or to the requirements of the aforesaid supervising or examining authority, then for the purpose of this Section 3.7, the combined capital and surplus of such Person shall be deemed to be its combined capital and surplus as set forth in its most recent report of condition so published. If at any time the Class E Certificate Paying Agent shall cease to be eligible in accordance with the provisions of this Section 3.7, the Class E Certificate Paying Agent shall resign immediately in the manner and with the effect specified in Section 3.8.

Section 3.8    Resignation and Removal; Appointment of Successor.  (a) No resignation or removal of the Class E Certificate Paying Agent and no appointment of a successor Class E Certificate Paying Agent pursuant to this Article III shall become effective until the acceptance of appointment by the successor Class E Certificate Paying Agent under Section 3.9. The indemnifications in favor of the Class E Certificate Paying Agent in Section 3.6 shall survive any resignation or removal of the Class E Certificate Paying Agent and the termination of this Agreement (to the extent of any indemnified liabilities, costs, expenses and other amounts arising or incurred prior to, or arising out of actions or omissions occurring prior to, such resignation, removal or termination).

(b) The Class E Certificate Paying Agent may resign at any time by giving 30 days' prior written notice thereof to the Issuer, the Class E Certificateholders, the Trustee and the Portfolio Manager.

(c) The Class E Certificate Paying Agent may be removed at any time by a Majority of the Class E Certificates upon written notice thereof to the Issuer, the Trustee and the Portfolio Manager.

(d) If at any time:

33

(i) the Class E Certificate Paying Agent shall cease to be eligible under Section 3.7 and shall fail to resign after written request therefor by the Issuer or by any Class E Certificateholder; or

(ii) the Class E Certificate Paying Agent shall become incapable of acting; or

(iii) a court having jurisdiction in the premises in respect of the Class E Certificate Paying Agent in an involuntary case or proceeding under any federal or state banking or bankruptcy laws, as now or hereafter constituted, or any other applicable federal or state bankruptcy, insolvency or other similar law, shall have entered a decree or order granting relief or appointing a receiver, liquidator, assignee, custodian, trustee, conservator, sequestrator (or similar official) for the Class E Certificate Paying Agent or for any substantial part of the Class E Certificate Paying Agent's property, or ordering the winding-up or liquidation of the Class E Certificate Paying Agent's affairs; provided any such decree or order shall have continued unstayed and in effect for a period of thirty (30) consecutive days; or

(iv) the Class E Certificate Paying Agent commences a voluntary case under any federal or state banking or bankruptcy laws, as now or hereafter constituted, or any other applicable federal or state bankruptcy, insolvency or other similar law, or consents to the appointment of or taking possession by a receiver, liquidator, assignee, custodian, trustee, conservator, sequestrator (or other similar official) for the Class E Certificate Paying Agent or for any substantial part of the Class E Certificate Paying Agent's property, or makes any assignment for the benefit of its creditors or fails generally to pay its debts as such debts become due or takes any corporate action in furtherance of any of the foregoing;

then, in any such case, (A) the Issuer, by Issuer Order, may remove the Class E Certificate Paying Agent, and the Class E Certificate Paying Agent hereby agrees to resign immediately in the manner and with the effect provided in this Section 3.8 or (B) any Class E Certificateholder may, on behalf of itself and all others similarly situated, petition any court of competent jurisdiction for the removal of the Class E Certificate Paying Agent and the appointment of a successor Class E Certificate Paying Agent.

(e) If the Class E Certificate Paying Agent shall resign, be removed or become incapable of acting, or if a vacancy shall occur in the office of the Class E

Certificate Paying Agent for any cause, the Issuer, by Issuer Order, shall promptly appoint a successor Class E Certificate Paying Agent with the consent of a Majority of the Class E Certificateholders. If no successor Class E Certificate Paying Agent shall have been so appointed and shall have accepted appointment in the manner hereinafter provided within thirty (30) days after such removal or vacancy, the Class E Certificate Paying Agent or any Class E Certificateholder may, on behalf of itself and all others similarly situated, petition any court of competent jurisdiction for the appointment of a successor Class E Certificate Paying Agent meeting the standards set forth in Section 3.7 hereof.

(f) The Issuer shall give prompt notice of each resignation and each removal of the Class E Certificate Paying Agent and each appointment of a successor Class E Certificate Paying Agent by mailing written notice of such event by first class mail, postage prepaid, to the Portfolio Manager, to S&P and to the Class E Certificateholders as their names and addresses appear in the Class E Certificate Register. Each notice shall include, if known, the name of the successor Class E Certificate Paying Agent and the address of its Corporate Trust Office.

Section 3.9   Acceptance of Appointment by Successor. Every successor Class E Certificate Paying Agent appointed hereunder shall be required to meet the eligibility requirements set forth in Section 3.7 and shall execute, acknowledge and deliver to the Issuer and the retiring Class E Certificate Paying Agent an instrument accepting such appointment, and thereupon, the resignation or removal of the retiring Class E Certificate Paying Agent shall become effective and such successor Class E Certificate Paying Agent, without any other act, deed or conveyance, shall become vested with all the rights, powers, trusts, duties and obligations of the retiring Class E Certificate Paying Agent, but, on request of the Issuer, a Majority of the Class E Certificates or the successor Class E Certificate Paying Agent, such retiring Class E Certificate Paying Agent shall, upon payment of its fees and expenses then due, execute and deliver an instrument transferring to such successor Class E Certificate Paying Agent all the rights, powers and trusts of the retiring Class E Certificate Paying Agent, and shall duly assign, transfer and deliver to such successor Class E Certificate Paying Agent all property and Money held by such retiring Class E Certificate Paying Agent hereunder. Upon request of any such successor Class E Certificate Paying Agent, the Issuer shall execute any and all instruments for more fully and certainly vesting in and confirming to such successor Class E Certificate Paying Agent all such rights, powers and trusts.

Upon acceptance of appointment by a successor Class E Certificate Paying Agent as provided in this Section 3.9, the Issuer shall mail notice thereof by first-class mail, postage prepaid, to the Holders of the Class E Certificates at their last addresses appearing upon the Class E Certificate Register, to the Trustee, the retiring Class E Certificate Paying Agent and the Portfolio Manager. If the Issuer fails to mail such notice within ten (10) Business Days after acceptance of appointment by the successor Class E Certificate Paying Agent, the successor Class E Certificate Paying Agent shall cause such notice to be mailed at the expense of the Issuer.

Section 3.10 <u>Merger, Conversion, Consolidation or Succession to Business of Class E Certificate Paying Agent</u>. Any Person into which the Class E Certificate Paying Agent may be merged or with which it may be consolidated, or any Person resulting from any merger or consolidation to which the Class E Certificate Paying Agent shall be a party, or any Person succeeding to all or substantially all the corporate trust business of the Class E Certificate Paying Agent (a "<u>Change of Control</u>"), shall be the successor of the Class E Certificate Paying Agent under this Agreement; <u>provided</u>, <u>however</u>, that such Person shall be eligible under the provisions of Section 3.7, without the execution or filing of any instrument or any further act on the part of any of the parties to this Agreement, anything in this Agreement to the contrary notwithstanding.

Section 3.11 <u>Withholding</u>. If any withholding tax is imposed on the Issuer's payment (or allocations of current or previously accrued income) under the Class E Certificates to any Class E Certificateholder, such tax shall reduce the amount otherwise distributable to such Class E Certificateholder. The Class E Certificate Paying Agent is hereby authorized and directed if required by law to retain from amounts otherwise distributable to any Class E Certificateholder sufficient funds for the payment of any withholding tax that is legally owed by the Issuer, or required by law to be withheld by the Issuer or the Class E Certificate Paying Agent (but such authorization shall not prevent the Class E Certificate Paying Agent from contesting any such tax in appropriate Proceedings and withholding payment of such tax, if permitted by law, pending the outcome of such Proceedings). The amount of any withholding tax imposed with respect to any Class E Certificateholder shall be treated as cash distributed to such Class E Certificateholder at the time it is withheld by the Class E Certificate Paying Agent and remitted to the appropriate taxing authority and shall reduce the amount of the next distribution(s) made to the Class E Certificateholder to the extent thereof. If there is a possibility that withholding tax is payable with respect to a distribution, the Class E Certificate Paying Agent may in its sole discretion withhold such amounts in accordance with this Section 3.11. If any Class E Certificateholder wishes to apply for a refund of any such withholding tax, the Class E Certificate Paying Agent shall provide to such Class E Certificateholder any information with respect to such withholding tax reasonably available to the Class E Certificate Paying Agent so long as such Class E Certificateholder agrees to reimburse the Class E Certificate Paying Agent for any out-of-pocket expenses incurred. Nothing herein shall impose an obligation on the part of the Class E Certificate Paying Agent to determine the amount of any tax or withholding obligation on the part of the Issuer or in respect of the Class E Certificates. Each Holder, by its acceptance of Class E Certificates, agrees to provide any tax certification requested by the Class E Certificate Paying Agent or the Issuer to permit the Issuer to make payments to Holders without, or at a reduced rate of, withholding. The Class E Certificate Paying Agent hereby provides notice to each Class E Certificateholder that the failure of any such Class E Certificateholder to provide the Class E Certificate Paying Agent with appropriate tax certifications may result in amounts being withheld from payments to such Class E Certificateholder under this Agreement (provided that amounts withheld pursuant to applicable tax laws shall be considered as having been paid to them by the Issuer as provided above).

36

Section 3.12 <u>Non-Petition</u>. The Class E Certificate Paying Agent, by entering into this Agreement, hereby covenants and agrees that it shall not, prior to the date which is one year (or, if longer the then applicable preference period in the relevant jurisdiction) and one day after the termination of the Indenture with respect to the Indenture Securities pursuant to Section 4.1 of the Indenture, acquiesce, petition or otherwise invoke or cause the Issuer to invoke the process of any court or government authority for the purpose of commencing or sustaining a case against the Issuer under any Bankruptcy Law or appointing a receiver, liquidator, assignee, trustee, custodian, sequestrator or other similar official of the Issuer or any substantial part of its property, or making a general assignment for the benefit of creditors, or ordering the winding up or liquidation of the affairs of the Issuer, for the purpose of collecting any of the Class E Certificate Paying Agent's fees and expenses. Notwithstanding anything to the contrary herein, the other parties hereto agree that the obligations of the Issuer hereunder or arising in connection herewith shall constitute limited recourse obligations of the Issuer payable solely from the Collateral in accordance with the Priority of Payments, and following realization of the Collateral, all obligations of and all claims against the Issuer hereunder or arising in connection herewith shall be extinguished and shall not thereafter revive. Neither the Issuer nor any of its agents, partners, beneficiaries, officers, directors, employees or any Affiliate of any of them or any of their successors or assigns shall be personally liable for any amounts payable, or performance due, under this Agreement. It is understood that the foregoing provisions of this paragraph shall not (i) prevent recourse to the Collateral for the sums due or to become due under any security, instrument or agreement which is part of the Collateral or (ii) constitute a waiver, release or discharge of any indebtedness or obligation arising hereunder until such Collateral has been realized whereupon any outstanding indebtedness or obligation shall be extinguished. It is further understood that the foregoing provisions of this paragraph shall not (a) limit the right of any person to name the Issuer hereunder as a party defendant in any action, suit or in the exercise of any other remedy hereunder, so long as no judgment in the nature of a deficiency judgment or seeking personal liability shall be asked for or (if obtained) enforced against any such person or entity, or (b) preclude, or be deemed to estop, the Class E Certificate Paying Agent from taking any action prior to expiration of the applicable stay period in (x) any case or Proceeding voluntarily filed or commenced by the Issuer or (y) any involuntary insolvency Proceeding filed or commenced against the Issuer by a Person or Persons other than the Class E Certificate Paying Agent or any of its Affiliates. The provisions of this Section 3.12 shall survive the termination of this Agreement and the resignation or removal of the Class E Certificate Paying Agent under this Agreement.

