# EXHIBIT SS

**EXECUTION COPY**

**RED RIVER CLO LTD.**

Issuer

**RED RIVER CLO CORP.**

Co-Issuer

AND

**HIGHLAND CAPITAL MANAGEMENT, L.P.**

Servicer

**AMENDMENT NO. 1**

**TO**

**SERVICING AGREEMENT**

Dated as of October 2, 2007

_____

**COLLATERALIZED DEBT OBLIGATIONS**

_____

**THIS AMENDMENT NO. 1 TO SERVICING AGREEMENT** (the "Amendment"), dated as of October 2, 2007, among Red River CLO Ltd. (the "Issuer"), Red River CLO Corp. (the "Co-Issuer") and Highland Capital Management, L.P. (the "Servicer"), hereby amends the Servicing Agreement, dated as August 3, 2006, among the Issuer, the Co-Issuer and the Servicer.

<u>W I T N E S S E T H</u>

WHEREAS, the Issuer, the Co-Issuer and the Servicer entered into the Servicing Agreement;

WHEREAS, the Issuers and the Servicer desire to change certain provisions with respect to the Servicer's ability to waive certain Servicing Fees;

WHEREAS, Section 19 of the Servicing Agreement provides that the Servicing Agreement may be amended by the Issuer, Co-Issuer and the Servicer in accordance with the terms of Section 15.1(h) of the Indenture;

WHEREAS, Section 15.1(h) of the Indenture provides that the Servicing Agreement may be amended by the Issuer, Co-Issuer and the Servicer with the consent of Majority of each Class of Notes or a Majority of the Preference Shares have not objected in writing to such amendment;

WHEREAS, the necessary consents pursuant to the preceding paragraph have been obtained;

WHEREAS, Section 15.1(h) of the Indenture provides that the Ratings Agencies shall confirm that this Amendment to the Indenture will not cause the rating of any Class of Notes to be reduced or withdrawn; and

WHEREAS, the Ratings Agencies have confirmed that this Amendment to the Indenture will not cause the rating of any Class of Notes to be reduced or withdrawn.

NOW, THEREFORE, the parties hereto agree as follows:

SECTION 1.   <u>Defined Terms</u>.

For purposes of this Amendment, all capitalized terms which are used but not otherwise defined herein shall have the respective meanings assigned to such terms in the Indenture.

SECTION 2.   <u>Amendment</u>.

Section 8(a) of the Servicing Agreement is hereby amended and replaced in its entirety with the following:

    8.    <u>Compensation</u>.

    (a)    The Issuer shall pay to the Servicer, for services rendered and performance of its obligations under this Agreement, the Servicing Fee, which shall be payable in such

amounts and at such times as set forth in the Indenture. The provisions of the Indenture which relate to the amount and payment of the Servicing Fee shall not be amended without the written consent of the Servicer. If on any Payment Date there are insufficient funds to pay the Servicing Fee (and/or any other amounts due and payable to the Servicer) in full, the amount not so paid shall be deferred and shall be payable with accrued interest on such later Payment Date on which funds are available therefor as provided in the Indenture.

The Servicer hereby agrees to waive the Class II Preference Share Portion of the Servicing Fees deposited by the Trustee into the Class II Preference Share Special Payment Account pursuant to the Indenture, which would otherwise be payable to the Servicer as Servicing Fees, on each Payment Date prior to February 3, 2008. With respect to any Payment Date after February 3, 2008, the Servicer may, in its sole discretion, at any time waive a portion (or all) of its Servicing Fees then due and payable, in which event an amount equal to such waived portion will be paid by the Issuer as Class II Preference Share Special Payments pursuant to the Indenture; provided that with respect to the Payment Date in May 2008 such Class II Preference Share Special Payments will, at a minimum, include amounts that would otherwise constitute a portion (representing the Class II Preference Share Percentage) of the Servicing Fees that have accrued from the Payment Date in February 2008 through February 3, 2008. For purposes of any calculation under this Agreement and the Indenture, the Servicer shall be deemed to have received the Servicing Fee in an amount equal to the sum of the Servicing Fee actually paid to the Servicer and the amount distributed to the Holders of the Class II Preference Shares as Class II Preference Share Special Payments.

