# EXHIBIT ZZ

**EXECUTION COPY**

# ROCKWALL CDO LTD.

Issuer

# ROCKWALL CDO (DELAWARE) CORP.

Co-Issuer

AND

# HIGHLAND CAPITAL MANAGEMENT, L.P.

Servicer

# AMENDMENT NO. 1

# TO

# SERVICING AGREEMENT

Dated as of October 2, 2007

---

**COLLATERALIZED DEBT OBLIGATIONS**

---

**THIS AMENDMENT NO. 1 TO SERVICING AGREEMENT** (the "Amendment"), dated as of October 2, 2007, among Rockwall CDO Ltd. (the "Issuer"), Rockwall CDO (Delaware) Corp. (the "Co-Issuer") and Highland Capital Management, L.P. (the "Servicer"), hereby amends the Servicing Agreement, dated as May 10, 2006, among the Issuer, the Co-Issuer and the Servicer.

W I T N E S S E T H

WHEREAS, the Issuer, the Co-Issuer and the Servicer entered into the Servicing Agreement;

WHEREAS, the Issuers and the Servicer desire to change certain provisions with respect to the Servicer's ability to waive certain Servicing Fees;

WHEREAS, Section 19 of the Servicing Agreement provides that the Servicing Agreement may be amended by the Issuer, Co-Issuer and the Servicer in accordance with the terms of Section 14.1(f)(4) of the Indenture;

WHEREAS, Section 14.1(f)(4) of the Indenture provides that the Servicing Agreement may be amended by the Issuer, Co-Issuer and the Servicer so long as the Requisite Holders have not timely objected in writing to such amendment;

WHEREAS, the Requisite Holders have not timely objected in writing to this Amendment;

WHEREAS, Section 14.1(f)(4) of the Indenture provides that the Ratings Agencies shall confirm that this Amendment to the Indenture will not cause the rating of any Class of Notes to be reduced or withdrawn; and

WHEREAS, the Ratings Agencies have confirmed that this Amendment to the Indenture will not cause the rating of any Class of Notes to be reduced or withdrawn.

NOW, THEREFORE, the parties hereto agree as follows:

SECTION 1.  Defined Terms.

For purposes of this Amendment, all capitalized terms which are used but not otherwise defined herein shall have the respective meanings assigned to such terms in the Indenture.

SECTION 2.  Amendment.

Section 8(a) of the Servicing Agreement is hereby amended and replaced in its entirety with the following:

8. Compensation.

(a) The Issuer shall pay to the Servicer, for services rendered and performance of its obligations under this Agreement, the Servicing Fee, which shall be payable in such amounts and at such times as set forth in the Indenture.  The provisions of the Indenture which relate to the amount and payment of the Servicing Fee shall not be amended without the written consent of the Servicer.  If on any Payment Date there are insufficient funds to pay the Servicing Fee (and/or any other amounts due and payable to the Servicer) in full, the amount not so paid shall be deferred and shall be payable on such later Payment Date on which funds are available therefor as provided in the Indenture.

The Servicer hereby agrees to waive the Class II Preferred Share Portion of the Servicing Fees which would otherwise be payable to the Servicer as Servicing Fees, on each Payment Date until February 3, 2008. After February 3, 2008, the Servicer may, in its sole discretion, at any time waive the Class II Preferred Share Portion of its Servicing Fees then due and payable.  All waived amounts will be paid to the Class II Preferred Shares as Class II Preferred Share Dividends pursuant to the Indenture. For purposes of any calculation under this Agreement and the Indenture, the Servicer shall be deemed to have received the Servicing Fee in an amount equal to the sum of the Servicing Fee actually paid to the Servicer and the amount distributed to the Holders of the Class II Preferred Shares as Class II Preferred Share Dividends.

In addition, notwithstanding anything set out above, the Servicer may, in its sole discretion waive all or any portion of the Additional Servicing Fee or Supplemental Servicing Fee, any funds representing the waived Additional Servicing Fees and Supplemental Servicing Fees to be retained in the Collection Account for distribution as either Interest Proceeds or Principal Proceeds (as determined by the Servicer) pursuant to the Priority of Payments.

