

December 23, 2020

A. Lee Hogewood, III
Lee.hogewood@klgates.com

T: 1-919-743-7306

Jeffrey N. Pomerantz
Ira D. Kharasch
John A. Morris
Gregory V. Demo
Hayley R. Winograd
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067

Dear Counsel:

    I am writing to you on behalf of our clients Highland Capital Management Fund Advisors, L.P. ("HMCFA") and NexPoint Advisors, L.P. ("NexPoint", and together with HCMFA, the "Advisors"), and Highland Income Fund, NexPoint Strategic Opportunities Fund, and NexPoint Capital, Inc. (together, the "Funds").  CLO Holdco, Ltd. ("CLO Holdco") whose counsel is copied below, joins in this notice and request.

    As you are aware, certain registered investment companies and a business development company managed by either NexPoint or HCMFA own preference shares in many of the CLOs.  In the following cases those companies own a majority of such shares[1]:

- Stratford CLO, Ltd. 69.05%
- Grayson CLO, Ltd. 60.47%
- Greenbriar CLO, Ltd. 53.44%

---

[1] These ownership percentages are derived from information provided by the Debtor.  If the Debtor contends that the ownership percentages are inaccurate, please inform us of the Debtor's differing calculations.

**EXHIBIT 4**

In other cases, such companies in combination with CLO Holdco hold, a super-majority, or a majority of the preference shares in the following CLOs:

- Liberty CLO, Ltd. 70.43%
- Stratford CLO, Ltd. 69.05%*[2]
- Aberdeen Loan Funding, Ltd. 64.58%
- Grayson CLO, Ltd. 61.65%*
- Westchester CLO, Ltd. 58.13%
- Rockwall CDO, Ltd. 55.75%
- Brentwood CLO, Ltd. 55.74%
- Greenbriar CLO, Ltd. 53.44%*

Additionally, such companies own significant minority stakes in the following CLO's:

- Eastland CLO, Ltd. 41.69%
- Red River CLO, Ltd. 33.33%

The ownerships described above represent in many cases the total remaining outstanding interests in such CLOs, because the noteholders have been paid in full. In others, the remaining noteholders represent only a small percentage of remaining interests. Thus, the economic ownership of the registered investment companies, business development company, and CLO Holdco largely represent the investors in the CLOs identified above.

In pleadings filed with the Bankruptcy Court, you asserted that one or more of the entities identified above lacked the authority to seek a replacement of the Debtor as fund manager because of the alleged affiliate status of the beneficial owners of such entities. We disagree.

Consequently, in addition to our request of yesterday, where appropriate and consistent with the underlying contractual provisions, one or more of the entities above intend to notify the relevant trustees and/or issuers that the process of removing the Debtor as fund manager should be initiated, subject to and with due deference for the applicable provisions of the United States Bankruptcy Code, including the automatic stay of Section 362. The basis for initiating the process for such removal includes, but is not limited to, the fact that HCMLP's duties, as set forth in the portfolio management agreements of the CLOs, are subject to the requirements of the Investment Advisers Act of 1940 ("Advisers Act"). HCMLP appears to be acting contrary to those duties under the agreements and where HCMLP is not fulfilling its duties under the portfolio management agreement it is therefore violating the Advisers Act. Thus, because HCMLP is (i) terminating employees on January 31, 2021, which will result in a loss of the employees that have traditionally serviced, including key investment professionals identified in the transactional documents for those CLOs (generally Mark Okada and Jim Dondero); (ii) ignoring the requests of the Advisors, Funds, and CLO Holdco, which together account for all or a majority of interests in certain CLOs, and selling assets of those CLOs prior to plan confirmation; (iii)

---

[2] CLO's marked with an asterisk (*) appear in the foregoing list as well.

**EXHIBIT 4**

adding a replacement manager as subadviser prior to January 31, 2021; and (iv) for other cause, the Advisors, Funds, and CLO Holdco have concluded that they have no choice but to initiate HCMLP's removal as fund manager where such entities are contractually and legally permitted or obligated to do so.

Because the process of removal is being initiated, subject to the applicable provisions of the Bankruptcy Code, we respectfully request that no further CLO transactions occur at least until the issues raised by and addressed in the Debtor's plan are resolved at the confirmation hearing.   To the extent there are CLO transactions prior to the confirmation, we intend to fully explore the business justification for doing so, as we do not believe there is any rational business reason to liquidate securities prior to that time.

Sincerely,

*A. Lee Hogewood, III*

A. Lee Hogewood, III

**EXHIBIT 4**