

December 28, 2020

A. Lee Hogewood, III
Lee.hogewood@klgates.com

T: 1-919-743-7306

Via Email

Gregory V. Demo
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067

Dear Counsel:

     Thank you for your letters of December 24, 2020, demanding a reply by the afternoon of the 28th. To cut to the chase, we decline to withdraw the letters of December 22 and 23, 2020.  The letter dated December 22, 2020 was a request from counsel for the Funds and Advisors, as well as Holdco, to you as counsel for the Debtor, asking that the Debtor cease further trading in property you have acknowledged is not an asset of the Debtor's estate.  The request is continuing.  The letter dated December 23, 2020 was notification from counsel for the Funds and Advisors, as well as Holdco, to you as counsel for the Debtors that the process to remove the Debtor as manager of certain funds would be initiated, *subject to* applicable orders in the pending bankruptcy case, provisions of the Bankruptcy Code and, specifically the automatic stay.

     Neither letter was presented to, or constituted a request for relief from, any court.  Thus, your threat to seek sanctions under Rule 9011 would not seem to be actionable or otherwise warranted by existing law.  That said, if you believe there is authority for seeking 9011 sanctions against a party or a lawyer based upon either a request or a notification exclusively between counsel, please provide and we will certainly consider it.  I would add that the demand to respond within a single business day, over an intervening holiday, is not in compliance with Rule 9011 in any event. Given that the rule is inapplicable, the procedural infirmity of your demand is immaterial.

     Substantively, please consider the following:

**EXHIBIT 7**

First, there is no confusion on the part of our Firm or our client that our motion was denied. Thus, the Debtor is not prohibited from engaging in sales of CLO assets. Because the Debtor is free to do so, however, does not mean that the Debtor must engage in such transactions. The Debtor has acknowledged that the assets it has sold and may sell are expressly not property of the estate. Thus, any benefits of such transactions to the estate are not evident. On the other hand, the parties holding a majority of the beneficial interests in the assets have requested, and continue to request, that the Debtor refrain from selling those assets for a short time. What is the harm in refraining?

Second, in order to pursue the trades over the last several days, the Debtor has initiated the trades, as we understand it, by giving instructions to a trading desk other than Highland Capital Management Fund Advisors ("HCMFA"). The Debtor has demanded that employees of HCMFA "book" or "settle" the trades. Having not initiated the trades and with the trades executed outside of compliance protocols including HCMLP's order management system, HCMFA employees have been reluctant to do so because, among other reasons, they did not initiate them and cannot be sure such trades were properly pre-cleared. The Debtor presently has adequate staff and resources to process and settle trades without requiring involvement of HCMFA employees. In short, if the Debtor wishes to make trades, it has the ability to make them without HCMFA's assistance. If the Debtor desires or requires the continued support of HCMFA to make such trades, we should discuss an appropriate protocol and payment for such support.

Third, the Debtor's view that the historic affiliate relationship between it, the Funds, the Advisors and Holdco precludes those entities from replacing management is misplaced. While Mr. Dondero was never a control person of Holdco, we acknowledge he was once a control person in connection with many of the relevant entities. There is no doubt that Mr. Dondero no longer has control over the activities of the Debtor as fund manager, and thus the affiliate status that might have precluded the Funds and Advisors from seeking the removal and replacement of the fund manager no longer exists. Indeed, in the transcript of the hearing of December 16, at which the Court denied my clients' motion, Debtor's counsel made crystal clear that the Debtor's board had no interest in speaking with Mr. Dondero and further that Mr. Seery viewed discussions with Mr. Dondero as "a waste of time." Once Mr. Dondero ceased to be a control person or employee of the Debtor, any affiliate status between the Debtor on the one hand and the Advisers and the Funds on the other also terminated. This termination was effective pursuant to both Investment Company Act of 1940 (the "1940 Act") and the Indentures governing the CLOs. Having reviewed these facts with the 1940 Act experts in our Firm, we are confident that affiliate status is no longer an impediment to removal.

In view of the foregoing, I suggest that the parties could benefit from a call this week to discuss our competing communications and perhaps broader questions as well. Please let me know your availability over the next few days and I will work to coordinate a call.

Warm regards,

*A. Lee Hogewood, III*

A. Lee Hogewood, III

**EXHIBIT 7**

Cc: (via email)

Jeffrey N. Pomerantz
Ira D. Kharasch
John A. Morris
Hayley R. Winograd

John J. Kane

George Zornado
R. Charles Miller

**EXHIBIT 7**