# **EXHIBIT A**

## Settlement Agreement

CLO Holdco, Ltd. / Highland Capital Management, L.P.

January 25, 2021

I. **Pending Disputes**
   a. Adv. Proc. No. 21-03000 against CLO Holdco, Ltd. and other defendants (the "Adversary Proceeding")
   b. CLO Holdco, Ltd.'s ("CLO Holdco") Plan Confirmation Objection (the "Confirmation Objection")

II. **Elements of Disputes at Issue**
   a. CLO Holdco's rights, if any, to remove the Debtor as manager or servicer under the CLO Management Contracts[1] (i) for cause, and (ii) without cause.
   b. Whether the Debtor can assume the CLO Management Contracts under 11 U.S.C. § 365 and whether there is adequate assurance of future performance under the Plan[2]
   c. Whether the Debtor's Plan can enjoin CLO Holdco or otherwise affect CLO Holdco's rights under certain CLO Management Contracts, if any, assumed under the Debtor's Plan without CLO Holdco's assent.
   d. Whether CLO Holdco tortiously interfered with the Debtor.
   e. Whether CLO Holdco violated the automatic stay.
   f. Whether the Debtor is entitled to injunctive relief against CLO Holdco as a result of its behavior and expressed intent to try to remove the Debtor as manager under CLO Management Contracts, and other behavior.
   g. Any other objections or disputes joined by or asserted by CLO Holdco in Docket Nos. 1670 and 1675.

III. **Means of Resolving Pending Disputes**
   a. Agreement:
      i. Gate Keeping – Good Faith under "For Cause" CLO Management Contracts
         1. CLO Holdco and the Debtor would agree that before CLO Holdco could either (1) direct any Issuer (as defined in the CLO Management Contracts) to remove the Debtor as manager or servicer of any CLO for "cause" or (2) otherwise act to seek to remove the Debtor as manager or servicer of any CLO "for cause," CLO Holdco would first have to comply with the last paragraph Article IX.F of the Plan (the "Gatekeeper Provision") (regardless of whether the Plan is confirmed by the Court or has become effective) and seek a determination from the Bankruptcy Court that such claim for

---

[1] Undefined capitalized terms in this Term Sheet have the meaning ascribed to them by CLO Holdco in its Confirmation Objection.

[2] As used herein, the term "Plan" means the Fifth Amended and Restate Plan of Reorganization of Highland Capital Management, L.P. (as modified) [Docket No. 1808] (the "Plan")

"cause" is colorable, which for this Agreement[3] shall mean proving to the Bankruptcy Court by a preponderance of the evidence that it has a good faith basis to assert that "cause" exists for removal (such colorable claim, a "Permitted Action").
2. CLO Holdco and the Debtor agree that "cause" will have the meaning given to it in the relevant CLO Management Contract; provided, however, that none of the Debtor's bankruptcy, insolvency, ability to pay its debts when due, appointment of an independent board while in bankruptcy, or appointment of a receiver or trustee under the Plan, or removal of James Dondero or Mark Okada, will constitute "cause."
    a. CLO Holdco acknowledges that, at the time of this Agreement, it is not aware of any "cause" for the removal of the Debtor as manager under any applicable for cause CLO Management Contract.
    b. If CLO Holdco fails to satisfy its burden of proof and its request for relief is denied, CLO Holdco shall be responsible for the reasonable fees and expenses incurred by the Debtor litigating the issue of whether the claim for "cause" was colorable.
3. CLO Holdco shall not be responsible for costs or expenses incurred by the Debtor in responding to reasonable discovery requests or court-approved fact-finding inquiries, such as a 2004 examination, prior to any motion by CLO Holdco for relief to remove the Debtor as manager or servicer. The Debtor reserves all rights to challenge the reasonableness of CLO Holdco's requests and may seek relief in the Bankruptcy Court against CLO Holdco for unreasonable requests that cause the Debtor to incur more than $10,000 in legal fees responding to CLO Holdco's requests during any rolling 12-month period, and if the Bankruptcy Court determines that CLO Holdco's requests have been unreasonable CLO Holdco will reimburse the Debtor all fees and expenses incurred by the Debtor in excess of $10,000 in responding to such discovery requests.
4. If the bankruptcy court determines that CLO Holdco has a Permitted Action, then CLO Holdco may take all actions allowed under the CLO Indentures and/or CLO Management Contracts, if any, to direct the respective Issuer to remove the Debtor as manager or servicer; provided, however, that the Debtor reserves all rights related to any actions taken by CLO Holdco under the CLO Indentures, CLO Managements Contracts, or otherwise related to the removal or attempted removal of the Debtor as manager or servicer.

