# EXHIBIT UUUUU



October 16, 2020

Mr. James Seery
Highland Capital Management, L.P.
300 Crescent Court, Suite 700
Dallas, TX 75201

Dear Jim:

We are writing to reiterate the concerns we have expressed about the scope and maintenance of quality of the services currently being provided by Highland Capital Management, L.P. ("HCMLP") to NexPoint Advisors, L.P. ("NexPoint") and Highland Capital Management Fund Advisors, L.P. ("HCMFA," and together with NexPoint, the "Advisors") under their respective shared services agreements (together, the "Shared Services Agreements" or "Agreements"). As you know, the Shared Services Agreements obligate HCMLP to provide a variety of investment, administrative, legal, and back-office services to the Advisors. These responsibilities on the part of HCMLP are critical to the Advisors' ability to provide top-notch advisory services to the mutual funds, closed-end funds, and other investment vehicles (collectively, the "Funds") with which they have advisory contracts.

In particular, the refusal by HCMLP to allow its employees to work on certain matters that jointly affect HCMLP and the Advisors has resulted in the Advisors incurring additional third-party costs and expenses to procure services that should rightfully be performed by HCMLP under the Shared Services Agreements. These third-party services, for which the Advisors are already compensating HCMLP under the Agreements, represent supplemental costs and expenses that the Advisors should not be obligated to pay.

Additionally, it is our understanding that all HCMLP employees will be given notice that their employment will be terminated effective as of December 31, 2020. If these employees are terminated, or are informed that they will be terminated and elect to resign, HCMLP will no longer be able to carry out its duties and obligations under the Agreements. We would thus like to request assurances from HCMLP that if elects to terminate its employees, it will work in good faith with the Advisors to put in place an orderly transition plan. Such a plan would provide for an effective transfer of services to the Advisors, seek to maximize employee retention, and permit the Advisors (or their affiliates) to hire any and all HCMLP employees, which would ensure the delivery of uninterrupted services previously provided by HCMLP under the Agreements.

Finally, we understand that HCMLP is contemplating the sale of certain assets held in several CLOs, the interests in which are also owned by the Advisors and/or the Funds advised by

308062413.3

NexPoint, HCMFA and/or their affiliates. The sale of such assets has the potential to negatively affect the valuation of the Funds. Specifically, a rush to sell these assets at fire sale prices could result in both the Funds and HCMLP not realizing their full value. Accordingly, we hereby request that no CLO assets be sold without prior notice to and prior consent from the Advisors.

We feel certain that our mutually shared goals are to minimize disruption and costs, to prevent the dislocation of services to the Advisors and the Funds, and to maximize returns for Funds and accounts advised by NexPoint, HCMFA, HCMLP, or any of their affiliates. We believe that through working cooperatively we can achieve these goals.

Thank you for your prompt attention to this matter.

Sincerely,

Dustin Norris

308062413.3