K&L GATES LLP
Artoush Varshosaz (TX Bar No. 24066234)
1717 Main Street, Suite 2800
Dallas, TX 75201
Telephone: (214) 939-5659
E-mail: artoush.varshosaz@klgates.com

A. Lee Hogewood, III (*pro hac vice*)
4350 Lassiter at North Hills Ave., Suite 300
Raleigh, NC 27609
Telephone: (919) 743-7306
E-mail: lee.hogewood@klgates.com

*Counsel for Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., Highland Income Fund, NexPoint Strategic Opportunities Fund, and NexPoint Capital, Inc.*

Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
MUNSCH HARDT KOPF & HARR, P.C.
3800 Ross Tower
500 N. Akard Street
Dallas, Texas 75202-2790
Telephone: (214) 855-7500
Facsimile: (214) 978-4375

*Counsel for Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., Highland Income Fund, NexPoint Strategic Opportunities Fund, and NexPoint Capital, Inc.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | ) | Case No. 19-34054 (SGJ11) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 21-03000 (SGJ11) |
| | ) | |
| HIGHLAND CAPITAL MANAGEMENT FUND ADVISORS, L.P., NEXPOINT ADVISORS, L.P., HIGHLAND INCOME FUND, NEXPOINT STRATEGIC OPPORTUNITIES FUND, NEXPOINT CAPITAL, INC., AND CLO HOLDCO, LTD, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendants Highland Capital Management Fund Advisors, L.P. and NexPoint Advisors, L.P. (together, the "Advisors"), and Highland Income Fund, NexPoint Strategic Opportunities Fund, and NexPoint Capital, Inc. (collectively, the "Funds," and together with the Advisors, the "Defendants"), by and through their undersigned counsel, and expressly reserving all rights under motions previously filed or to be filed with the Court, hereby answer the *Verified Original Complaint for Declaratory and Injunctive Relief* (the "Complaint"), brought by Plaintiff Highland Capital Management, L.P. ("Plaintiff" or "Debtor"), as follows:

### RESPONSE TO "PRELIMINARY STATEMENT"

1. The Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2. The Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3. The Defendants admit that Plaintiff is seeking damages and other types of relief. Defendants are without sufficient information to determine the truth or falsity of the remaining allegations contained in Paragraph 3 of the Complaint, and accordingly, deny those allegations. The Defendants expressly deny that the Plaintiff is entitled to the requested relief.

### RESPONSE TO "JURISDICTION AND VENUE"

4. The allegations contained in Paragraph 4 of the Complaint constitute conclusions of law that the Defendants not required to admit or deny. To the extent a response is required, they are denied. The Defendants do not consent to the Court's entry of a final order over any proceeding herein that is non-core.

5. If and only if the Court has subject matter jurisdiction, the Defendants admit that venue is proper in this judicial district.

6. The allegations contained in Paragraph 6 of the Complaint constitute conclusions of law that the Defendants not required to admit or deny. To the extent a response is required, they are denied.

### RESPONSE TO "THE PARTIES"

7. The Defendants admit that Plaintiff is a limited liability partnership formed under the laws of Delaware and that Plaintiff has a business address at 300 Crescent Court, Suite 700, Dallas, Texas 75201. Except as expressly admitted, Defendants deny the allegations in Paragraph 7 of the Complaint.

8. The Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. The Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10. The Defendants admit that Highland Income Fund is an investment fund, but otherwise deny the allegations contained in Paragraph 10 of the Complaint.

11. The Defendants admit that NexPoint Strategic Opportunities Fund is an investment fund, but otherwise deny the allegations contained in Paragraph 11 of the Complaint.

12. The Defendants admit that NexPoint Capital, Inc. is an investment fund, but otherwise deny the allegations contained in Paragraph 12 of the Complaint.

13. The Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 13 of the Complaint, and accordingly, deny those allegations. Defendants aver that this action was dismissed as to Defendant CLO Holdco and thus it is no longer a Defendant.

