**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz (CA Bar No.143717)
(*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084)
(*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397)
(*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992)
(*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569)
(*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

**MUNSCH HARDT KOPF & HARR, P.C.**
Davor Rukavina
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
3800 Ross Tower
500 N. Akard Street
Dallas, Texas  75201-6659
Telephone: (214) 855-7500
Facsimile:  (214) 855-7584
E-mail: drukavina@munsch.com

*Counsel for Highland Capital Management Fund Advisors, L.P.*

**HAYWARD PLLC**
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**K&L GATES LLP**
A. Lee Hogewood, III
4350 Lassiter at North Hills Ave.
Suite 300
Raleigh, NC 27609
Telephone: (919) 743-7306

Artoush Varshosaz (TX Bar No. 24066234)
1717 Main Street, Suite 2800
Dallas, TX 75201
Telephone: (214) 939-5659

*Counsel for Highland Income Fund, Nexpoint Strategic Opportunities Fund, Highland Global Allocation Fund, and Nexpoint Capital, Inc.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | Adversary Proceeding No. |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725).  The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

|  |  |
|---|---|
| ------------------------------------------------------------ | § No. 21-03000-sgj |
| Plaintiff, | § |
|  | § |
| vs. | § |
|  | § |
| HIGHLAND CAPITAL MANAGEMENT FUND | § |
| ADVISORS, L.P., NEXPOINT ADVISORS, L.P., | § |
| HIGHLAND INCOME FUND, NEXPOINT | § |
| STRATEGIC OPPORTUNITIES FUND, | § |
| NEXPOINT CAPITAL, INC., AND CLO | § |
| HOLDCO, LTD., | § |
| Defendants. | § |
| ------------------------------------------------------------ |  |

## STIPULATION CONVERTING TRIAL DATES TO STATUS CONFERENCE

This stipulation (the "Stipulation") is made and entered into by and between Highland Capital Management, L.P., as debtor-in-possession (the "Debtor"), on the one hand, and Highland Capital Management Fund Advisors, L.P. ("HCMFA"), NexPoint Advisors, L.P.  ("NPA", and together with HCMFA, the "Advisors"), Highland Income Fund ("HIF"), NexPoint Strategic Opportunities Fund ("NSOF"), and NexPoint Capital, Inc. ("NCI", and together with HIF and NSOF, the "Funds," and together with the Advisors, the "Defendants," and the Defendants and the Debtor together, the "Parties"), on the other hand, by and through their respective undersigned counsel.

## RECITALS

WHEREAS, on October 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court");

WHEREAS, on December 4, 2019, the Delaware Court entered an order transferring venue of the Debtor's bankruptcy case (the "Bankruptcy Case") to this Court [Docket No. 186];

2

WHEREAS, on January 6, 2021, the Debtor commenced an adversary proceeding (the "Adversary Proceeding") against Defendants by filing its complaint (the "Complaint") [Docket No. 1][2] (the "Complaint");

WHEREAS, on January 8, 2021, the Court issued its *Order Regarding Adversary Proceedings Trial Setting and Alternative Scheduling Order* [Docket No. 12] (the "Alternative Scheduling Order");

WHEREAS, on January 13, 2021, the Court entered that certain *Agreed Order Granting Defendant's Motion for a Temporary Restraining Order Against Certain Entities Owned and/or Controlled by Mr. James Dondero* [Docket No. 20] (the "Consensual TRO");

WHEREAS, on January 24, 2021, the Advisors and Funds moved to dismiss the Complaint [Docket No. 43] (the "Motion to Dismiss");

WHEREAS, on January 26, 2021, the Debtor and CLO Holdco, Ltd. filed that certain *Notice of Settlement* pursuant to which the Debtor and CLO Holdco, Ltd. resolved their disputes and CLO Holdco, Ltd. was dismissed from this Adversary Proceeding [Docket No. 50];

WHEREAS, on January 26, 2021, the Court held an evidentiary hearing on the Debtor's motion for a preliminary injunction (the "Preliminary Injunction Hearing"), and such hearing has been continued;

WHEREAS, on February 10, 2021, the Court entered that certain *Agreed Order Extending Temporary Restraining Order* [Docket No. 64], pursuant to which the Consensual TRO was extended;