Section 3.13 <u>Assignment of Rights; Not Assumption of Duties</u>. Anything herein contained to the contrary notwithstanding, (a) the Issuer shall remain liable under this Agreement and each of the documents contemplated herein and related hereto to which it is a party to the extent set forth therein to perform all of its duties and obligations thereunder to the same extent as if this Agreement had not been executed, (b) the exercise by the Class E Certificate Paying Agent or any Class E Certificateholder of any of their rights, remedies or powers hereunder shall not release the Issuer from any of its duties or obligations under each of such documents to which it is a party and (c) none of the Class E Certificateholders or the Class E Certificate Paying Agent shall have any obligation or

liability under any of such documents to which the Issuer is a party by reason of or arising out of this Agreement, nor shall the Class E Certificateholders or, except as expressly provided herein, the Class E Certificate Paying Agent be obligated to perform any of the obligations or duties of the Issuer thereunder or to take any action to collect or enforce any claim for payment assigned hereunder or otherwise.

Section 3.14  Representations of the Class E Certificate Paying Agent.  The Class E Certificate Paying Agent represents and warrants for the benefit of the Holders of the Class E Certificates that:

(a) Organization.  The Class E Certificate Paying Agent has been duly organized and is validly existing as a national banking association and has the power to conduct its business and affairs as a Class E Certificate Paying Agent.

(b) Authorization; Binding Obligations.  The Class E Certificate Paying Agent has the corporate power and authority to perform the duties and obligations of Paying Agent under this Agreement. The Class E Certificate Paying Agent has taken all necessary corporate action to authorize the execution, delivery and performance of this Agreement, and all of the documents required to be executed by the Class E Certificate Paying Agent pursuant hereto. This Agreement has been duly executed and delivered by the Class E Certificate Paying Agent. Upon execution and delivery by the Issuer, this Agreement shall constitute the legal, valid and binding obligation of the Class E Certificate Paying Agent enforceable in accordance with its terms, except as such enforcement may be limited by bankruptcy, insolvency, reorganization, moratorium or other similar laws relating to or affecting the rights of creditors generally, and by general equity principles (regardless of whether such enforcement is considered in a proceeding in equity or at law).

(c) No Conflict.  Neither the execution, delivery and performance of this Agreement, nor the consummation of the transactions contemplated by this Agreement, (i) is prohibited by, or requires the Class E Certificate Paying Agent to obtain any consent, authorization, approval or registration under, any law, statute, rule, regulation, or (to the best of its knowledge) judgment, order, writ, injunction or decree that is binding upon the Class E Certificate Paying Agent or any of its properties or assets, or (ii) will violate any provision of, result in any default or acceleration of any obligations under, result in the creation or imposition of any lien pursuant to, or require any consent under, any agreement to which the Class E Certificate Paying Agent is a party or by which it or any of its property is bound which would have a material adverse effect on the rights or interests of any Class E Certificateholder in or under the Class E Certificates or on the Class E Certificate Paying Agent's capacity to perform its obligations hereunder.

(d) No Proceedings.  There are no proceedings pending, or to the best knowledge of the Class E Certificate Paying Agent, threatened against the Class E Certificate Paying Agent before any federal, state or other governmental agency, authority, administrator or regulatory body, arbitrator, court or other tribunal, foreign or domestic, that would have a material adverse effect on the Collateral or any action taken or to be taken by the Class E Certificate Paying Agent under this Agreement.

ARTICLE IV

DELIVERY OF THE CLASS E CERTIFICATE CERTIFICATES; OTHER
COVENANTS

Section 4.1    Maintenance of Office or Agency.  The Class E Certificates may
be presented or surrendered for payment at the Corporate Trust Office of the Class E
Certificate Paying Agent.  The Class E Certificate Paying Agent shall give prompt
written notice to the Issuer, the Portfolio Manager and the Class E Certificateholders of
any change in the location of any such office or agency.

Section 4.2    Delivery of Copies of Articles and Class E Certificate Paying
Agency Agreement.  The Issuer shall deliver to the Class E Certificate Paying Agent
which shall deliver to each Holder of Class E Certificates upon written request, a copy of
the Articles and this Agreement.

Section 4.3    Certain Tax Matters.

(a)     The Issuer will not elect to be treated as a partnership for U.S. federal
income tax purposes and shall make any election necessary to avoid classification as a
partnership or disregarded entity for U.S. federal income tax purposes.

(b)     The Issuer shall file, or cause to be filed, any tax returns, including
information tax returns, required by any governmental authority; provided, however, that
the Issuer shall not file, or cause to be filed, any income or franchise tax return in any
state of the United States unless it shall have obtained an Opinion of Counsel from a tax
counsel of nationally recognized standing experienced in such matters prior to such filing
that, under the laws of such jurisdiction, the Issuer is required to file such income or
franchise tax return.

(c)     Notwithstanding any contrary agreement or understanding, the Portfolio
Manager, the Issuer, the Trustee and the Holders and beneficial owners of the Class E
Certificates (and each of their respective employees, representatives or other agents) may
disclose to any and all Persons, without limitation of any kind, the tax treatment and tax
structure of the transactions contemplated by this Agreement and all materials of any
kind (including opinions or other tax analyses) that are provided to them relating to such
tax treatment and tax structure.  The foregoing provision shall apply from the beginning
of discussions between the parties.  For this purpose, the tax treatment of a transaction is
the purported or claimed U.S. tax treatment of the transaction under applicable U.S
federal, state and local law, and the tax structure of a transaction is any fact that may be
relevant to understanding the purported or claimed U.S. tax treatment of the transaction
under applicable U.S. federal, state and local law.

(d)     If the Issuer is aware that it has purchased an interest in a "reportable
transaction" within the meaning of Section 6011 of the Code, and a Holder of a Security
requests information about any such transactions in which the Issuer is an investor, the

39

Issuer shall provide such information it has reasonably available as soon as practicable after such request.

(e)     The Issuer shall not conduct any activities other than the activities that the Issuer is permitted to conduct under this Agreement and the Indenture.

(f)     Upon written request by the Independent accountants, the Class E Certificate Registrar shall provide to the Independent accountants that information contained in the Class E Certificate Register requested by the Independent accountants to comply with this Section 4.3.

(g)     The Issuer will treat each purchase of Collateral Obligations and Eligible Investments as a "purchase" for tax accounting and reporting purposes.

(h)     Each Holder and beneficial owner of a Class E Certificate, by acceptance of its Class E Certificate or its interest in a Class E Certificate, shall be deemed to understand and acknowledge that failure to provide the Paying Agent with the applicable U.S. federal income tax certifications (generally, a United States Internal Revenue Service Form W-9 (or successor applicable form) in the case of a person that is a "United States person" within the meaning of Section 7701(a)(30) of the Code or an appropriate United States Internal Revenue Service Form W-8 (or successor applicable form) in the case of a person that is not a "United States person" within the meaning of Section 7701(a)(30) of the Code) may result in U.S. federal back-up withholding from payments in respect of such Class E Certificate.

(i)     The Issuer and each Holder of a Class E Certificate shall treat the Notes as debt and the Class E Certificates as equity for U.S. federal income tax purposes and further agrees not to take any action inconsistent with such treatment.

(j)     The Issuer shall provide, or cause the independent accountants to provide, within 90 days after the end of the Issuer's tax year, to each Holder of a Class E Certificate, upon written request and, upon written request therefor, all information that a U.S. shareholder making a "qualified electing fund" election (as defined in the Code) with respect to the Class E Certificate is required to obtain from the Issuer for U.S. federal income tax purposes, and a "PFIC Annual Information Statement" as described in United States Treasury Regulation Section 1.1295-1(g)(1) (or any successor Treasury Regulation), including all representations and statements required by such statement, and the Issuer will take or cause the accountants to take any other reasonable steps to facilitate such election by a Holder or beneficial owner of a Class E Certificate.

(k)     The Issuer will provide, or cause its Independent accountants to provide, to a Holder of a Class E Certificate, upon written request and, upon written request therefor, any information that such Holder or beneficial owner reasonably requests to assist such Holder or beneficial owner with regard to filing requirements that such Holder or beneficial owner is required to satisfy as a result of the controlled foreign corporation rules under the Code.

40

(l)     The Issuer shall not purchase of any asset if the acquisition (including the manner of acquisition), ownership, enforcement or disposition of such asset would cause the Issuer to be treated as engaged in a trade or business for United States federal income tax purposes or otherwise as subject to tax on a net income basis in any jurisdiction outside the Issuer's jurisdiction of incorporation.

Section 4.4     Additional Class E Certificates.

(a) In accordance with the Indenture, at any time during the Reinvestment Period, the Issuer may issue and sell additional Class E Certificates and use the proceeds to purchase additional Collateral Obligations or as otherwise permitted under the Class E Certificates Documents and the Indenture; provided that the following conditions are met:

(i)     The terms of the Class E Certificates issued must be identical to the terms of the previously issued Class E Certificates (except that the price at which such additional Class E Certificates may be offered may differ from the applicable initial offering price);

(ii)     The net proceeds of any additional Class E Certificates shall be used to purchase additional Collateral Obligations;

Additional Class E Certificates may be offered at prices that differ from the applicable initial offering price; provided that the offering price of the additional Class E Certificates shall not be below 100% of the Face Amount of the additional Class E Certificates being offered.

(b) Additional Class E Certificates may be executed by the Issuer and delivered to the Class E Certificate Paying Agent upon receipt by the Class E Certificate Paying Agent of the following:

(i)     Officer's Certificate of the Issuer regarding Corporate Matters. An Officer's certificate of the Issuer (1) evidencing the authorization by Board Resolution of the execution and delivery of the Additional Class E Certificates and specifying the Scheduled Class E Certificate Redemption Date and the Face Amount of such Additional Class E Certificates and (2) certifying that (a) the attached copy of such Board Resolution is a true and complete copy thereof, (b) such resolutions have not been rescinded and are in full force and effect on and as of the Additional Class E Certificates Closing Date and (c) the Officers are authorized to execute and deliver such documents and hold the offices and have the signatures indicated thereon.

(ii)     Governmental Approvals. From the Issuer either (A) a certificate of the Issuer:

(A)  a certificate of the Issuer or other official document evidencing the due authorization, approval, or consent of any governmental bodies, at the time

41

having jurisdiction in the premises, together with an Opinion of Counsel of the Issuer that no other authorization, approval, or consent of any governmental body is required for the valid issuance of the Class E Certificates applied for by it, or

(B) an Opinion of Counsel of the Issuer that no authorization, approval, or consent of any governmental body is required for the valid issuance of the Class E Certificates except as have been given.

(iii) Issuer's Cayman Counsel Opinion. An opinion of Walkers, Cayman Islands counsel to the Issuer, dated the Additional Class E Certificate Closing Date, substantially in the form of Exhibit D to the Indenture.

(iv) Officer's Certificate of Issuer Regarding Indenture. An Officer's certificate of Issuer stating that, to the best of the Officer's knowledge,

(A) the Issuer is not in default under the Indenture and that the issuance of the Additional Class E Certificate applied for by it will not result in a default or a breach of, or be a default under, its organizational documents, any indenture or other agreement or instrument to which it is a party or by which it is bound, or any order of any court or administrative agency entered in any Proceeding to which it is a party or by which it may be bound or to which it may be subject;

(B) all conditions precedent in this Class E Certificate Paying Agency Agreement and the Indenture relating to the issuance and delivery of the Additional Class E Certificates have been complied with;

(C) all expenses due or accrued with respect to the offering of the Additional Class E Certificates or relating to actions taken on or in connection with the Additional Class E Certificates Closing Date have been paid or reserves therefor have been made; and

(D) all of its representations and warranties contained in the Indenture are accurate as of the Additional Class E Certificates Closing Date.