In addition, notwithstanding anything set out above, the Servicer may, in its sole discretion waive all or any portion of the Subordinate Servicing Fee or Supplemental Servicing Fee, any funds representing the waived Subordinate Servicing Fees or Supplemental Servicing Fees to be retained in the Collection Account for distribution as either Interest Proceeds or Principal Proceeds (as determined by the Servicer) pursuant to the Priority of Payments.

SECTION 3. Effect of Amendment.

Upon execution of this Amendment, the Indenture shall be, and be deemed to be, modified and amended in accordance herewith and the respective rights, limitations, obligations, duties, liabilities and immunities of the Issuer, Co-Issuer and the Servicer shall hereafter be determined, exercised and enforced subject in all respects to such modifications and amendments, and all the terms and conditions of this Amendment shall be deemed to be part of the terms and conditions of the Indenture for any and all purposes. Except as modified and expressly amended by this Amendment, the Indenture is in all respects ratified and confirmed, and all the terms, provisions and conditions thereof shall be and remain in full force and effect.

SECTION 4. Binding Effect.

The provisions of this Amendment shall be binding upon and inure to the benefit of the Issuer, the Co-Issuer and the Servicer and each of their respective successors and assigns.

SECTION 5.  <u>GOVERNING LAW</u>.

THIS AMENDMENT TO THE INDENTURE SHALL BE CONSTRUED IN ACCORDANCE WITH AND GOVERNED BY THE LAWS OF THE STATE OF NEW YORK APPLICABLE TO AGREEMENTS MADE AND TO BE PERFORMED THEREIN WITHOUT REFERENCE TO ITS CONFLICT OF LAW PROVISIONS, AND THE OBLIGATIONS, RIGHTS AND REMEDIES OF THE PARTIES HEREUNDER SHALL BE DETERMINED IN ACCORDANCE WITH SUCH LAWS.

SECTION 6.  <u>Severability of Provisions</u>.

If any one or more of the provisions or terms of this Amendment shall be for any reason whatsoever held invalid, then such provisions or terms shall be deemed severable from the remaining provisions or terms of this Amendment and shall in no way affect the validity or enforceability of the other provisions or terms of this Amendment.

SECTION 7.  <u>Section Headings</u>.

The section headings herein are for convenience of reference only, and shall not limit or otherwise affect the meaning hereof.

SECTION 8.  <u>Counterparts</u>.

This Amendment may be executed in several counterparts, each of which shall be an original and all of which shall constitute but one and the same instrument.

[Signature pages follow]

IN WITNESS WHEREOF, the Issuer, Co-Issuer and the Servicer have caused their names to be signed hereto by their respective officers thereunto duly authorized, all as of the day and year first above written.

RED RIVER CLO LTD.,
as Issuer

By: _____
    Name:   **VIJAYABALAN MURUGESU**
    Title:     **DIRECTOR**

RED RIVER CLO CORP.,
as Co-Issuer

By: _____
    Name:
    Title:

HIGHLAND CAPITAL MANAGEMENT, L.P., as Servicer

By: _____
    Name:
    Title:

IN WITNESS WHEREOF, the Issuer, Co-Issuer and the Servicer have caused their names to be signed hereto by their respective officers thereunto duly authorized, all as of the day and year first above written.

RED RIVER CLO LTD.,
as Issuer

By:_____
   Name:
   Title:

RED RIVER CLO CORP.,
as Co-Issuer

By: *[signature]*
   Name:  Donald J. Puglisi
   Title:  President

HIGHLAND CAPITAL MANAGEMENT,
L.P., as Servicer

By:_____
   Name:
   Title:

IN WITNESS WHEREOF, the Issuer, Co-Issuer and the Servicer have caused their names to be signed hereto by their respective officers thereunto duly authorized, all as of the day and year first above written.

RED RIVER CLO LTD.,
as Issuer

By:_____
    Name:
    Title:

RED RIVER CLO CORP.,
as Co-Issuer

By:_____
    Name:
    Title:

HIGHLAND CAPITAL MANAGEMENT, L.P., as Servicer

By:_____
    Name: Todd Travers
    Title: Senior Portfolio Manager
         Highland Capital Management, L.P.

**CONSENTED AND AGREED TO BY**:

Name: _Todd Travers_
Title: _CEO & CIO_
E-mail address: _tatravers@hcmlp.com_
Aggregate Outstanding Amount/Face Amount of Class II
Preference Shares Held: _45,000,000_
CUSIP/ISIN: _756873204_