SECTION 3.  Effect of Amendment.

Upon execution of this Amendment, the Indenture shall be, and be deemed to be, modified and amended in accordance herewith and the respective rights, limitations, obligations, duties, liabilities and immunities of the Issuer, Co-Issuer and the Servicer shall hereafter be determined, exercised and enforced subject in all respects to such modifications and amendments, and all the terms and conditions of this Amendment shall be deemed to be part of the terms and conditions of the Indenture for any and all purposes.  Except as modified and expressly amended by this Amendment, the Indenture is in all respects ratified and confirmed, and all the terms, provisions and conditions thereof shall be and remain in full force and effect.

SECTION 4.  Binding Effect.

The provisions of this Amendment shall be binding upon and inure to the benefit of the Issuer, the Co-Issuer and the Servicer and each of their respective successors and assigns.

SECTION 5.  GOVERNING LAW.

THIS AMENDMENT TO THE INDENTURE SHALL BE CONSTRUED IN ACCORDANCE WITH AND GOVERNED BY THE LAWS OF THE STATE OF NEW YORK APPLICABLE TO AGREEMENTS MADE AND TO BE PERFORMED THEREIN WITHOUT REFERENCE TO ITS CONFLICT OF LAW PROVISIONS, AND THE OBLIGATIONS, RIGHTS AND REMEDIES OF THE PARTIES HEREUNDER SHALL BE DETERMINED IN ACCORDANCE WITH SUCH LAWS.

SECTION 6.  Severability of Provisions.

If any one or more of the provisions or terms of this Amendment shall be for any reason whatsoever held invalid, then such provisions or terms shall be deemed severable from the remaining provisions or terms of this Amendment and shall in no way affect the validity or enforceability of the other provisions or terms of this Amendment.

SECTION 7.  Section Headings.

The section headings herein are for convenience of reference only, and shall not limit or otherwise affect the meaning hereof.

SECTION 8.  Counterparts.

This Amendment may be executed in several counterparts, each of which shall be an original and all of which shall constitute but one and the same instrument.

[Signature pages follow]

IN WITNESS WHEREOF, the Issuer, Co-Issuer and the Servicer have caused their names to be signed hereto by their respective officers thereunto duly authorized, all as of the day and year first above written.

ROCKWALL CDO LTD.,
as Issuer

By: _____
    Name:  **Guy Major**
    Title:   **Director**

ROCKWALL CDO (DELAWARE) CORP.,
as Co-Issuer

By: _____
    Name:
    Title:

HIGHLAND CAPITAL MANAGEMENT, L.P., as Servicer

By: _____
    Name:
    Title:

IN WITNESS WHEREOF, the Issuer, Co-Issuer and the Servicer have caused their names to be signed hereto by their respective officers thereunto duly authorized, all as of the day and year first above written.

ROCKWALL CDO LTD.,
as Issuer

By:_____
    Name:
    Title:

ROCKWALL CDO (DELAWARE) CORP.,
as Co-Issuer

By: *[signature]*
    Name:  Donald J. Puglisi
    Title:  President

HIGHLAND CAPITAL MANAGEMENT, L.P., as Servicer

By:_____
    Name:
    Title:

IN WITNESS WHEREOF, the Issuer, Co-Issuer and the Servicer have caused their names to be signed hereto by their respective officers thereunto duly authorized, all as of the day and year first above written.

ROCKWALL CDO LTD.,
as Issuer


By:_____
    Name:
    Title:

ROCKWALL CDO (DELAWARE) CORP.,
as Co-Issuer


By:_____
    Name:
    Title:


HIGHLAND CAPITAL MANAGEMENT, L.P., as Servicer

By: [signature]
    Name:    Todd Travers
    Title:    Senior Portfolio Manager
              Highland Capital Management, L.P.

**CONSENTED AND AGREED TO BY:**

Name: _____ /s/ Todd Travers _____
Title: CEO & CFO
E-mail address: ttravers@hcmlp.com
Aggregate Outstanding Amount/Face Amount of Class II
Preferred Shares Held: 45,000,000
CUSIP/ISIN: 77426 1119