---

[3] "Agreement" when used herein means this Settlement Agreement.

       5. The Debtor and CLO Holdco reserve all rights related to any jurisdictional disputes that may arise during CLO Holdco's efforts to remove the Debtor as manager or servicer after obtaining relief from the bankruptcy court to pursue removal.

       6. The Debtor and CLO Holdco reserve all rights related to whether CLO Holdco is an "Affiliate" of the Debtor under the CLO Management Contracts.

  ii. The No Cause Contracts[4]

       1. The No Cause Contracts do not require preference shareholders to establish cause for the removal of the Debtor as manager or servicer of the applicable CLO. The Debtor and CLO Holdco agree that CLO Holdco shall not have to seek relief from the bankruptcy court before seeking to remove the Debtor as manager or servicer of the No Cause CLOs.

       2. The Debtor will further agree to a stipulation in the Plan Confirmation Order that expressly states that nothing in the Plan or Confirmation Order shall be interpreted in a manner to enjoin CLO Holdco or otherwise limit its rights to direct the Issuer to remove the Debtor as manager or servicer under any assumed CLO Management Contract, other than CLO Holdco's agreement to the Gatekeeper Provision as discussed above, which Gatekeeper Provision shall not apply to CLO Holdco's right to direct the Issuer to remove the Debtor as manager under the No Cause Contracts.

  iii. The Adversary Proceeding:

       1. The Debtor will dismiss the claims it asserted against CLO Holdco in the Adversary Proceeding with prejudice. CLO Holdco will provide the Debtor with a release of any claims that CLO Holdco could have brought against the Debtor in the adversary proceeding, including, without limitation, any claims relating to the Debtor's management of the CLOs up to the date of this Agreement.

  iv. The Plan Confirmation Objection:

       1. CLO Holdco will announce or otherwise stipulate that its Plan Confirmation Objection is resolved by this Agreement.

b. Plan Provisions

  i. Notwithstanding anything herein to the contrary, if the Plan is confirmed, CLO Holdco will be subject to and bound by the Plan in all respects, including, without limitation, with respect to the Gatekeeper Provision and that, except as expressly set forth herein, nothing in this Agreement will waive any rights or obligations under the Plan or otherwise limit the applicability of the Plan to CLO Holdco. For the avoidance of doubt, the Gatekeeper Provision in the confirmed Plan will not apply to CLO Holdco's right to direct the Issuer to remove the Debtor as manager under the No

---

[4] Liberty, Gleneagles, Highland Legacy, Jasper, Southfork, and Valhalla are collectively referred to as the "No Cause CLOs"

    Cause Contracts but will apply to any claims or causes of action brought by CLO Holdco against the Debtor under both the No Cause Contracts and the "for cause" CLO Management Contracts..
 c. Representations and Warranties
  i. CLO Holdco represents and warrants that it has full authority to enter into this Agreement and has not sold, transferred, or assigned any claims held by CLO Holdco that could have been asserted in the Adversary Proceeding to any other person or entity.
  ii. CLO Holdco represents and warrants that the removal or resignation of Grant Scott as Director or Trustee of CLO Holdco shall have no effect on the enforceability of this Agreement.
 d. Binding Nature of Agreement:
  i. CLO Holdco and the Debtor will be bound by the Agreement upon execution.
  ii. Each of the Debtor and CLO Holdco agree that they will file this Agreement with the Bankruptcy Court and, if required by the Bankruptcy Court, will cooperate to take any and all actions reasonably necessary to assist the Debtor in obtaining approval of the Agreement. This Agreement will be null and void if the Bankruptcy Court requires that the Debtor file a motion seeking approval of this Agreement and if, for any reason other than CLO Holdco's failure to take any and all actions necessary to assist the Debtor in obtaining approval of the Agreement, the Bankruptcy Court does not approve this Agreement.
  iii. This Agreement constitutes the entire agreement by and between the parties, and any other prior representations or agreements are deemed merged herein, and those not specified herein do not represent any agreements or promises or covenants or representations on the part of either party hereto.

CLO HOLDCO, LTD.

By: _____

Grant Scott, CLO Holdco, Ltd.

HIGHLAND CAPITAL MANAGEMENT, L.P.

By: _____

James P. Seery, Jr., Chief Executive Officer/Chief Restructuring Officer.