### RESPONSE TO "CASE BACKGROUND"

14. The Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15. The Defendants admit the allegations contained in Paragraph 15 of the Complaint.

16. The Defendants admit the allegations contained in Paragraph 16 of the Complaint.

17. The Defendants admit the allegations contained in Paragraph 17 of the Complaint.

18. The Defendants admit that the Plaintiff filed its *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* on November 24, 2020. The remaining allegations contained in Paragraph 18 of the Complaint constitute conclusions of law that the Defendants not required to admit or deny. To the extent a response is required, they are denied.

### RESPONSE TO "STATEMENT OF FACTS"

19. The Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. The Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21. The Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22. The Defendants admit the allegations contained in Paragraph 22 of the Complaint.

23. With respect to the allegations in Paragraph 23 of the Complaint, the referenced documents speak for themselves, while the Defendants deny the last sentence of said paragraph.

24. The Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 24 of the Complaint, and accordingly, deny those allegations.

25. The Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 25 of the Complaint, and accordingly, deny those allegations.

26. The Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 26 of the Complaint, and accordingly, deny those allegations.

27. The allegations contained in Paragraph 27 of the Complaint constitute conclusions of law that the Defendants not required to admit or deny. To the extent a response is required, they are denied.

28. The Defendants admit the allegations contained in Paragraph 28 of the Complaint.

29. The Defendants admit the allegations contained in Paragraph 29 of the Complaint.

30. The Defendants admit the allegations contained in Paragraph 30 of the Complaint.

31. The Defendants admit the allegations contained in Paragraph 31 of the Complaint.

32. The Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. The allegations contained in Paragraph 33 of the Complaint constitute conclusions of law that the Defendants not required to admit or deny. To the extent a response is required, they are denied.

34. With respect to the allegations contained in Paragraph 34 of the Complaint, the referenced document speaks for itself.

35. The Defendants deny the allegations contained in the first sentence of Paragraph 35 of the Complaint. The allegations contained in the second sentence of Paragraph 35 of the Complaint constitute conclusions of law that the Defendants not required to admit or deny. To the extent a response is required, they are denied.

36. The Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. The Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. The Defendants admit that on December 22, 2020, their counsel sent a letter to counsel for the Debtor requesting that the Debtor refrain from selling CLO interests until the confirmation hearing. Except as expressly admitted, the allegations contained in Paragraph 38 of the Complaint are denied. The Defendants expressly deny that the December 22, 2020 letter caused any harm to the Plaintiff for which the Defendants are responsible.

39. The Defendants admit that their counsel's December 22, 2020 letter was not withdrawn as demanded. The Defendants deny that their counsel failed to respond to Debtor's

counsel's December 24, 2020 letter by the December 28, 2020 deadline. Except as stated, Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. The Defendants admit that on December 23, 2020, their counsel sent a letter to counsel for the Debtor in which the Defendants' counsel notified counsel for the Debtor that the Defendants intended to initiate the process for removing the Debtor as the portfolio manager of the CLOs, subject to the provisions of the United States Bankruptcy Code, including the automatic stay. Except as expressly admitted, the allegations contained in Paragraph 40 of the Complaint are denied. The Defendants expressly deny that the December 23, 2020 letter caused any harm to the Plaintiff for which the Defendants are responsible.

41. The Defendants admit that their counsel's December 23, 2020 letter was not withdrawn as demanded. The Defendants deny that their counsel failed to respond to Debtor's counsel's December 24, 2020 letter by the December 29, 2020 deadline. Except as stated, the Defendant's deny the allegations contained in Paragraph 41 of the Complaint.

42. The Defendants deny the allegation contained in Paragraph 42 of the Complaint that Mr. Dondero owns and/or effectively controls the Defendants. As to the remaining allegations in Paragraph 42 of the Complaint, the Defendants are without sufficient information to determine their truth or falsity, and accordingly, deny those allegations.

43. The Defendants admit that Debtor's counsel requested that the Defendants bring a motion to terminate the CLO management agreements on or about December 30, 2020, and that Defendants did not commit to bring such a motion. As to the remaining allegations in Paragraph 43 of the Complaint, the Defendants are without sufficient information to determine their truth or falsity, and accordingly, deny those allegations.