WHEREAS, on February 24, 2021, the Court entered that certain *Agreed Order Further Extending Temporary Restraining Order* [Docket No. 76], pursuant to which the Consensual TRO

---

[2] Refers to the docket number maintained in the above-captioned Adversary Proceeding.

was further extended;

WHEREAS, on March 1, 2021, the Debtor filed its opposition to the Motion to Dismiss and a memorandum of law in support thereof [Docket Nos. 79, 80] (the "Debtor's Opposition");

WHEREAS, on March 17, 2021, the Defendants filed their reply to the Debtor's Opposition [Docket No. 85];

WHEREAS, on April 21, 2021, the Parties entered into that certain *Stipulation Regarding Agreed (I) Scheduling Order and (II) Order Further Extending Temporary Restraining Order* [Docket No. 91] (the "Scheduling Stipulation") pursuant to which, among other things, the Parties agreed to: (a) dispense with the completion of the Preliminary Injunction Hearing and move to the trial on the merits, (b) hold a single trial on all of the Debtor's claims asserted in this Adversary Proceeding, including the claim for a permanent injunction, (c) entered into a schedule set forth therein, and (d) continued the Consensual TRO until the Court enters an order determining the Debtor's claim for permanent injunctive relief against the Defendants;

WHEREAS, subject to Court approval and the execution of definitive documentation, the Parties have reached agreements in principle to resolve the disputes subject to the Adversary Proceeding and seek to conserve resources and use the time before the currently scheduled trial dates of July 13 and 14 to draft and execute settlement documents and other documents in support thereof that will resolve this Adversary Proceeding;

NOW, THEREFORE, it is hereby stipulated and agreed, and upon approval of this Stipulation by the Court, it shall be SO ORDERED:

1. Subject to the execution of definitive documentation and this Court's approval, the Debtor and the Funds have reached a settlement in principle to resolve this Adversary Proceeding

pursuant to the terms of the Term Sheet attached hereto as **Exhibit A** (the "Funds' Proposed Settlement").

2. Subject to the execution of definitive documentation and this Court's approval, the Debtor and the Advisors have reached a settlement in principle to resolve this Adversary Proceeding pursuant to the following terms: (1) the Advisors will stipulate and agree that each of them (a) is controlled by James Dondero, and (b) is a "Related Entity" (as that term is defined in section I.D(ii) of Exhibit D to the *Preliminary Term Sheet* (filed at Docket No. 354-1)) for purposes of paragraph 9 of the January 9, 2020 Order [Bankr. Docket No. 339]); and (2) the Adversary Proceeding will be dismissed with prejudice as against each of the Advisors, with all parties bearing their own costs (the "Advisors' Proposed Settlement", and together with the Funds' Proposed Settlement, the "Proposed Settlement").

3. Pursuant to the Scheduling Stipulation, on July 13 and July 14, 2021 (the "Trial Dates") the Parties were to present oral arguments on the Motion to Dismiss and to have a trial on the merits of the claims and defenses asserted in this Adversary proceeding.

4. In order to conserve the Parties' and the Court's resources, and to provide sufficient time to enable the Parties to draft and execute definitive documentation effectuating the Proposed Settlement, (a) the Trial Dates shall be adjourned, and (b) the Parties shall appear for a Status Conference before the Court (via Webex) on July 13, 2021, at 9:30 a.m. Central Time.

5. The Court shall retain jurisdiction over all disputes arising out of or otherwise concerning the interpretation and enforcement of this Stipulation.

[*Remainder of Page Intentionally Blank*]

Dated: June 29, 2021.