(v) Issuer Order for Deposit of Funds into Accounts. An Issuer Order signed in the name of the Issuer by an Authorized Officer of the Issuer, dated as of the Additional Class E Certificate Closing Date, directing the Trustee to deposit the net proceeds of the issuance of the Additional Class E Certificates into the Collection Account as Principal Proceeds.

(vi) Other Documents. Such other documents as the Class E Certificate Paying Agent may reasonably require; provided that nothing in this clause (vii) shall imply or impose a duty on the Class E Certificate Paying Agent to so require any documents.

(c) Any Additional Class E Certificates issued shall, to the extent reasonably practicable, be offered first to the existing Holders or beneficial owners of the Class E

42

Certificates in such amounts as necessary to preserve their pro rata holdings of the Class E Certificates. Notwithstanding anything in this Agreement or the Indenture to the contrary, no consent of any Holder of Securities shall be required for the issuance of Additional Class E Certificates.

ARTICLE V

AMENDMENTS TO INDENTURE

Section 5.1     Supplemental Indentures. The Issuer hereby covenants and agrees for the benefit of the Class E Certificateholders to comply with the provisions of Article VIII of the Indenture applicable to the Class E Certificateholders. Without limiting the generality of any other provision hereof, the parties agree that the Class E Certificateholders are intended third-party beneficiaries of such covenant and agreement.

ARTICLE VI

REDEMPTION OF CLASS E CERTIFICATES; LIQUIDATION OF THE ISSUER

Section 6.1     Optional Redemption of Notes. At the direction of Holders of at least a Majority of the Aggregate Outstanding Amount of the Class E Certificates, the Co-Issuers shall redeem the Aggregate Outstanding Amount of all Outstanding Notes on the applicable Redemption Date in accordance with the provisions of Section 9.2 of the Indenture.

Section 6.2     **Mandatory Redemption of Class E Certificates.**

The Class E Certificates shall be redeemed in whole (whether or not the Class E Certificateholders thereof receive any payments in respect of such redemption) at a redemption price equal to the Class E Certificate Redemption Price on any Payment Date on which a mandatory redemption of the Notes pursuant to Section 9.1(a) of the Indenture results in the payment in full of the Aggregate Outstanding Amount of each Class of Notes. The Issuer shall follow the direction of a Majority of the Class E Certificateholders as for the disposition of any remaining assets following the payment in full of the Aggregate Outstanding Amount of each Class of Notes in connection with such redemption.

Section 6.3     Optional Redemption of Class E Certificates.

(a) On any Payment Date on or after payment in full of the Notes (except as provided under Section 6.2), all administrative and other fees (without regard to any payment limitations) payable under the Priority of Payments (including the Senior Management Fee and the Subordinated Management Fee), all amounts owing under the Indenture and all amounts owing under the Indenture and any Hedge Agreement to any Hedge Counterparty have been discharged,

43

(i) at the direction of a Majority of the Class E Certificates, the Issuer shall cause the Trustee to remit to the Class E Certificate Paying Agent for deposit in the Class E Certificate Distribution Account for distribution to the Holders of Class E Certification (pro rata in accordance with their respective holdings) in redemption of all of the Class E Certificates, an aggregate amount equal to all of the proceeds from the sale or other disposition of all of the remaining Collateral less any fees and expenses owed by the Issuer (including the Redemption Price of any Notes being simultaneously redeemed); or

(ii) at the unanimous direction of the Holders of the Class E Certificates, the Issuer shall cause the Trustee to make payments in redemption of all or a directed portion (representing less than all) of the Class E Certificates to the Class E Certificate Paying Agent for distribution to the Holders of the Class E Certificates based upon such direction.

Section 6.4    Notice to Class E Certificateholders of Redemption.  The Class E Certificate Paying Agent, on behalf of the Issuer, shall provide notice of redemption of the Class E Certificate to each Class E Certificateholder, at such Holder's address in the Class E Certificate Register by first-class mail, postage prepaid mailed not less than ten (10) Business Days prior to the Scheduled Class E Certificates Redemption Date.

All notices of redemption shall state:

(i)     the Scheduled Class E Certificates Redemption Date;
(ii)    the Record Date;
(iii)   the expected Class E Certificate Redemption Price; and
(iv)    the place or places where Class E Certificate Certificates to be redeemed are to be surrendered for the payment of the redemption price thereof which shall be the office or agency of the Class E Certificate Paying Agent specified in Section 4.1 hereof.

Notice of redemption of the Class E Certificates shall be given by the Class E Certificate Paying Agent in the name and at the expense of the Issuer.  Failure to give notice of redemption or notice of withdrawal, or any defect therein, to any Class E Certificateholder shall not impair or affect the validity of the redemption (or withdrawal thereof, as the case may be) or give rise to any claim based upon such failure or defect.

Section 6.5    Redemption of Class E Certificates on the Scheduled Class E Certificates Redemption Date.

Unless previously redeemed prior to such date, the Class E Certificates shall be redeemed (whether or not the Class E Certificateholders thereof receive any payments in respect of such redemption) at a redemption price equal to the Class E Certificate Redemption Price on the Scheduled Class E Certificates Redemption Date.

Section 6.6    Redemption Following Liquidation of Collateral.  Following the liquidation of the Collateral and the distribution of any available remaining funds

44

following a redemption of the Notes (except as provided in Section 6.2 or 6.3) or an Event of Default under the Indenture (whether before, on or after the Scheduled Class E Certificates Redemption Date), the Class E Certificates shall be redeemed (whether or not the Class E Certificateholders thereof receive any payments in respect of such redemption) at a redemption price equal to the Class E Certificate Redemption Price.

Section 6.7   Reliance by Class E Certificateholders.   Without limiting the generality of Section 9.10, the Issuer and the Class E Certificate Paying Agent acknowledge and agree that (a) the agreements and obligations of the Issuer and the Class E Certificate Paying Agent under this Article VI shall be deemed made for the benefit of the Class E Certificateholders, (b) such agreements and obligations are made to induce the Class E Certificateholders to invest in the Class E Certificates and (c) the Class E Certificateholders are intended third-party beneficiaries of such agreements and obligations.

Section 6.8   Entitlement of Holders of Ordinary Shares.   Notwithstanding anything to the contrary herein, in the event of any voluntary or involuntary liquidation, dissolution or winding up of the Issuer:

(i)   the holders of the Ordinary Shares at the time outstanding will be entitled to receive out of the assets of the Issuer available for distribution to shareholders, before any distribution of assets is made to Holders of the Class E Certificates, an amount equal to U.S.$2.00 in respect of each Ordinary Share held by each such holder; and

(ii)   the Holders of the Class E Certificates at the time Outstanding will be entitled to the balance of the assets of the Issuer available for distribution to shareholders, after distribution of amounts due to holders of Ordinary Shares under the above subparagraph, *pro rata* according to the number of Class E Certificates held by each such Holder.

If the assets available for distribution to holders of the Ordinary Shares are not sufficient to pay to such holders U.S.$2.00 in respect of each Ordinary Share, the available assets shall be distributed to holders of the Ordinary Shares *pro rata* according to the number of Ordinary Shares held by each such holder.

## ARTICLE VII

## REPORTS AND NOTICES TO CLASS E CERTIFICATEHOLDERS

Section 7.1   Monthly Reports; Valuation Report.   The Class E Certificate Paying Agent shall provide to any Class E Certificateholder, upon written request therefor, the Monthly Report or Valuation Report, as applicable, delivered to the Class E Certificate Paying Agent pursuant to Section 10.6(a) or 10.6(b) of the Indenture.

Section 7.2   Notices to Class E Certificateholders.   The Class E Certificate Paying Agent shall provide to the Class E Certificateholders promptly after receipt thereof all other notices provided to the Class E Certificate Paying Agent pursuant to the

45

terms of the Indenture, including without limitation notice of any Default under the Indenture, notice of resignation or removal of the Trustee, notice of a downgrade of any Class of Notes by any Rating Agency and notice of any proposed or executed supplemental indenture, in each case in accordance with Section 9.5.

ARTICLE VIII

CLASS E CERTIFICATEHOLDERS' RELATIONS

Section 8.1    Subordination.  Each Holder of the Class E Certificates agrees with all other Holders of the Class E Certificates that such Holder of the Class E Certificates shall not demand, accept, or receive any payment or distribution in respect thereof in violation of the provisions of this Agreement including, without limitation, this Section 8.1.  Nothing in this Section 8.1 shall affect the obligation of the Issuer to pay Holders of the Class E Certificates subject to the provisions of this Agreement and the Indenture.  If, notwithstanding the provisions of this Agreement, any Holder of any Class E Certificates shall have received any payment or distribution in respect thereof contrary to the provisions of this Agreement, then, unless and until the Notes and all accrued interest thereon shall have been paid in full in cash or, to the extent a majority in Aggregate Principal Amount of the most senior Class of the Notes Outstanding consents, other than in cash in accordance with the Indenture, such payment or distribution shall be received and held in trust for the benefit of, and shall forthwith be paid over and delivered to, the Trustee, which shall pay and deliver the same to the Holders of the Notes in accordance with the Indenture; provided, however, that, if any such payment or distribution is made other than in cash, it shall be held by the Trustee as part of the Collateral and subject in all respects to the provisions of the Indenture and this Agreement, including, without limitation, this Section 8.1.

ARTICLE IX

MISCELLANEOUS

Section 9.1    Amendments.

(a)  This Agreement may be amended by the Issuer and the Class E Certificate Paying Agent without the consent of any of the Class E Certificateholders in order to:  (i) evidence the succession of any Person to the Issuer and the assumption by any such successor of the covenants of the Issuer in the Class E Certificates and this Agreement or to change the name of the Issuer; (ii) add to the covenants of the Issuer for the benefit of the Class E Certificateholders; (iii) evidence and provide for the acceptance of appointment by a successor Class E Certificate Paying Agent and to add to or change any of the provisions of this Agreement as shall be necessary to facilitate the administration of this Agreement or the Class E Certificate Distribution Account by the Class E Certificate Paying Agent; (iv) correct any inconsistency or cure any ambiguity or errors in this Agreement or to conform this Agreement to the Offering Memorandum; (v) modify the restrictions on and procedures for resales and other transfers of the Class E Certificates to reflect any changes in applicable law (or its interpretation) or to enable the

46

Issuer to rely on any less restrictive exemption from registration under the Securities Act or the 1940 Act or to remove restrictions on resale and transfer to the extent not required hereunder; (vi) make any changes required by the Cayman Islands Stock Exchange (so long as any of the Class E Certificates are listed thereon); (vii) take any action necessary or helpful to prevent the Issuer, the Trustee or the Class E Certificate Paying Agent from becoming subject to any withholding or other taxes, fees or assessments or to prevent the Issuer from being treated as engaged in a U.S. trade or business or otherwise being subject to U.S. federal, state or local in come tax on a net income basis, so long as the action will not cause any Class E Certificateholders to be adversely affected to any material extent by any change in the timing, character or source of the income from the Class E Certificates, as evidenced by an Opinion of Counsel (which may be supported as to factual (including financial and capital markets) matters by any relevant certificates and other documents necessary or advisable in the judgment of counsel delivering the opinion); or (viii) provide for additional or modified reports to Class E Certificateholders;

(b) This Agreement may also be amended from time to time by the Issuer and the Class E Certificate Paying Agent with the consent of the Class E Certificateholders holding a Majority of the Class E Certificates for the purpose of adding any provisions to or changing in any manner or eliminating any of the provisions of this Agreement, or of modifying in any manner the rights of the Class E Certificateholders hereunder; provided that no such amendment shall (i) reduce in any manner the amount of, or delay the timing of, or change the allocation of, the payment of dividends and any final distribution on the Class E Certificates, (ii) reduce the number or percentage of Class E Certificates, the consent of holders of which is required for any amendment to or action under this Agreement or (iii) conflict with the provisions of the Articles, in each case without the consent of each Class E Certificateholder and, in the case of clause (iii), without amending the Articles in accordance therewith; provided further, that any such amendment shall not be made without written confirmation from each Rating Agency that the execution of such amendment will not result in a qualification, downgrade or withdrawal of the then current ratings of any Class of Notes rated by such Rating Agency. Not later than 15 Business Days prior to the execution of any proposed amendment to this Agreement pursuant to this subsection, the Class E Certificate Paying Agent shall mail to each Class E Certificateholder a copy of such proposed amendment.