44. The Defendants admit that on December 31, 2020, their counsel sent a letter to Debtor's counsel, which letter speaks for itself. Except as expressly admitted, the Defendants deny the allegations contained in Paragraph 44 of the Complaint. The Defendants expressly deny that the December 31, 2020 letter caused any harm to the Plaintiff for which the Defendants are responsible.

45. The Defendants admit that on January 4, 2021, the Debtor's counsel responded to the December 31, 2020 letter. Except as expressly admitted, the Defendants deny the allegations contained in Paragraph 45 of the Complaint. The Defendants expressly deny the allegation that they made any frivolous claims or threats and aver that they raised legitimate legal issues under Section 1129 of the bankruptcy code in the context of their objections to confirmation of the Debtor's plan.

46. The Defendants deny the allegations contained in Paragraph 46 of the Complaint.

### RESPONSE TO "FIRST CLAIM FOR RELIEF"
**(FOR DECLARATORY RELIEF: 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 7001)**

47. In response to the allegations of Paragraph 47 of the Complaint, the Defendants incorporate by reference their responses contained in Paragraphs 1 through 46 above as if fully set forth herein.

48. The allegations contained in Paragraph 48 of the Complaint constitute conclusions of law that the Defendants not required to admit or deny. To the extent a response is required, the Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. The allegations contained in Paragraph 49 of the Complaint constitute conclusions of law that the Defendants are not required to admit or deny. To the extent a response is required, the Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. The Defendants admit that Plaintiff is seeking declaratory relief. Except as expressly admitted, the allegations contained in Paragraph 50 of the Complaint and its subparts are denied. The Defendants expressly deny that the Plaintiff is entitled to relief.

### RESPONSE TO "SECOND CLAIM FOR RELIEF"
### (VIOLATION OF THE AUTOMATIC STAY UNDER 11 U.SC. § 362(a))

51. In response to the allegations of Paragraph 51 of the Complaint, the Defendants incorporate by reference their responses contained in Paragraphs 1 through 50 above as if fully set forth herein.

52. The allegations contained in Paragraph 52 of the Complaint constitute conclusions of law that the Defendants are not required to admit or deny. To the extent a response is required, the Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. The Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. The allegations contained in Paragraph 54 of the Complaint constitute conclusions of law that the Defendants are not required to admit or deny. To the extent a response is required, the Defendants deny the allegations contained in Paragraph 54 of the Complaint. The Defendants deny the Debtor suffered any harm for which the recovery of any damages is appropriate.

### RESPONSE TO "THIRD CLAIM FOR RELIEF"
### (TORTIOUS INTERFERENCE WITH CONTRACT)

55. In response to the allegations of Paragraph 55 of the Complaint, the Defendants incorporate by reference their responses contained in Paragraphs 1 through 54 above as if fully set forth herein.

56. The Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. The Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 57 of the Complaint, and accordingly, deny those allegations.

58. The Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. The Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. The Defendants deny the allegations contained in Paragraph 60 of the Complaint.

**RESPONSE TO "FOURTH CLAIM FOR RELIEF"**
**(FOR INJUNCTIVE RELIEF: 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 7065)**

61. In response to the allegations of Paragraph 61 of the Complaint, the Defendants incorporate by reference their responses contained in Paragraphs 1 through 60 above as if fully set forth herein.

62. The Defendants admit that Plaintiff is seeking a preliminary and permanent injunction. Except as expressly admitted, the Defendants deny the allegations contained in Paragraph 62 of the Complaint. The Defendants expressly deny that the Plaintiff is entitled to the requested relief.

63. The allegations contained in Paragraph 63 of the Complaint constitute conclusions of law that the Defendants are not required to admit or deny. To the extent a response is required, the Defendants admit that the quoted language is contained in Bankruptcy Code Section 105(a).