        **MUNSCH HARDT KOPF & HARR, P.C.**

        */s/ Davor Rukavina*
        Davor Rukavina
        Texas Bar No. 24030781
        Julian P. Vasek, Esq.
        Texas Bar No. 24070790
        3800 Ross Tower
        500 N. Akard Street
        Dallas, Texas 75201-6659
        Telephone: (214) 855-7500
        Facsimile: (214) 855-7584
        E-mail: drukavina@munsch.com

        *Counsel for NexPoint Advisors, L.P.*

        **K&L GATES LLP**

        */s/ A. Lee Hogewood III*
        A. Lee Hogewood III (w/ permission)
        4350 Lassiter at North Hills Ave.
        Suite 300
        Raleigh, NC 27609
        Telephone: (919) 743-7306

        Artoush Varshosaz (TX Bar No. 24066234)
        1717 Main Street, Suite 2800
        Dallas, TX 75201
        Telephone: (214) 939-5659

        *Counsel for Highland Income Fund, Nexpoint Strategic Opportunities Fund, Highland Global Allocation Fund, and Nexpoint Capital, Inc.*

        **- and -**

        **PACHULSKI STANG ZIEHL & JONES LLP**

        Jeffrey N. Pomerantz (CA Bar No. 143717)
        Ira D. Kharasch (CA Bar No. 109084)
        John A. Morris (NY Bar No. 266326)
        Gregory V. Demo (NY Bar No. 5371992)
        Hayley R. Winograd (NY Bar No. 5612569) 10100
        Santa Monica Blvd., 13th Floor
        Los Angeles, CA 90067

Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
E-mail: jpomerantz@pszjlaw.com
ikharasch@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
hwinograd@pszjlaw.com

- and -

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile:  (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

# EXHIBIT A

## SETTLEMENT TERM SHEET BETWEEN

1. Highland Capital Management, L.P. (the "Debtor"), on the one hand, and
2. Highland Income Fund ("HIF"), NexPoint Strategic Opportunities Fund ("NSOF"), and NexPoint Capital, Inc. ("NCI" and together with HIF and NSOF, the "Funds"), on the other hand.

- The adversary proceeding captioned *Highland Capital Management, L.P. v. Highland Capital Management Fund Advisors*, et al - 21-03000-sgj (the "Adversary Proceeding") will be dismissed with prejudice, with each party to bear their respective costs.
- The Defendants agree that no action will be taken to terminate any portfolio management or servicing agreement where termination is permissible on a "no cause" basis for a period of 12 months beginning June 1, 2021 and ending May 31, 2022.
- The Defendants agree that no action will be taken to terminate any portfolio management or servicing agreement where termination is only permitted on a "for cause" basis, except that any Defendant may seek removal by moving for a determination from the Bankruptcy Court that such claim "for cause" is colorable (which means proving to the Bankruptcy Court by a preponderance of the evidence that it has a good faith basis to assert that "cause" exists for removal) for a period that ends on the later of (i) May 31, 2022 or (ii) a decision by the Fifth Circuit Court of Appeals reversing the confirmation order, confirming of the Debtor's Plan of Reorganization, or otherwise eliminating the Gatekeeper provision from the Plan.
- This Settlement is without prejudice to the parties' respective positions in connection with all pending appeals arising out of the Bankruptcy Case and each party hereby reserves any and all rights, positions, arguments, claims and defenses in connection with all such appeals, including without limitation, the Defendants' respective appeals of the Confirmation Order and requests for stay pending appeal of the Confirmation Order.
- To the best of their knowledge after due inquiry, including inquiring of their financial advisors, Highland Capital Management Fund Advisors, L.P. and NexPoint Advisors, L.P., the Defendant Funds represent and warrant (i) their ownership interests in any CLO managed by the Debtor as of December 1, 2020, (ii) that they have not sold, transferred, participated, or assigned any ownership interest in any Debtor-managed CLO since December 1, 2020, and (iii) that their respective percentage ownership interests in the Debtor-managed CLOs remain as stated above on the date of the execution of this Agreement.
- The Defendant Funds represent and agree that they will not transfer any interest in any Debtor-managed CLO to any current or former Debtor employee or any entity in which any current or former Debtor employee has any direct or indirect interest whatsoever, including, without limitation, (i) a direct or indirect ownership interest (regardless of

whether such interest is passive, provides a control right, or is de minimis), (ii) board seat or management position (regardless of whether such board seat or management position is at the entity, a direct or indirect parent of the entity, or a beneficial owner of such entity), and (iii) any other interest that confers upon such current or former Debtor employee any right to control or the ability to influence management of such entity.  For the avoidance of doubt, the foregoing includes the Charitable Donor Advised Fund, L.P. and any of its direct and indirect parents and subsidiaries, including CLO Holdco, Ltd.,