(c) Promptly after the execution of any amendment pursuant to this Section 9.1, the Class E Certificate Paying Agent shall furnish written notification of the substance of such amendment to each Class E Certificateholder. It shall not be necessary for the consent of Class E Certificateholders pursuant to this Section 9.1 to approve the specific form of any proposed amendment, but it shall be sufficient if such consent shall approve the substance thereof. The manner of obtaining such consents (and any other consents of Class E Certificateholders under this Agreement) and of evidencing the authorization of the execution thereof by Class E Certificateholders shall be subject to such reasonable requirements as the Class E Certificate Paying Agent may prescribe.

(d) The Class E Certificate Paying Agent shall be entitled to rely upon (i) an Opinion of Counsel stating that the execution of such amendment is authorized or

47

permitted by this Agreement and, in the case of an amendment under Section 9.1(a) hereof (unless notified by Class E Certificateholders holding at least a Majority of the Class E Certificates that the Class E Certificates are materially and adversely affected), that such amendment (as applicable) would not materially and adversely affect the interests of the Holders of the Class E Certificates and (ii) an Officer's Certificate of the Issuer that all conditions precedent to the execution of such amendment have been complied with. In the event that any amendment is consented to by the Issuer and by Holders of 100% of the Aggregate Outstanding Amount of the Class E Certificates and the Rating Condition is satisfied in case of Section 9.1(b) above, all conditions precedent to the execution of such amendment shall be deemed satisfied, the execution of such amendment shall be authorized or permitted by this Agreement, and the Class E Certificate Paying Agent shall execute and accept such amendment pursuant to this Section 9 without obtaining an Opinion of Counsel.

Section 9.2    Form of Documents Delivered to Class E Certificate Paying Agent. In any case where several matters are required to be certified by, or covered by an opinion of, any specified Person, it is not necessary that all such matters be certified by, or covered by the opinion of, only one such Person, or that they be so certified or covered by only one document, but one such Person may certify or give an opinion with respect to some matters and one or more other such Persons as to other matters, and any such Person may certify or give an opinion as to such matters in one or several documents.

Any certificate or opinion of an Authorized Officer of the Issuer may be based, insofar as it relates to legal matters, upon a certificate of or opinion of, or representations by, counsel, unless such Authorized Officer knows, or in the exercise of reasonable care should know, that the certificate or opinion or representations with respect to the matters upon which his certificate or opinion is based are erroneous. Any such certificate of an Authorized Officer of the Issuer or Opinion of Counsel or certificate of or representations by such counsel may be based, insofar as it relates to factual matters, upon a certificate or opinion of, or representations by, an Authorized Officer of the Issuer or any other Person, stating that the information with respect to such factual matters is in the possession of the Issuer or such other Person, unless such Authorized Officer of the Issuer or such counsel knows that the certificate or opinion or representations with respect to such matters are erroneous.

Where any Person is required to make, give or execute two or more applications, requests, consents, certificates, statements, opinions or other instruments under this Agreement, they may, but need not, be consolidated and form one instrument.

Section 9.3    Acts of Holders. (a) Any request, demand, authorization, direction, notice, consent, waiver or other action provided by this Agreement to be given or taken by Class E Certificateholders may be embodied in and evidenced by one or more instruments (which may be an electronic document, including but not limited to in the form of e-mail, to the extent permitted by applicable law) of substantially similar tenor signed by such Class E Certificateholders in person or by agents duly appointed in writing (provided that no signature shall be required on electronic documents, including

48

but not limited to in the form of e-mail, to the extent permitted by applicable law). Except as herein otherwise expressly provided, such action shall become effective when such instrument or instruments are delivered to the Class E Certificate Paying Agent, and, where it is hereby expressly required, to the Issuer. The instruments (and the action embodied in them) are referred to as the "Act" of the Class E Certificateholders signing the instruments. Proof of execution of any such instrument or of a writing appointing any such agent shall be sufficient for any purpose of this Agreement and conclusive in favor of the Class E Certificate Paying Agent and the Issuer, if made in the manner provided in this Section 9.3.

(b) The fact and date of the execution by any Person of any such instrument or writing may be proved in any manner which the Class E Certificate Paying Agent deems sufficient.

(c) The registered number of Class E Certificates held by any Person, and the date of his holding the same, shall be proved by the Class E Certificate Register.

(d) Any Act by a Class E Certificateholder shall bind the Holder (and any transferee thereof) of such Class E Certificates, and of every Class E Certificate issued upon the registration thereof or in exchange therefor or in lieu thereof, in respect of anything done, omitted or suffered to be done by the Class E Certificate Paying Agent or the Issuer in reliance thereon, whether or not notation of such action is made upon such applicable Class E Certificate.

Section 9.4    Notices.  Any request, demand, authorization, direction, notice, consent, waiver or other communication or documents provided or permitted by this Agreement to be made upon, given or furnished to, or filed with:

(a) the Class E Certificate Paying Agent by any Class E Certificateholder, the Class E Certificate Registrar, the Issuer, the Trustee or the Portfolio Manager shall be sufficient for every purpose hereunder if made in writing, given, furnished or filed to and mailed, by certified mail, return receipt requested, or sent by overnight courier guaranteeing next day delivery, or sent by confirmed facsimile transmission to the Class E Certificate Paying Agent addressed to the Class E Certificate Paying Agent at:

> JPMorgan Chase Bank, National Association
> 600 Travis Street
> 50th Floor
> Houston, TX  77002
> Attn:  Worldwide Securities Services – Liberty CLO
> Ref:  Liberty CLO, Ltd.
> Facsimile:  (713) 216-5959

or at any other address furnished in writing to the Class E Certificateholders, the Issuer, the Trustee, the Class E Certificate Registrar and the Portfolio Manager by the Class E Certificate Paying Agent, and shall be effective upon actual receipt at such address;

49

(b) the Issuer by the Class E Certificate Paying Agent, the Class E Certificate Registrar, any Class E Certificateholder or the Portfolio Manager shall be sufficient for every purpose hereunder if made, given, furnished or filed in writing to and mailed by certified mail, return receipt requested, or sent by overnight courier guaranteeing next day delivery, or sent by confirmed facsimile transmission with simultaneous mailing of the original on the same day by first-class mail, postage prepaid, to the Issuer addressed to the Issuer at:

> Liberty CLO, Ltd.
>
> c/o Walkers SPV Limited
> P.O. Box 908 GT
> Walker House
> Mary Street
> George Town
> Grand Cayman, Cayman Islands
> Attention: The Directors
> Telephone Number: (345) 945-3727
> Facsimile Number: (345) 945-4757

or at any other address furnished in writing to the Class E Certificate Paying Agent, the Class E Certificate Registrar, the Class E Certificateholders, the Collateral Administrator and the Portfolio Manager by the Issuer;

(c) the Portfolio Manager by any Class E Certificateholder, the Class E Certificate Paying Agent, the Class E Certificate Registrar or the Issuer shall be sufficient for every purpose hereunder if made, given, furnished or filed in writing to and mailed, by certified mail, return receipt requested, or sent by overnight courier guaranteeing next day delivery, or sent by confirmed facsimile transmission with simultaneous mailing of the original on the same day by first-class mail, postage prepaid, to the Portfolio Manager addressed to the Portfolio Manager at:

> Highland Capital Management, L.P.
> Two Galleria Tower
> 13455 Noel Road, Suite 1300
> Dallas, Texas 75240
> Telephone: (972) 628-4100
> Telecopy: (972) 628-4147
> Attention: James Dondero

or at any other address furnished in writing to the Class E Certificateholders, the Class E Certificate Registrar, the Class E Certificate Paying Agent and the Issuer by the Portfolio Manager.

(d) Citigroup Global Markets Inc., as Placement Agent, by the Class E Certificate Paying Agent, the Class E Certificate Registrar, the Portfolio Manager or the Issuer, if in writing and mailed, by certified mail, return receipt requested, or sent by

overnight courier guaranteeing next day delivery, or sent by confirmed facsimile transmission with simultaneous mailing of the original on the same day by first-class mail, postage prepaid, addressed to:

> Citigroup Global Markets Inc.
> 390 Greenwich Street, 4th Floor
> New York, New York 10013
> Tel: (212) 723-6173
> Facsimile: (212) 723-8671
> Attention: Structured Products Group

or at any other address furnished in writing to the Class E Certificate Paying Agent, the Class E Certificate Registrar, the Portfolio Manager and the Issuer by Citigroup Global Markets Inc.; or

(e) Walkers SPV Limited, as Class E Certificate Registrar, by the Class E Certificate Paying Agent, any Class E Certificateholder, the Placement Agent, the Portfolio Manager or the Issuer, if in writing and mailed, by certified mail, return receipt requested, or sent by overnight courier guaranteeing next day delivery, or sent by confirmed facsimile transmission with simultaneous mailing of the original on the same day by first-class mail, postage prepaid, addressed to:

> Walkers SPV Limited
> P.O. Box 908 GT, Walker House
> Mary Street, George Town
> Grand Cayman, Cayman Islands
> Attention: The Directors
> Telephone Number: (345) 945-3727
> Facsimile Number: (345) 945-4757

or at any other address furnished in writing to the Class E Certificate Paying Agent, the Class E Certificateholders, the Placement Agent, the Portfolio Manager and the Issuer by Walkers SPV Limited.

Section 9.5    Notices to Class E Certificateholders; Waiver.  (a)  Where this Agreement provides for giving a copy of any report or notice to Class E Certificateholders (such report or notice, a "notice") of any event, such notice shall be sufficiently given (unless otherwise herein expressly provided) if in writing and mailed, first-class postage prepaid, to each Class E Certificateholder affected by such event, at its address as it appears on the Class E Certificate Register not later than the latest date, and not earlier than the earliest date, prescribed for the giving of such notice.  In any case where notice to Class E Certificateholders is given by mail, neither the failure to mail such notice, nor any defect in any notice so mailed, to any particular Class E Certificateholder shall affect the sufficiency of such notice with respect to other Class E Certificateholders, and any notice which is mailed in the manner herein provided shall conclusively be presumed to have been duly given whether or not received.

51

(b) Where this Agreement provides for notice in any manner, any such notice may be waived in writing by any Person entitled to receive such notice, either before or after the event, and such waiver shall be the equivalent of such notice. Waivers of notice by Class E Certificateholders shall be filed with the Class E Certificate Paying Agent but such filing shall not be a condition precedent to the validity of any action taken in reliance upon such waiver.

(c) In the event that, by reason of the suspension of the regular mail service as a result of a strike, work stoppage or similar activity, it shall be impractical to mail notice of any event to Class E Certificateholders when such notice is required to be given pursuant to any provision of this Agreement, then any manner of giving such notice as shall be satisfactory to the Class E Certificate Paying Agent shall be deemed to be a sufficient giving of such notice.

Section 9.6    Effect of Headings and Table of Contents. The Article and Section headings herein and the Table of Contents are for convenience only and shall not affect the construction hereof.

Section 9.7    Successors and Assigns. All covenants and agreements in this Agreement by the Issuer shall bind its successors and assigns, whether so expressed or not.

Section 9.8    Assignment of Issuer's Rights. The parties hereto acknowledge the Issuer's Grant pursuant to the Indenture of its rights, title and interest in, to and under this Agreement.

Section 9.9    Severability. In case any provision in this Agreement shall be invalid, illegal or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

Section 9.10   Benefits of Agreement. Nothing in this Agreement or in the Class E Certificates, expressed or implied, shall give to any Person, other than the parties hereto and their successors hereunder and the Class E Certificateholders, any benefit or any legal or equitable right, remedy or claim under this Agreement.