64. The allegations contained in Paragraph 64 of the Complaint constitute conclusions of law that the Defendants are not required to admit or deny. To the extent a response is required, Defendants admit that Bankruptcy Rule 7065 incorporates Rule 65 of the Federal Rules of Civil Procedure, with certain exception.

65. The Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66. The Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. The Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. The Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69. The Defendants admit that Plaintiff is requesting a preliminary and permanent injunction. Except as expressly admitted, the Defendants deny the allegations contained in Paragraph 69 of the Complaint. The Defendants expressly deny that the Plaintiff is entitled to relief.

### RESPONSE TO "PRAYER"

The Defendants deny that they are responsible for any of the damages or relief requested in the Plaintiff's Prayer, and deny that Plaintiff is entitled to relief. The Defendants specifically deny the allegations contained in subpart (a) of the Prayer.

### FIRST AFFIRMATIVE DEFENSE

The Defendants move, pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, such Rule having been made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure, to dismiss the Complaint on the ground that the Complaint fails to state a claim upon which relief can be granted. In support, the Defendants refer to and incorporate by reference their *Motion to Dismiss Plaintiff's Complaint* [Docket No. 43] and the *Defendants' Reply to Debtor's Opposition to Motion to Dismiss Complaint* [Docket No. 85].

### SECOND AFFIRMATIVE DEFENSE

The Defendants deny each and every allegation of the Complaint that is not specifically admitted.

### THIRD AFFIRMATIVE DEFENSE (SECOND CLAIM FOR RELIEF)

The letters dated as of December 22, 23 and 31 complained of in the Complaint were sent by Defendants' counsel directly to counsel for the Debtor.  Correspondence between counsel cannot form the basis for a violation of the automatic stay.  Moreover, the letters explicitly acknowledged the requirements of the Bankruptcy Code and the automatic stay and stated that Defendants would act in accordance with the same.  Furthermore, said letters are entitled to absolute litigation privilege and immunity as a communication from counsel preliminary to, or during the course of, litigation.

### FOURTH AFFIRMATIVE DEFENSE (THIRD CLAIM FOR RELIEF)

The Plaintiff's Fourth Claim for Relief for tortious interference with contract must fail because there was no breach of contract or allegation that any contract has been breached.  Under New York law, which governs the CLO management contracts, a cause of action for tortious interference with contract requires that there be an actual breach of contract.  Furthermore, in the event of any alleged interference, the Defendants' actions arose out of necessity to protect themselves from potential action and liability.

### FIFTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the Complaint because the claims for relief are not ripe, and thus, no justiciable controversy exists.  The Complaint is based upon contemplative future conduct that is speculative at best.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's causes of action and requests for relief are moot or equitably moot, and the Complaint should be dismissed on that basis.

## SEVENTH AFFIRMATIVE DEFENSE

The Defendants reserve the right to amend this Answer and assert additional affirmative defenses.

WHEREFORE, having fully answered the Complaint as set forth herein, the Defendants pray that the Complaint be dismissed, and pray for such other relief as the Court deems just and proper.

Dated: April 28, 2021

**K&L GATES LLP**

*/s/ A. Lee Hogewood, III*
A. Lee Hogewood, III (*pro hac vice*)
4350 Lassiter at North Hills Ave., Suite 300
Raleigh, NC 27609
Telephone: (919) 743-7306
E-mail: lee.hogewood@klgates.com

Artoush Varshosaz (TX Bar No. 24066234)
1717 Main Street, Suite 2800
Dallas, TX 75201
Telephone: (214) 939-5659
E-mail: artoush.varshosaz@klgates.com

- and -

**MUNSCH HARDT KOPF & HARR, P.C.**

Davor Rukavina
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
3800 Ross Tower
500 N. Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
E-mail: drukavina@munsch.com

*Counsel for Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., Highland Income Fund, NexPoint Strategic Opportunities Fund, and NexPoint Capital, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 28, 2021, I caused the foregoing document to be served via electronic email through the Court's CM/ECF system to the parties that have requested or consented to such service.

                                                       */s/  A. Lee Hogewood, III*
                                                       A. Lee Hogewood, III