Section 9.11   GOVERNING LAW. THIS AGREEMENT SHALL BE CONSTRUED IN ACCORDANCE WITH AND GOVERNED BY THE LAWS OF THE STATE OF NEW YORK APPLICABLE TO AGREEMENTS MADE AND TO BE PERFORMED THEREIN WITHOUT REGARD TO CONFLICTS OF LAW PRINCIPLES.    THE CLASS E CERTIFICATES SHALL BE CONSTRUED IN ACCORDANCE WITH AND GOVERNED BY THE LAWS OF THE CAYMAN ISLANDS.

Section 9.12   SUBMISSION TO JURISDICTION. THE ISSUER AND THE CLASS E CERTIFICATE PAYING AGENT HEREBY IRREVOCABLY SUBMIT TO THE NON-EXCLUSIVE JURISDICTION OF ANY NEW YORK STATE OR FEDERAL COURT SITTING IN THE BOROUGH OF MANHATTAN IN THE

CITY OF NEW YORK IN ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THE CLASS E CERTIFICATES OR THIS AGREEMENT, AND THE ISSUER AND THE CLASS E CERTIFICATE PAYING AGENT HEREBY IRREVOCABLY AGREE THAT ALL CLAIMS IN RESPECT OF SUCH ACTION OR PROCEEDING MAY BE HEARD AND DETERMINED IN SUCH NEW YORK STATE OR FEDERAL COURT. THE ISSUER AND THE CLASS E CERTIFICATE PAYING AGENT HEREBY IRREVOCABLY WAIVE, TO THE FULLEST EXTENT THAT THEY MAY LEGALLY DO SO, THE DEFENSE OF AN INCONVENIENT FORUM TO THE MAINTENANCE OF SUCH ACTION OR PROCEEDING. THE ISSUER IRREVOCABLY CONSENTS TO THE SERVICE OF ANY AND ALL PROCESS IN ANY ACTION OR PROCEEDING BY THE MAILING OR DELIVERY OF COPIES OF SUCH PROCESS TO IT AT THE OFFICE OF THE AGENT SET FORTH IN SECTION 9.15. THE ISSUER AND THE CLASS E CERTIFICATE PAYING AGENT AGREE THAT A FINAL JUDGMENT IN ANY SUCH ACTION OR PROCEEDING SHALL BE CONCLUSIVE AND MAY BE ENFORCED IN OTHER JURISDICTIONS BY SUIT ON THE JUDGMENT OR IN ANY OTHER MANNER PROVIDED BY LAW. TO THE EXTENT THAT EITHER THE ISSUER OR THE CLASS E CERTIFICATE PAYING AGENT HAS OR HEREAFTER MAY ACQUIRE ANY IMMUNITY FROM JURISDICTION OF ANY COURT OR FROM ANY LEGAL PROCESS (WHETHER THROUGH SERVICE OR NOTICE, ATTACHMENT PRIOR TO JUDGMENT, ATTACHMENT IN AID OF EXECUTION OR OTHERWISE) WITH RESPECT TO ITS OBLIGATIONS HEREUNDER, EACH WAIVES SUCH IMMUNITY TO THE EXTENT PERMITTED BY APPLICABLE LAW.

Section 9.13    Counterparts.  This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed to be an original, but all such counterparts shall together constitute but one and the same instrument.

Section 9.14    WAIVER OF JURY TRIAL.  EACH OF THE ISSUER AND THE CLASS E CERTIFICATE PAYING AGENT HEREBY IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

Section 9.15    Process Agent.    The Issuer designates and appoints Corporation Service Company, 1133 Avenue of the Americas, Suite 3100, New York, NY 10036, as its agent (the "Process Agent") for service of all process. The Process Agent may be served in any legal suit, action or Proceeding arising with respect to this Agreement, such service being hereby acknowledged to be effective and binding service in every respect. The Issuer may designate and appoint an alternate Process Agent, as its agent for the service of all process, by a delivery of notice to the other parties hereto and to the Class E Certificateholders, in accordance with Section 9.5 hereof, specifying the name and address of the new Process Agent.

IN WITNESS WHEREOF, the undersigned have caused this Agreement to be duly executed by their respective duly authorized officers as of the date first above written.

LIBERTY CLO, LTD.,
as Issuer

By: _____
Name: David Egglishaw
Title:  Director


JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION,
    as Class E Certificate Paying Agent


By: _____
Name:
Title


Acknowledging its appointment as
Share Registrar pursuant to Section
2.5(a):

WALKERS SPV LIMITED,
as Share Registrar

By: _____
Name: Derrie Boggess
Title: Director


Class E Certificates Paying Agency Agreement

IN WITNESS WHEREOF, the undersigned have caused this Agreement to be duly executed by their respective duly authorized officers as of the date first above written.

LIBERTY CLO, LTD.,
as Issuer

By: _____
Name:
Title:

JPMORGAN CHASE BANK,
NATIONAL ASSOCIATION,
   as Class E Certificate Paying Agent

By: _____
Name: Elaine Mah
Title: Vice President

Acknowledging its appointment as
Share Registrar pursuant to Section
2.5(a):

WALKERS SPV LIMITED,
as Share Registrar

By: _____
Name:
Title

    Class E Certificates Paying Agency Agreement

**EXHIBIT A-1**

**FORM OF CERTIFICATED CLASS E CERTIFICATE**

# LIBERTY CLO, LTD.

(the "Company")

CLASS E
CERTIFICATES
«amount»

NUMBER
E-«no»

CUSIP
«cusip»

INCORPORATED UNDER THE LAWS OF THE CAYMAN ISLANDS

THE AUTHORISED SHARE CAPITAL OF THE COMPANY IS U.S.$ 1,940 BEING THE AGGREGATE OF (I) U.S.$1,000 DIVIDED INTO 1,000 ORDINARY SHARES OF A NOMINAL OR PAR VALUE OF U.S.$1.00 EACH AND (II) U.S.$940 DIVIDED INTO 94,000 CLASS E CERTIFICATES OF A NOMINAL OR PAR VALUE OF $0.01 EACH. EACH CLASS E CERTIFICATE WILL BE ISSUED AT A PRICE OF U.S. $1,000.

*THIS IS TO CERTIFY THAT* «HOLDER» is the registered holder of «word_amount» («amount») Class E Certificates in the above named Company subject to the Amended and Restated Memorandum and Articles of Association of the Company.

**THE RESTRICTIVE LEGEND ON THE REVERSE OF THIS CERTIFICATE FORMS AN INTEGRAL PART HEREOF.**

DATED:

BY: _____

THESE CLASS E CERTIFICATES HAVE NOT BEEN AND WILL NOT BE REGISTERED UNDER THE U.S. SECURITIES ACT OF 1933 (THE "SECURITIES ACT"), ANY STATE SECURITIES LAWS IN THE UNITED STATES OR THE SECURITIES LAWS OF ANY OTHER JURISDICTION AND THE ISSUER HAS NOT REGISTERED UNDER THE U.S. INVESTMENT COMPANY ACT OF 1940, AS AMENDED (THE "INVESTMENT COMPANY ACT"). THE HOLDER HEREOF, BY ITS ACCEPTANCE OF THESE CLASS E CERTIFICATES, REPRESENTS THAT IT HAS OBTAINED THESE CLASS E CERTIFICATES IN A TRANSACTION IN COMPLIANCE WITH THE SECURITIES ACT, THE INVESTMENT COMPANY ACT AND ALL OTHER APPLICABLE LAWS OF THE UNITED STATES OR ANY OTHER APPLICABLE JURISDICTION, AND THE RESTRICTIONS ON SALE AND TRANSFER SET FORTH IN THE CLASS E CERTIFICATE DOCUMENTS. THE HOLDER HEREOF, BY ITS ACCEPTANCE OF THESE CLASS E CERTIFICATES, FURTHER REPRESENTS, ACKNOWLEDGES AND AGREES THAT IT WILL NOT REOFFER, RESELL, PLEDGE OR OTHERWISE TRANSFER THESE CLASS E CERTIFICATES (OR ANY INTEREST HEREIN) EXCEPT IN COMPLIANCE WITH THE SECURITIES ACT, THE INVESTMENT COMPANY ACT AND ALL OTHER APPLICABLE LAWS OF ANY JURISDICTION AND IN ACCORDANCE WITH THE CERTIFICATIONS AND OTHER REQUIREMENTS SPECIFIED IN THE CLASS E CERTIFICATE DOCUMENTS REFERRED TO HEREIN (A) TO A TRANSFEREE (1) THAT IS EITHER (i) A "QUALIFIED PURCHASER" WITHIN THE MEANING OF SECTION 3(c)(7) OF THE INVESTMENT COMPANY ACT OR (ii) A "KNOWLEDGEABLE EMPLOYEE" (AS DEFINED IN RULE 3C-5 UNDER THE INVESTMENT COMPANY ACT) WITH RESPECT TO THE ISSUER, (2) IN THE CASE OF (1)(i) ABOVE THAT (i) WAS NOT FORMED FOR THE PURPOSE OF INVESTING IN THE CLASS E CERTIFICATES, (ii) HAS RECEIVED THE NECESSARY CONSENT FROM ITS BENEFICIAL OWNERS IF THE PURCHASER IS A PRIVATE INVESTMENT COMPANY FORMED BEFORE APRIL 30, 1996, (iii) IS NOT A BROKER-DEALER THAT OWNS AND INVESTS ON A DISCRETIONARY BASIS LESS THAN U.S. $25,000,000 IN SECURITIES OF UNAFFILIATED ISSUERS AND (iv) IS NOT A PARTNERSHIP, COMMON TRUST FUND, SPECIAL TRUST, PENSION, PROFIT SHARING OR OTHER RETIREMENT TRUST FUND OR PLAN IN WHICH THE PARTNERS, BENEFICIARIES OR PARTICIPANTS, AS APPLICABLE, MAY DESIGNATE THE PARTICULAR INVESTMENTS TO BE MADE, (3) THAT (i) IS ACQUIRING ITS CLASS E CERTIFICATES IN A TRANSACTION THAT MAY BE EFFECTED WITHOUT LOSS OF ANY APPLICABLE INVESTMENT COMPANY ACT EXEMPTION AND (ii) AGREES TO PROVIDE NOTICE TO ANY SUBSEQUENT TRANSFEREE OF THE TRANSFER RESTRICTIONS PROVIDED IN THIS LEGEND AND THE CLASS E CERTIFICATE DOCUMENTS AND (4) THAT (i) IS A PERSON WHOM THE SELLER REASONABLY BELIEVES IS A "QUALIFIED INSTITUTIONAL BUYER" AS DEFINED IN RULE 144A UNDER THE SECURITIES ACT PURCHASING FOR ITS OWN ACCOUNT OR FOR THE ACCOUNT OF A "QUALIFIED INSTITUTIONAL BUYER" IN COMPLIANCE WITH RULE 144A UNDER THE SECURITIES ACT OR (ii) IS AN "ACCREDITED INVESTOR" AS DEFINED IN RULE 501(A) UNDER THE SECURITIES ACT (PROVIDED THAT IN THE CASE OF ANY TRANSFER TO A PERSON WHO IS AN "ACCREDITED INVESTOR" PURSUANT TO THIS SUBCLAUSE (ii) AND IF REQUESTED BY OR ON BEHALF OF THE ISSUER, THE TRANSFEROR OR THE TRANSFEREE HAS PROVIDED AN OPINION OF COUNSEL TO EACH OF THE CLASS E CERTIFICATE PAYING AGENT, THE CLASS E CERTIFICATES REGISTRAR AND THE ISSUER THAT SUCH TRANSFER MAY BE MADE PURSUANT TO AN EXEMPTION FROM REGISTRATION UNDER THE SECURITIES ACT AND ANY APPLICABLE STATE SECURITIES LAW), OR (B) TO A TRANSFEREE THAT IS NOT A U.S. PERSON (AS DEFINED IN REGULATION S UNDER THE SECURITIES ACT) AND IS ACQUIRING THESE CLASS E CERTIFICATES IN AN OFFSHORE TRANSACTION IN COMPLIANCE WITH RULE 903 OR RULE 904 OF REGULATION S UNDER THE SECURITIES ACT, AND IN THE CASE OF BOTH CLAUSES (A) AND (B), IN A PRINCIPAL AMOUNT OF NOT LESS THAN THE APPLICABLE MINIMUM AUTHORIZED DENOMINATIONS. EACH PURCHASER OR TRANSFEREE OF THESE CLASS E CERTIFICATES WILL BE REQUIRED TO MAKE OR WILL BE DEEMED TO HAVE MADE THE REPRESENTATIONS AND AGREEMENTS SUBSTANTIALLY IN THE FORM SET FORTH IN THE CLASS E CERTIFICATE DOCUMENTS OR AN EXHIBIT THERETO.

THESE CLASS E CERTIFICATES ARE TRANSFERABLE ONLY IN ACCORDANCE WITH THE RESTRICTIONS DESCRIBED HEREIN AND IN THE CLASS E CERTIFICATE DOCUMENTS. ANY SALE OR TRANSFER IN VIOLATION OF THE FOREGOING WILL BE OF NO FORCE AND EFFECT, WILL BE VOID AB INITIO, AND WILL NOT OPERATE TO TRANSFER ANY RIGHTS TO THE TRANSFEREE, NOTWITHSTANDING ANY INSTRUCTIONS TO THE CONTRARY TO THE ISSUER, THE TRUSTEE OR ANY INTERMEDIARY. EACH TRANSFEROR OF ANY INTEREST IN THESE CLASS E CERTIFICATES AGREES TO PROVIDE NOTICE OF THE TRANSFER RESTRICTIONS SET FORTH HEREIN AND IN THE CLASS E CERTIFICATE DOCUMENTS TO ANY TRANSFEREE. IN ADDITION TO THE FOREGOING, THE ISSUER MAINTAINS THE RIGHT TO COMPEL THE RESALE OF ANY INTEREST IN THESE CLASS E CERTIFICATES PREVIOUSLY TRANSFERRED TO OR HELD BY NON-PERMITTED HOLDERS OF CLASS E CERTIFICATES IN ACCORDANCE WITH AND SUBJECT TO THE TERMS OF THE CLASS E CERTIFICATE DOCUMENTS.

THE SCHEDULED CLASS E CERTIFICATES REDEMPTION DATE IS SUBJECT TO EXTENSION AS SET FORTH IN THE INDENTURE AND CLASS E CERTIFICATE DOCUMENTS. IN ADDITION, A HOLDER MAY BE REQUIRED TO SELL ITS CLASS E CERTIFICATES AS REQUIRED IN THE CLASS E CERTIFICATE DOCUMENTS IF IT DOES NOT CONSENT TO CERTAIN AMENDMENTS TO THE INDENTURE OR IN CERTAIN CIRCUMSTANCES VOTES TO REMOVE THE PORTFOLIO MANAGER WITHOUT CAUSE.

THESE CLASS E CERTIFICATES MAY BE BENEFICIALLY OWNED ONLY BY PERSONS THAT CAN CONTINUE TO MAKE, ON EACH DAY SUCH BENEFICIAL OWNER OWNS THESE CLASS E CERTIFICATES, THE REPRESENTATIONS AND AGREEMENTS WITH RESPECT TO THE U.S. EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974, AS AMENDED, AND RELATED MATTERS SET FORTH IN THE REPRESENTATION LETTER DELIVERED UPON PURCHASE OR THE REPRESENTATIONS DEEMED MADE UPON PURCHASE.

EXHIBIT A-2

# LIBERTY CLO, LTD.

(the "Company")

### TEMPORARY REGULATION S GLOBAL SECURITY

representing

NUMBER
T-1

Common Code
023730707

ISIN
KYG278672020

CUSIP
G27867 20 2

CLASS E
CERTIFICATES
Up to 94,000

INCORPORATED UNDER THE LAWS OF THE CAYMAN ISLANDS

THE AUTHORISED SHARE CAPITAL OF THE COMPANY IS U.S.$ 1,940 BEING THE AGGREGATE OF (I) U.S.$1,000 DIVIDED INTO 1,000 ORDINARY SHARES OF A NOMINAL OR PAR VALUE OF U.S.$1.00 EACH AND (II) U.S.$940 DIVIDED INTO 94,000 CLASS E CERTIFICATES OF A NOMINAL OR PAR VALUE OF $0.01 EACH. EACH CLASS E CERTIFICATE HAS A FACE AMOUNT OF U.S. $1,000.

*THIS IS TO CERTIFY THAT* CEDE & CO. is the registered holder of up to 94,000 Class E Certificates in the above named Company subject to the Amended and Restated Memorandum and Articles of Association of the Company.

**THE RESTRICTIVE LEGEND ON THE REVERSE OF THIS CERTIFICATE FORMS AN INTEGRAL PART HEREOF.**

DATED: DECEMBER 8, 2005

BY: DONALD J. PUGLISI
ATTORNEY-IN-FACT

THIS CLASS E CERTIFICATE IS A TEMPORARY GLOBAL SECURITY FOR PURPOSES OF REGULATION S UNDER THE UNITED STATES SECURITIES ACT OF 1933, AS AMENDED (THE "SECURITIES ACT") WHICH IS EXCHANGEABLE FOR A PERMANENT GLOBAL SECURITY SUBJECT TO THE TERMS AND CONDITIONS SET FORTH HEREIN AND IN THE CLASS E CERTIFICATE DOCUMENTS REFERRED TO HEREIN.

THESE CLASS E CERTIFICATES HAVE NOT BEEN AND WILL NOT BE REGISTERED UNDER THE U.S. SECURITIES ACT OF 1933 (THE "SECURITIES ACT"), ANY STATE SECURITIES LAWS IN THE UNITED STATES OR THE SECURITIES LAWS OF ANY OTHER JURISDICTION AND THE ISSUER HAS NOT REGISTERED UNDER THE U.S. INVESTMENT COMPANY ACT OF 1940, AS AMENDED (THE "INVESTMENT COMPANY ACT"). THE HOLDER HEREOF, BY ITS ACCEPTANCE OF THESE CLASS E CERTIFICATES, REPRESENTS THAT IT HAS OBTAINED THESE CLASS E CERTIFICATES IN A TRANSACTION IN COMPLIANCE WITH THE SECURITIES ACT, THE INVESTMENT COMPANY ACT AND ALL OTHER APPLICABLE LAWS OF THE UNITED STATES OR ANY OTHER APPLICABLE JURISDICTION, AND THE RESTRICTIONS ON SALE AND TRANSFER SET FORTH IN THE CLASS E CERTIFICATE DOCUMENTS. THE HOLDER HEREOF, BY ITS ACCEPTANCE OF THESE CLASS E CERTIFICATES, FURTHER REPRESENTS, ACKNOWLEDGES AND AGREES THAT IT WILL NOT REOFFER, RESELL, PLEDGE OR OTHERWISE TRANSFER THESE CLASS E CERTIFICATES (OR ANY INTEREST HEREIN) EXCEPT IN COMPLIANCE WITH THE SECURITIES ACT, THE INVESTMENT COMPANY ACT AND ALL OTHER APPLICABLE LAWS OF ANY JURISDICTION AND IN ACCORDANCE WITH THE CERTIFICATIONS AND OTHER REQUIREMENTS SPECIFIED IN THE CLASS E CERTIFICATE DOCUMENTS REFERRED TO HEREIN (A) TO A TRANSFEREE (1) THAT IS EITHER (i) A "QUALIFIED PURCHASER" WITHIN THE MEANING OF SECTION 3(c)(7) OF THE INVESTMENT COMPANY ACT OR (ii) A "KNOWLEDGEABLE EMPLOYEE" (AS DEFINED IN RULE 3C-5 UNDER THE INVESTMENT COMPANY ACT) WITH RESPECT TO THE ISSUER, (2) IN THE CASE OF (1)(i) ABOVE THAT (i) WAS NOT FORMED FOR THE PURPOSE OF INVESTING IN THE CLASS E CERTIFICATES, (ii) HAS RECEIVED THE NECESSARY CONSENT FROM ITS BENEFICIAL OWNERS IF THE PURCHASER IS A PRIVATE INVESTMENT COMPANY FORMED BEFORE APRIL 30, 1996, (iii) IS NOT A BROKER-DEALER THAT OWNS AND INVESTS ON A DISCRETIONARY BASIS LESS THAN U.S. $25,000,000 IN SECURITIES OF UNAFFILIATED ISSUERS AND (iv) IS NOT A PARTNERSHIP, COMMON TRUST FUND, SPECIAL TRUST, PENSION, PROFIT SHARING OR OTHER RETIREMENT TRUST FUND OR PLAN IN WHICH THE PARTNERS, BENEFICIARIES OR PARTICIPANTS, AS APPLICABLE, MAY DESIGNATE THE PARTICULAR INVESTMENTS TO BE MADE, (3) THAT (i) IS ACQUIRING ITS CLASS E CERTIFICATES IN A TRANSACTION THAT MAY BE EFFECTED WITHOUT LOSS OF ANY APPLICABLE INVESTMENT COMPANY ACT EXEMPTION AND (ii) AGREES TO PROVIDE NOTICE TO ANY SUBSEQUENT TRANSFEREE OF THE TRANSFER RESTRICTIONS PROVIDED IN THIS LEGEND AND THE CLASS E CERTIFICATE DOCUMENTS AND (4) THAT (i) IS A PERSON WHOM THE SELLER REASONABLY BELIEVES IS A "QUALIFIED INSTITUTIONAL BUYER" AS DEFINED IN RULE 144A UNDER THE SECURITIES ACT PURCHASING FOR ITS OWN ACCOUNT OR FOR THE ACCOUNT OF A "QUALIFIED INSTITUTIONAL BUYER" IN COMPLIANCE WITH RULE 144A UNDER THE SECURITIES ACT OR (ii) IS AN "ACCREDITED INVESTOR" AS DEFINED IN RULE 501(A) UNDER THE SECURITIES ACT (PROVIDED THAT IN THE CASE OF ANY TRANSFER TO A PERSON WHO IS AN "ACCREDITED INVESTOR" PURSUANT TO THIS SUBCLAUSE (ii) AND IF REQUESTED BY OR ON BEHALF OF THE ISSUER, THE TRANSFEROR OR THE TRANSFEREE HAS PROVIDED AN OPINION OF COUNSEL TO EACH OF THE CLASS E CERTIFICATES PAYING AGENT, THE CLASS E CERTIFICATES REGISTRAR AND THE ISSUER THAT SUCH TRANSFER MAY BE MADE PURSUANT TO AN EXEMPTION FROM REGISTRATION UNDER THE SECURITIES ACT AND ANY APPLICABLE STATE SECURITIES LAW), OR (B) TO A TRANSFEREE THAT IS NOT A U.S. PERSON (AS DEFINED IN REGULATION S UNDER THE SECURITIES ACT) AND IS ACQUIRING THESE CLASS E CERTIFICATES IN AN OFFSHORE TRANSACTION IN COMPLIANCE WITH RULE 903 OR RULE 904 OF REGULATION S UNDER THE SECURITIES ACT, AND IN THE CASE OF BOTH CLAUSES (A) AND (B), IN A PRINCIPAL AMOUNT OF NOT LESS THAN THE APPLICABLE MINIMUM AUTHORIZED DENOMINATIONS. EACH PURCHASER OR TRANSFEREE OF THESE CLASS E CERTIFICATES WILL BE REQUIRED TO MAKE OR WILL BE DEEMED TO MAKE THE REPRESENTATIONS AND AGREEMENTS SUBSTANTIALLY IN THE FORM SET FORTH IN THE CLASS E CERTIFICATE DOCUMENTS OR AN EXHIBIT THERETO.

THESE CLASS E CERTIFICATES ARE TRANSFERABLE ONLY IN ACCORDANCE WITH THE RESTRICTIONS DESCRIBED HEREIN AND IN THE CLASS E CERTIFICATE DOCUMENTS. ANY SALE OR TRANSFER IN VIOLATION OF THE FOREGOING WILL BE OF NO FORCE AND EFFECT, WILL BE VOID AB INITIO, AND WILL NOT OPERATE TO TRANSFER ANY RIGHTS TO THE TRANSFEREE, NOTWITHSTANDING ANY INSTRUCTIONS TO THE CONTRARY TO THE ISSUER, THE TRUSTEE OR ANY INTERMEDIARY. EACH TRANSFEROR OF ANY INTEREST IN THESE CLASS E CERTIFICATES AGREES TO PROVIDE NOTICE OF THE TRANSFER RESTRICTIONS SET FORTH HEREIN AND IN THE CLASS E CERTIFICATE DOCUMENTS TO ANY TRANSFEREE. IN ADDITION TO THE FOREGOING, THE ISSUER MAINTAINS THE RIGHT TO COMPEL THE RESALE OF ANY INTEREST IN THESE CLASS E CERTIFICATES PREVIOUSLY TRANSFERRED TO OR HELD BY NON-PERMITTED HOLDERS OF CLASS E CERTIFICATES IN ACCORDANCE WITH AND SUBJECT TO THE TERMS OF THE CLASS E CERTIFICATE DOCUMENTS.

THE SCHEDULED CLASS E CERTIFICATES REDEMPTION DATE IS SUBJECT TO EXTENSION AS SET FORTH IN THE INDENTURE AND CLASS E CERTIFICATE DOCUMENTS. IN ADDITION, A HOLDER MAY BE REQUIRED TO SELL ITS CLASS E CERTIFICATES AS REQUIRED IN THE CLASS E CERTIFICATE DOCUMENTS IF IT DOES NOT CONSENT TO CERTAIN AMENDMENTS TO THE INDENTURE OR IN CERTAIN CIRCUMSTANCES VOTES TO REMOVE THE PORTFOLIO MANAGER WITHOUT CAUSE.

THESE CLASS E CERTIFICATES MAY BE BENEFICIALLY OWNED ONLY BY PERSONS THAT CAN CONTINUE TO MAKE, ON EACH DAY SUCH BENEFICIAL OWNER OWNS THESE CLASS E CERTIFICATES, THE REPRESENTATIONS AND AGREEMENTS WITH RESPECT TO THE U.S. EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974, AS AMENDED, AND RELATED MATTERS SET FORTH IN THE REPRESENTATION LETTER DELIVERED UPON PURCHASE OR THE REPRESENTATIONS DEEMED MADE UPON PURCHASE.

UNLESS THIS CLASS E CERTIFICATE IS PRESENTED BY AN AUTHORIZED REPRESENTATIVE OF DTC TO THE CLASS E CERTIFICATE PAYING AGENT OR ITS AGENTS FOR REGISTRATION OF TRANSFER, EXCHANGE, OR PAYMENT, AND ANY CLASS E CERTIFICATE ISSUED IS REGISTERED IN THE NAME OF CEDE & CO. OR IN SUCH OTHER NAME AS IS REQUESTED BY AN AUTHORIZED REPRESENTATIVE OF DTC (AND ANY PAYMENT IS MADE TO CEDE & CO OR TO SUCH OTHER ENTITY AS IS REQUESTED BY AN AUTHORIZED REPRESENTATIVE OF DTC), ANY TRANSFER, PLEDGE, OR OTHER USE HEREOF FOR VALUE OR OTHERWISE BY OR TO ANY PERSON IS WRONGFUL INASMUCH AS THE REGISTERED OWNER HEREOF, CEDE & CO., HAS AN INTEREST HEREIN.

ON OR AFTER THE EXCHANGE DATE, UPON CERTIFICATION IN ACCORDANCE WITH RULE 903(B)(3)(II)(B) FROM THE DTC, EUROCLEAR AND CLEARSTREAM THAT THE BENEFICIAL INTERESTS IN THIS TEMPORARY REGULATION S GLOBAL SECURITY ARE OWNED BY A PERSON WHO IS A NON-U.S. PERSON (AS DEFINED IN REGULATION S), INTERESTS IN THIS TEMPORARY REGULATION S GLOBAL SEUCIRY SHALL BE EXCHANGEABLE FOR ONE OR MORE PERMANENT GLOBAL SECURITIES IN DEFINITIVE, FULLY REGISTERED FORM WITH THE APPLICABLE LEGENDS SUBSTANTIALLY IN THE FORM ATTACHED AS AN EXHIBIT TO THE CLASS E CERTIFICATE PAYING AGENCY AGREEMENT.

ON AN EXCHANGE OF THE WHOLE OF THIS TEMPORARY REGULATION S GLOBAL SECURITY, THIS TEMPORARY REGULATION S GLOBAL SECURITY SHALL BE SURRENDERED TO DTC AT ITS OFFICE. ON AN EXCHANGE OF ONLY PART OF THIS TEMPORARY REGULATION S GLOBAL SECURITY, THIS TEMPORARY REGULATION S GLOBAL SECURITY SHALL BE ENDORSED ON SCHEDULE A HERETO TO REFLECT THE REDUCTION OF IN NUMBER OF CLASS E CERTIFICATES EVIDENCED HEREBY. IF, FOLLOWING THE ISSUE OF A PERMANENT REGULATION S GLOBAL SECURITY IN EXCHANGE FOR ONLY PART OF THIS TEMPORARY REGULATION S GLOBAL SECURITY, FURTHER PARTS ARE TO BE EXCHANGED PURSUANT TO THIS PARAGRAPH, SUCH EXCHANGE MAY BE EFFECTED, WITHOUT THE ISSUE OF A NEW PERMANENT REGULATION S GLOBAL SECURITY, BY THE ISSUER OR DTC ENDORSING SCHEDULE A OF THE PERMANENT REGULATION S GLOBAL SECURITY PREVIOUSLY ISSUED TO REFLECT AN INCREASE IN THE NUMBER OF CLASS E CERTIFICATES EVIDENCED THEREBY BY AN AMOUNT EQUAL TO THE NUMBER OF CLASS E CERTIFICIATES OF THE PART OF THIS TEMPORARY REGULATION S GLOBAL SECURITY TO BE EXCHANGED.

<u>SCHEDULE A</u>

<u>SCHEDULE OF EXCHANGES OR REDEMPTIONS</u>

The following exchanges of a part of this Temporary Regulation S Global security for Class E Certificates represented by a permanent Regulation S Global Security have been made:

| Date exchange made | Original number of Class E Certificates represented by of this Temporary Regulation S Global Security | Number of Class E Certificates represented by this Temporary Regulation S Global Security exchanged | Remaining Number of Class E Certificates represented by this Temporary Regulation S Global Security following such exchange | Notation made by or on behalf of the Issuer |
|---|---|---|---|---|
| | 45,200 | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

EXHIBIT A-3.

# LIBERTY CLO, LTD.

(the "Company")

### REGULATION S GLOBAL SECURITY

representing

NUMBER
S-1

Common Code
023730707

ISIN
KYG278672020

CUSIP
G27867 20 2

CLASS E
CERTIFICATES
Up to 94,000

INCORPORATED UNDER THE LAWS OF THE CAYMAN ISLANDS

THE AUTHORISED SHARE CAPITAL OF THE COMPANY IS U.S.$ 1,940 BEING THE AGGREGATE OF (I) U.S.$1,000 DIVIDED INTO 1,000 ORDINARY SHARES OF A NOMINAL OR PAR VALUE OF U.S.$1.00 EACH AND (II) U.S.$940 DIVIDED INTO 94,000 CLASS E CERTIFICATES OF A NOMINAL OR PAR VALUE OF $0.01 EACH. EACH CLASS E CERTIFICATE HAS A FACE AMOUNT OF U.S. $1,000.

*THIS IS TO CERTIFY THAT* CEDE & CO. is the registered holder of up to 94,000 Class E Certificates in the above named Company subject to the Amended and Restated Memorandum and Articles of Association of the Company.

**THE RESTRICTIVE LEGEND ON THE REVERSE OF THIS CERTIFICATE FORMS AN INTEGRAL PART HEREOF.**

DATED:  DECEMBER 8, 2005

BY:  DONALD J. PUGLISI
ATTORNEY-IN-FACT

THESE CLASS E CERTIFICATES HAVE NOT BEEN AND WILL NOT BE REGISTERED UNDER THE U.S. SECURITIES ACT OF 1933 (THE "SECURITIES ACT"), ANY STATE SECURITIES LAWS IN THE UNITED STATES OR THE SECURITIES LAWS OF ANY OTHER JURISDICTION AND THE ISSUER HAS NOT REGISTERED UNDER THE U.S. INVESTMENT COMPANY ACT OF 1940, AS AMENDED (THE "INVESTMENT COMPANY ACT"). THE HOLDER HEREOF, BY ITS ACCEPTANCE OF THESE CLASS E CERTIFICATES, REPRESENTS THAT IT HAS OBTAINED THESE CLASS E CERTIFICATES IN A TRANSACTION IN COMPLIANCE WITH THE SECURITIES ACT, THE INVESTMENT COMPANY ACT AND ALL OTHER APPLICABLE LAWS OF THE UNITED STATES OR ANY OTHER APPLICABLE JURISDICTION, AND THE RESTRICTIONS ON SALE AND TRANSFER SET FORTH IN THE CLASS E CERTIFICATE DOCUMENTS. THE HOLDER HEREOF, BY ITS ACCEPTANCE OF THESE CLASS E CERTIFICATES, FURTHER REPRESENTS, ACKNOWLEDGES AND AGREES THAT IT WILL NOT REOFFER, RESELL, PLEDGE OR OTHERWISE TRANSFER THESE CLASS E CERTIFICATES (OR ANY INTEREST HEREIN) EXCEPT IN COMPLIANCE WITH THE SECURITIES ACT, THE INVESTMENT COMPANY ACT AND ALL OTHER APPLICABLE LAWS OF ANY JURISDICTION AND IN ACCORDANCE WITH THE CERTIFICATIONS AND OTHER REQUIREMENTS SPECIFIED IN THE CLASS E CERTIFICATE DOCUMENTS REFERRED TO HEREIN (A) TO A TRANSFEREE (1) THAT IS EITHER (i) A "QUALIFIED PURCHASER" WITHIN THE MEANING OF SECTION 3(c)(7) OF THE INVESTMENT COMPANY ACT OR (ii) A "KNOWLEDGEABLE EMPLOYEE" (AS DEFINED IN RULE 3C-5 UNDER THE INVESTMENT COMPANY ACT) WITH RESPECT TO THE ISSUER, (2) IN THE CASE OF (1)(i) ABOVE THAT (i) WAS NOT FORMED FOR THE PURPOSE OF INVESTING IN THE CLASS E CERTIFICATES, (ii) HAS RECEIVED THE NECESSARY CONSENT FROM ITS BENEFICIAL OWNERS IF THE PURCHASER IS A PRIVATE INVESTMENT COMPANY FORMED BEFORE APRIL 30, 1996, (iii) IS NOT A BROKER-DEALER THAT OWNS AND INVESTS ON A DISCRETIONARY BASIS LESS THAN U.S. $25,000,000 IN SECURITIES OF UNAFFILIATED ISSUERS AND (iv) IS NOT A PARTNERSHIP, COMMON TRUST FUND, SPECIAL TRUST, PENSION, PROFIT SHARING OR OTHER RETIREMENT TRUST FUND OR PLAN IN WHICH THE PARTNERS, BENEFICIARIES OR PARTICIPANTS, AS APPLICABLE, MAY DESIGNATE THE PARTICULAR INVESTMENTS TO BE MADE, (3) THAT (i) IS ACQUIRING ITS CLASS E CERTIFICATES IN A TRANSACTION THAT MAY BE EFFECTED WITHOUT LOSS OF ANY APPLICABLE INVESTMENT COMPANY ACT EXEMPTION AND (ii) AGREES TO PROVIDE NOTICE TO ANY SUBSEQUENT TRANSFEREE OF THE TRANSFER RESTRICTIONS PROVIDED IN THIS LEGEND AND THE CLASS E CERTIFICATE DOCUMENTS AND (4) THAT (i) IS A PERSON WHOM THE SELLER REASONABLY BELIEVES IS A "QUALIFIED INSTITUTIONAL BUYER" AS DEFINED IN RULE 144A UNDER THE SECURITIES ACT PURCHASING FOR ITS OWN ACCOUNT OR FOR THE ACCOUNT OF A "QUALIFIED INSTITUTIONAL BUYER" IN COMPLIANCE WITH RULE 144A UNDER THE SECURITIES ACT OR (ii) IS AN "ACCREDITED INVESTOR" AS DEFINED IN RULE 501(A) UNDER THE SECURITIES ACT (PROVIDED THAT IN THE CASE OF ANY TRANSFER TO A PERSON WHO IS AN "ACCREDITED INVESTOR" PURSUANT TO THIS SUBCLAUSE (ii) AND IF REQUESTED BY OR ON BEHALF OF THE ISSUER, THE TRANSFEROR OR THE TRANSFEREE HAS PROVIDED AN OPINION OF COUNSEL TO EACH OF THE CLASS E CERTIFICATES PAYING AGENT, THE CLASS E CERTIFICATES REGISTRAR AND THE ISSUER THAT SUCH TRANSFER MAY BE MADE PURSUANT TO AN EXEMPTION FROM REGISTRATION UNDER THE SECURITIES ACT AND ANY APPLICABLE STATE SECURITIES LAW), OR (B) TO A TRANSFEREE THAT IS NOT A U.S. PERSON (AS DEFINED IN REGULATION S UNDER THE SECURITIES ACT) AND IS ACQUIRING THESE CLASS E CERTIFICATES IN AN OFFSHORE TRANSACTION IN COMPLIANCE WITH RULE 903 OR RULE 904 OF REGULATION S UNDER THE SECURITIES ACT, AND IN THE CASE OF BOTH CLAUSES (A) AND (B), IN A PRINCIPAL AMOUNT OF NOT LESS THAN THE APPLICABLE MINIMUM AUTHORIZED DENOMINATIONS. EACH PURCHASER OR TRANSFEREE OF THESE CLASS E CERTIFICATES WILL BE REQUIRED TO MAKE OR WILL BE DEEMED TO MAKE THE REPRESENTATIONS AND AGREEMENTS SUBSTANTIALLY IN THE FORM SET FORTH IN THE CLASS E CERTIFICATE DOCUMENTS OR AN EXHIBIT THERETO.

THESE CLASS E CERTIFICATES ARE TRANSFERABLE ONLY IN ACCORDANCE WITH THE RESTRICTIONS DESCRIBED HEREIN AND IN THE CLASS E CERTIFICATE DOCUMENTS. ANY SALE OR TRANSFER IN VIOLATION OF THE FOREGOING WILL BE OF NO FORCE AND EFFECT, WILL BE VOID AB INITIO, AND WILL NOT OPERATE TO TRANSFER ANY RIGHTS TO THE TRANSFEREE, NOTWITHSTANDING ANY INSTRUCTIONS TO THE CONTRARY TO THE ISSUER, THE TRUSTEE OR ANY INTERMEDIARY. EACH TRANSFEROR OF ANY INTEREST IN THESE CLASS E CERTIFICATES AGREES TO PROVIDE NOTICE OF THE TRANSFER RESTRICTIONS SET FORTH HEREIN AND IN THE CLASS E CERTIFICATE DOCUMENTS TO ANY TRANSFEREE. IN ADDITION TO THE FOREGOING, THE ISSUER MAINTAINS THE RIGHT TO COMPEL THE RESALE OF ANY INTEREST IN THESE CLASS E CERTIFICATES PREVIOUSLY TRANSFERRED TO OR HELD BY NON-PERMITTED HOLDERS OF CLASS E CERTIFICATES IN ACCORDANCE WITH AND SUBJECT TO THE TERMS OF THE CLASS E CERTIFICATE DOCUMENTS.

THE SCHEDULED CLASS E CERTIFICATES REDEMPTION DATE IS SUBJECT TO EXTENSION AS SET FORTH IN THE INDENTURE AND CLASS E CERTIFICATE DOCUMENTS. IN ADDITION, A HOLDER MAY BE REQUIRED TO SELL ITS CLASS E CERTIFICATES AS REQUIRED IN THE CLASS E CERTIFICATE DOCUMENTS IF IT DOES NOT CONSENT TO CERTAIN AMENDMENTS TO THE INDENTURE OR IN CERTAIN CIRCUMSTANCES VOTES TO REMOVE THE PORTFOLIO MANAGER WITHOUT CAUSE.

THESE CLASS E CERTIFICATES MAY BE BENEFICIALLY OWNED ONLY BY PERSONS THAT CAN CONTINUE TO MAKE, ON EACH DAY SUCH BENEFICIAL OWNER OWNS THESE CLASS E CERTIFICATES, THE REPRESENTATIONS AND AGREEMENTS WITH RESPECT TO THE U.S. EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974, AS AMENDED, AND RELATED MATTERS SET FORTH IN THE REPRESENTATION LETTER DELIVERED UPON PURCHASE OR THE REPRESENTATIONS DEEMED MADE UPON PURCHASE.

UNLESS THIS CLASS E CERTIFICATE IS PRESENTED BY AN AUTHORIZED REPRESENTATIVE OF DTC TO THE CLASS E CERTIFICATE PAYING AGENT OR ITS AGENTS FOR REGISTRATION OF TRANSFER, EXCHANGE, OR PAYMENT, AND ANY CLASS E CERTIIFCTE ISSUED IS REGISTERED IN THE NAME OF CEDE & CO. OR IN SUCH OTHER NAME AS IS REQUESTED BY AN AUTHORIZED REPRESENTATIVE OF DTC (AND ANY PAYMENT IS MADE TO CEDE & CO OR TO SUCH OTHER ENTITY AS IS REQUESTED BY AN AUTHORIZED REPRESENTATIVE OF DTC), ANY TRANSFER, PLEDGE, OR OTHER USE HEREOF FOR VALUE OR OTHERWISE BY OR TO ANY PERSON IS WRONGFUL INASMUCH AS THE REGISTERED OWNER HEREOF, CEDE & CO., HAS AN INTEREST HEREIN.

INTERESTS IN THIS REGULATION S GLOBAL SECURITY WILL BE TRANSFERABLE IN ACCORDANCE WITH THE PROVISIONS OF THE CLASS E CERTIFICATE DOCUMENTS AND THE RULES AND PROCEDURES OF EUROCLEAR AND CLEARSTREAM IN USE AT SUCH TIME.

UPON REDEMPTION, EXCHANGE OF OR INCREASE IN ANY INTEREST REPRESENTED BY THIS REGULATION S GLOBAL SECURITY, THIS REGULATION S GLOBAL SECURITY SHALL BE ENDORSED ON SCHEDULE A HERETO TO REFLECT THE REDUCTION OF OR INCREASE IN THE MUMBER OF CLASS E CERTIFICATES EVIDENCED HEREBY.

SCHEDULE A

SCHEDULE OF EXCHANGES OR REDEMPTIONS

The following exchanges, redemptions of or increases in the whole or a part of the Class E Certificates represented by this Regulation S Global Security have been made:

| Date exchange/redemption/ increase made | Original number of Class E Certificates represented by this Regulation S Global Security | Number of Class E Certificates represented by this Regulation S Global Security exchanged/redeemed/ increased | Remaining number of Class E Certificates Represented by this Regulation S Global Security following such exchange/redemption/ increase | Notation made by or on behalf of the Issuer |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

FORM OF TRANSFEROR CERTIFICATE FOR EXCHANGE OR TRANSFER
FROM CERTIFICATED CLASS E CERTIFICATE
TO TEMPORARY REGULATION S GLOBAL CLASS E CERTIFICATE
OR REGULATION S GLOBAL CLASS E CERTIFICATE

(Exchanges or transfers pursuant to Section 2.7(g)(iii) of the Class E Certificate Paying Agency Agreement)

JPMorgan Chase Bank, National Association, as Trustee
600 Travis Street, 50th Floor
Houston, Texas 77002

Attention: Attention: Worldwide Securities Services – Liberty CLO

Reference is hereby made to the Class E Certificate Paying Agency Agreement dated as of December 8, 2005 (the "Class E Certificate Paying Agency Agreement"), by and between Liberty CLO, Ltd. (the "Issuer") and JPMorgan Chase Bank, National Association, as Class E Certificate Paying Agent. Capitalized terms used but not defined herein shall have the meanings given to them in the Class E Certificate Paying Agency Agreement.

This letter relates to _____ Class E Certificates (the "Class E Certificates") which are owned by the undersigned (the "Transferor") in the form of a Certificated Class E Certificate (CUSIP No. [530360 20 5][ 530360 30 4]). The Transferor has requested an exchange or transfer of such Class E Certificate for an interest in the [Temporary][1] Regulation S Global Class E Certificate (ISIN No. KYG278672020) to be held with the Depositary in the name of [Euroclear] [Clearstream][2] (Common Code No.[ 023730707]).

In connection with such request and in respect of such Class E Certificates, the Transferor does hereby certify that such exchange or transfer has been made in compliance with the transfer restrictions set forth in the Class E Certificate Paying Agency Agreement and pursuant to and in accordance with Regulation S ("Regulation S") under the Securities Act of 1933, as amended (the "Securities Act"), and accordingly the Transferor does hereby certify that:

(1)     the offer of the Class E Certificates was not made to a person in the United States and the transferee is not a U.S. person (as defined in Regulation S);

---

[1]     Include if applicable.
[2]     Select appropriate depository.

B2-1

[(2)    at the time the buy order was originated, the transferee was outside the United States or the Transferor and any persons acting on its behalf reasonably believed and believes that the transferee was outside the United States;][3, 4]

[(2)    the transaction was executed in, on or through the facilities of a designated offshore securities market and neither the Transferor nor any person acting on its behalf knows that the transaction was pre-arranged with a buyer in the United States;][4]

(3)    no directed selling efforts have been made in contravention of the requirements of Rule 903(a) or 904(a) of Regulation S, as applicable; and

(4)    the transaction is not part of a plan or scheme to evade the registration requirements of the Securities Act.

The Transferor confirms that it has made the transferee aware of the transfer restrictions and representations set forth in Section 2.7 of the Class E Certificate Paying Agency Agreement (and the related exhibits to the Class E Certificate Paying Agency Agreement).

We understand that this certificate is required in connection with certain securities laws of the United States.  In connection therewith, if administrative or legal proceedings are commenced or threatened in connection with which this certificate is or would be relevant, we irrevocably authorize you to produce this certificate to any interested party in such proceeding. This certificate and the statements contained herein are made for the benefit of the Co-Issuers, the Trustee, the Class E Certificate Paying Agent, the Class E Certificates Registrar, the Portfolio Manager, the Initial Purchaser, the Placement Agent and their respective counsel.

[Insert Name of Transferor]

By:    _____

        Name:
        Title:

Dated: _____, ____

cc:    Liberty CLO, Ltd.

---

[3]    Insert this provision, which comes from the definition of "offshore transaction" in Regulation S, if transfer is made in reliance on Rule 903 under the Securities Act.

[4]    Insert one of the two provisions, which come from the definition of "offshore transaction" in Regulation S, if transfer is made in reliance on Rule 904 under the Securities Act.

B1-2